IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RED REEF ALTERNATIVE INVESTMENTS, LLC, | ) | Case No. 20-12601 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| EMERGENT CAPITAL, INC., | ) | Case No. 20-12602 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**DEBTORS' MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES FOR PROCEDURAL PURPOSES ONLY**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"),[1] hereby move (the "Motion") the Court for the entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware ("Local Rules"), authorizing and directing the joint administration of the Debtors' related chapter 11 cases for procedural purposes only. In support of this Motion, the Debtors state as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of*

---

[1] The last four digits of each Debtor's taxpayer identification number are: Red Reef Alternative Investments, LLC (0302) and Emergent Capital, Inc. (3473). The location of the Debtors' service address for purposes of these cases is 1200 North Federal Highway, Suite 200, Boca Raton, FL 33432.

*Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 1015(b), and Local Rule 1015-1.

## BACKGROUND

4. The factual background regarding the Debtors, including their current and historical business operations and the events precipitating the chapter 11 filing, is set forth in detail in the *Declaration of Miriam Martinez, Chief Financial Officer, in Support of Debtors' Bankruptcy Petitions and First Day Relief* (the "First Day Declaration") filed concurrently herewith and incorporated herein by reference.[2]

## RELIEF REQUESTED

5. By this Motion, the Debtors seek entry of an order directing the joint administration of their chapter 11 cases and the consolidation thereof for procedural purposes only. The Debtors also request that the caption of their chapter 11 cases be modified to reflect their joint administration as follows:

---

[2] Capitalized term used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| RED REEF ALTERNATIVE INVESTMENTS, LLC and EMERGENT CAPITAL, INC.,[1] | ) Case No. 20-_____ (___) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |

[1] The last four digits of each Debtor's taxpayer identification number are: Red Reef Alternative Investments, LLC (0302) and Emergent Capital, Inc. (3473). The location of the Debtors' service address for purposes of these cases is 1200 North Federal Highway, Suite 200, Boca Raton, FL 33432.

6. In addition, the Debtors request that the Court direct the Clerk of this Court (the "Clerk") to make a notation substantially similar to the following on the docket of Red Reef Alternative Investments, LLC:

> An order (the "Joint Administration Order") has been entered in this case directing the joint administration of this chapter 11 case with Case No. 20-_____ (___) for procedural purposes only. The docket in Emergent Capital, Inc.'s Case No. 20-_____ (___) should be consulted for all matters affecting this case.

7. Finally, the Debtors request that the Court permit use of a combined service list and correspondingly combined notices.

**BASIS FOR RELIEF**

8. Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, joint administration is permissible. *See* Fed. R. Bankr. P. 1015(b). Additionally, Rule 1015-1 of the Local Rules permits entry of such an order without notice or a hearing so long as the Debtors demonstrate that such treatment is warranted.

9. Joint administration is warranted in these chapter 11 cases because (a) the Debtors are affiliates of each other and (b) such administration will ease the administrative burden on the Court and other parties. The Debtors are under common ownership and management. They also share certain creditors and parties in interest. As a result, joint administration will prevent duplicative efforts and unnecessary expenses, without any risk of prejudice.

10. Joint administration is generally non-controversial, and courts in this district routinely order joint administration in cases with multiple related debtors. *See, e.g.*, *In re Charming Charlie Holdings Inc.*, No. 17-12906 (CSS) (Bankr. D. Del. Dec. 13, 2017) (directing joint administration of chapter 11 cases); *In re GST AutoLeather, Inc.*, No. 17-12100 (LSS) (Bankr. D. Del. Oct. 4, 2017) (same); *In re True Religion Apparel, Inc.*, No. 17-11460 (CSS) (Bankr. D. Del. July 6, 2017) (same); *In re Wet Seal, LLC (2017)*, No. 17-10229 (CSS) (Bankr. D. Del. Feb. 3, 2017) (same).[3]

11. The Debtors anticipate that various notices, applications, motions, other pleadings, hearings, and orders in these cases will affect both of the Debtors. The failure to administer these cases jointly would result in numerous duplicative pleadings filed for each issue and potentially served upon separate service lists. Such duplication of substantially identical documents would be wasteful and would unnecessarily overburden the Clerk with the volume of paper.

---

[3] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

12. Joint administration will permit the Clerk to use a single general docket for both of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates. Joint administration also will protect parties in interest by ensuring that such parties in interest in each of the Debtors' respective chapter 11 cases will be apprised of the various matters before the Court in all of these cases.

13. The Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be in the form set forth in this Motion.

14. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights, nor shall such relief be deemed or construed as directing or otherwise effecting a substantive consolidation of the Debtors. Each creditor and party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right. Indeed, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration. The Court also will be relieved of the burden of entering duplicative orders and keeping duplicative files. Supervision of the administrative aspects of these chapter 11 cases by the Office of the United States Trustee also will be simplified.

**NO PREVIOUS REQUEST**

15. No previous motion or application for the relief sought herein has been made to this or any other court.

## NOTICE

16. Notice of this Motion shall be provided to the following parties, or their counsel, if known: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Office of the United States Attorney; (iii) the Debtors' twenty largest unsecured creditors; (iv) counsel to the supporting senior secured noteholders; (v) counsel to the supporting convertible unsecured noteholders; and (vi) counsel to the indenture trustees. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors respectfully request that the Court enter an order: (a) authorizing the joint administration of the Debtors' cases for procedural purposes only, (b) directing the Clerk to make the docket entries set forth herein, and (c) granting such other and further relief as is proper.

Dated: October 15, 2020

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
Richard M. Pachulski (CA Bar No. 62337)
Maxim B. Litvak (CA Bar No. 215852)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail: rpachulski@pszjlaw.com
mlitvak@pszjlaw.com
crobinson@pszjlaw.com

Proposed Counsel for the Debtors
and Debtors in Possession