# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RED REEF ALTERNATIVE INVESTMENTS, LLC and EMERGENT CAPITAL, INC.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-12602 (___)<br><br>Joint Administration Requested |

**DEBTOR EMERGENT CAPITAL INC.'S MOTION FOR ORDER AUTHORIZING CONTINUED MAINTENANCE OF EXISTING DEPOSIT ACCOUNT AND GRANTING RELATED RELIEF**

Emergent Capital, Inc. (the "Debtor"), one of the above-captioned debtors and debtors in possession, files this motion (the "Motion") for the entry of an order authorizing the Debtor to maintain its existing deposit account and granting related relief. In support of the Motion, the Debtor respectfully represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtor confirms its consent pursuant to Local Rule 9013-l(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final

---

[1] The last four digits of each Debtor's taxpayer identification number are: Red Reef Alternative Investments, LLC (0302) and Emergent Capital, Inc. (3473). The location of the Debtors' service address for purposes of these cases is 1200 North Federal Highway, Suite 200, Boca Raton, FL 33432.

orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief sought in this Motion are sections 105, 345, 363, 503, 1107, and 1108 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2015-2 and 4001-3 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

**A.     Case Background**

4. On the date hereof (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The has continued in the possession of its property and has continued to operate and manage its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtor's chapter 11 case.

5. The factual background regarding the Debtor, including its current and historical business operations and the events precipitating the chapter 11 filing, is set forth in detail in the *Declaration of Miriam Martinez, Chief Financial Officer, in Support of Bankruptcy Petitions and First Day Relief*, filed concurrently herewith (the "Declaration") and incorporated herein by reference.[2]

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Declaration.

2

**B.     Existing Deposit Account**

6.     As of the Petition Date, the Debtor maintained one (1) deposit account (ending -7801) (the "Account") at First National Bank of Central Texas ("First National Bank"). First National Bank is party to a Uniform Depository Agreement in a form prescribed by the Office of the United States Trustee.

7.     The Account is subject to a control agreement in favor of the indenture trustee for the Senior Notes. The Account holds approximately $12.7 million, which originated from the proceeds of a litigation settlement. The Debtor does not expect to collect any funds in the Account on a postpetition basis, other than accruing interest on a monthly basis.

8.     The Debtor will not use any funds in the Account during the course of this case and outside of a confirmed plan, except to the extent that First National Bank applies amounts in the Account to satisfy outstanding bank charges and fees. The Debtor has no employees and its ordinary course obligations are funded through non-debtor Imperial Finance & Trading, LLC ("Imperial Finance"), a direct subsidiary of the Debtor. Imperial Finance will continue to pay the Debtors' administrative obligations during this case. In the interests of efficiency and given the controlled status of the Account, the Debtor proposes to maintain the Account during the course of this case, rather than opening a new debtor-in-possession account.

## RELIEF REQUESTED

9.     By this Motion, the Debtor seeks authority to maintain its existing Account and the related relief set forth herein.

3

**BASIS FOR RELIEF**

A. **The Court Should Authorize the Debtor to Maintain its Existing Account**

10. The United States Trustee for the District of Delaware has established certain operating guidelines (the "UST Guidelines") for debtors in possession. One such provision requires chapter 11 debtors in possession to close all existing bank accounts and open new bank accounts. The guidelines also require that debtors maintain new bank accounts in certain financial institutions designated as authorized depositories by the United States Trustee. This requirement, designed to provide a clear line of demarcation between prepetition and postpetition claims and payments, helps protect against the inadvertent payment of prepetition claims by preventing banks from honoring checks drawn before the Petition Date.

11. The Debtor seeks a waiver of the United States Trustee's requirement for the closure of the Account and opening of a new postpetition bank account at depositories authorized by the United States Trustee. There is no risk here of payment of prepetition claims out of the Account because the Debtor will not use its cash on a postpetition basis pending consummation of the Debtor's chapter 11 plan. Further, the Debtor is intent on exiting bankruptcy as soon as possible once its plan is confirmed. Hence, there is little purpose for the Debtor to close the Account and to open a new debtor-in-possession account.

12. Bankruptcy courts routinely grant chapter 11 debtors authority to continue utilizing existing cash management systems and treat requests for such authority as a relatively "simple matter." *In re Baldwin-United Corp.*, 79 B.R. 321, 327 (Bankr. S.D. Ohio 1987). This is particularly true where, as here, the chapter 11 cases involve affiliated entities with complex

4

financial affairs. In *In re Charter Co.*, 778 F.2d 617 (11th Cir. 1985), for example, the bankruptcy court entered an order authorizing the debtors and 43 of their subsidiaries "to continue to consolidate the management of their cash as has been usual and customary in the past, and to transfer monies from affiliated entity to entity, including operating entities that are not debtors." *Id*. at 620. The Eleventh Circuit Court of Appeals then affirmed a subsequent district court decision denying a creditor's motion for leave to appeal the bankruptcy court's cash management order, holding that authorizing the debtors to utilize their prepetition "routine cash management system" was "entirely consistent" with applicable provisions of the Bankruptcy Code. *Id*. at 621.

13. Likewise, in another context, the bankruptcy court in the *Columbia Gas* chapter 11 case explained that a centralized cash management system "allows efficient utilization of cash resources and recognizes the impracticability of maintaining separate cash accounts for the many different purposes that require cash." *In re Columbia Gas Sys., Inc.*, 136 B.R. 930, 934 (Bankr. D. Del. 1993), *aff'd in part*, *rev'd in part*, 997 F.2d 1039 (3d Cir. 1993), *cert. denied sub nom Official Comm. of Unsecured Creditors v. Columbia Gas Transmission Corp.*, 114 S. Ct. 1050 (1994). The Third Circuit agreed, emphasizing that a requirement to maintain all accounts separately "would be a huge administrative burden and economically inefficient." *Columbia Gas*, 997 F.2d at 1061. *See also In re Southmark Corp.*, 49 F.3d 111, 114 (5th Cir. 1995) (cash management system allows debtors "to administer more efficiently and effectively their financial operations and assets"); *In re UNR Indus., Inc.*, 46 B.R. 25, 27 (Bankr. N.D. Ill. 1984).

5

14. Further, section 363(c)(1) of the Bankruptcy Code authorizes the debtors in possession to "use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. § 363(c)(1). The purpose of section 363(c)(1) of the Bankruptcy Code is to provide a debtor in possession with the flexibility to engage in the ordinary transactions required to operate their business without undue oversight by creditors or the court. *Medical Malpractice Ins. Ass'n v. Hirsch (In re Lavigne)*, 114 F.3d 379, 384 (2d Cir. 1997). Included within the purview of section 363(c) is a debtors' ability to continue the "routine transactions" necessitated by a debtors' cash management system. *Amdura Nat'l Distrib. Co. v. Amdura Corp. (In re Amdura Corp.)*, 75 F.3d 1447, 1453 (10th Cir. 1996).

15. Accordingly, the Debtor seeks authority under section 363(c)(1) of the Bankruptcy Code to continue to hold its cash in the Account. Additionally, the Court may exercise its equitable powers to grant the relief requested herein. Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary to carry out the provisions of this title." 11 U.S.C. § 105(a). Allowing the Debtor to maintain the Account during this case makes sense given that the Debtor has a chapter 11 plan pending and will not use any of the cash in the Account pending consummation of such plan.

16. The Debtor respectfully submits that any benefits of its strict compliance with the UST Guidelines would be far outweighed by the resulting expense and inefficiency of creating a new account. Accordingly, the Debtor requests authority to maintain its existing Account during this chapter 11 case.

B.  **The Court Should Authorize the Payment of Outstanding Routine Prepetition Expenses Relating to the Account**

17. In the ordinary course of maintaining the Account, the Debtor incurs routine bank charges and fees relating to the administration of the Account. While it is difficult to readily determine the aggregate amount of unpaid prepetition account fees and charges as of the Petition Date, on average, the Debtor incurs no more than $3,000 in monthly fees and charges. The Debtor seeks authority for First National Bank to continue to apply amounts in the Account against any such routine and ordinary course prepetition fees and charges.

C.  **The Requirements of Section 345(b) of the Bankruptcy Code Have Been Satisfied**

18. Section 345(a) authorizes deposits or investments of money "as will yield the maximum reasonable net return on such money, taking into account the safety of such deposit or investment." Section 345(b) provides:

> Except with respect to a deposit or investment that is insured or guaranteed by the United States or by a department, agency, or instrumentality of the United States or backed by the full faith and credit of the United States, the trustee shall require from an entity with which such money is deposited or invested --
>
> 1)  a bond –
>
>   A.  in favor of the United States;
>
>   B.  secured by the undertaking of a corporate surety approved by the United States trustee for the district in which the case is pending; and
>
>   C.  conditioned on --
>
>     i)  a proper accounting of all money so deposited or invested and for any return on such money;
>
>     ii) prompt repayment of such money and return; and

7

                iii)      faithful performance of duties as a depository; or

      2)      the deposit of securities of the kind specified in section 9303 of title 31 unless the court for cause orders otherwise.

19. First National Bank is party to a Uniform Depository Agreement in a form prescribed by the Office of the United States Trustee. Therefore, the requirements of 11 U.S.C. § 345(b) have been satisfied.

**D.**    **Waiver of Bankruptcy Rules 6003 and 6004**

20. Pursuant to Bankruptcy Rule 6003(b), "a motion to pay all or part of a claim that arose before the filing of the petition" shall not be granted by the Court within 21 days of the Petition Date "[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm . . . ." Fed. R. Bankr. P. 6003(b). For the reasons described more fully above, and to the extent that the relief requested herein implicates Bankruptcy Rule 6003(b), the Debtor submits that the requirements of Bankruptcy Rule 6003 have been met and that the relief requested in this Motion is necessary to avoid immediate and irreparable harm. Specifically, the Debtor should be authorized to maintain the existing Account during the term of this case without interruption.

21. Finally, to implement the foregoing successfully, the Debtor seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h), to the extent these rules are applicable.

8

DOCS_SF:102786.3

**NOTICE**

22. Notice of this Motion shall be provided to the following parties, or their counsel, if known: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Office of the United States Attorney; (iii) the Debtor's twenty largest unsecured creditors; (iv) counsel to the supporting senior secured noteholders; (v) counsel to the supporting convertible unsecured noteholders; (vi) counsel to the indenture trustees; (vii) First National Bank; and (viii) all other known parties asserting a lien against the Debtor's assets. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

**CONCLUSION**

23. The Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein.

Dated: __October 15, 2020      PACHULSKI STANG ZIEHL & JONES LLP

 */s/ Colin R. Robinson*
Richard M. Pachulski (CA Bar No. 62337)
Maxim B. Litvak (CA Bar No. 215852)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box. 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail:   rpachulski@pszjlaw.com
          mlitvak@pszjlaw.com
          crobinson@pszjlaw.com

Proposed Counsel for the Debtors
and Debtors in Possession

# EXHIBIT A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RED REEF ALTERNATIVE INVESTMENTS, LLC and EMERGENT CAPITAL, INC.,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 20-12602 (___)<br>)<br>) Joint Administration Requested<br>) |

### ORDER AUTHORIZING CONTINUED MAINTENANCE OF EXISTING DEPOSIT ACCOUNT AND GRANTING RELATED RELIEF

Upon consideration of the *Debtor Emergent Capital, Inc.'s Motion of for Order Authorizing Continued Maintenance of Existing Deposit Account and Granting Related Relief* (the "Motion");[2] and this Court finding that (a) there is good and sufficient cause for the relief granted in this Order; (b) this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (c) this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and (d) due and adequate notice of the Motion was given under the circumstances; and after due deliberation and cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. The Debtor is authorized to: (a) designate and maintain, with the same account number, the Account in existence as of the Petition Date; and (b) treat the Account for all purposes as a debtor in possession account.

---

[1] The last four digits of each Debtor's taxpayer identification number are: Red Reef Alternative Investments, LLC (0302) and Emergent Capital, Inc. (3473). The location of the Debtors' service address for purposes of these cases is 1200 North Federal Highway, Suite 200, Boca Raton, FL 33432.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

DOCS_SF:102786.3

2

3.  First National Bank is authorized to continue to service and administer the Account as a debtor in possession account without interruption and in the usual and ordinary course of business; *provided*, *however*, that any check that the Debtor advises to have been drawn or issued by the Debtor before the Petition Date may be honored only if specifically authorized by order of this Court.

4.  Except as modified by this Order, the Debtor's existing agreements with First National Bank and with respect to the transfers to and from the Account shall continue to govern the postpetition cash management relationship between the Debtor and First National Bank. In the course of providing cash management services to the Debtor, First National Bank is authorized, without further order of this Court, to continue to deduct from the Account routine and ordinary course fees and expenses associated with the nature of the deposit and cash management services rendered to the Debtor, including those arising prior to the Petition Date.

5.  Within fifteen (15) days of the date of entry of this Order, the Debtor shall contact First National Bank, and provide it with the Debtor's employer identification number, and identify the Account held at such bank as being held by a debtor in possession in a bankruptcy case, and provide the case number.

6.  First National Bank is party to a Uniform Depository Agreement in a form prescribed by the Office of the United States Trustee and therefore the requirements of 11 U.S.C. § 345(b) have been satisfied.

DOCS_SF:102786.3

7. Nothing contained herein shall prevent the Debtor from closing the Account as it may deem necessary and appropriate, and the Debtor shall give notice of the closure of such Account to the U.S. Trustee.

8. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion.

9. Nothing herein shall, or is intended to, (i) create any rights in favor of or enhance the status of any claim held by any party; (ii) alter or impair any security interest or perfection thereof, in favor of any person or entity, that existed as of the Petition Date; or (iii) permit the Debtor to use the funds in the Account for any purpose other than as explicitly set forth in Paragraph 4 herein without further order from the Court.

10. The notice requirements under Bankruptcy Rule 6004(a) and the stay under Bankruptcy Rule 6004(h) are hereby waived, to the extent that they apply.

11. This Order shall be served promptly by the Debtor on First National Bank and all parties in interest who were served by the Motion and all other parties who file a request for notice under Bankruptcy Rule 2002.

12. This Court shall retain jurisdiction to hear and determine all matters arising from the enforcement, implementation, or interpretation of this Order.

Dated: _____, 2020

UNITED STATES BANKRUPTCY JUDGE

3

DOCS_SF:102786.3