# EXHIBIT 2

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| RED REEF ALTERNATIVE INVESTMENTS, LLC and EMERGENT CAPITAL, INC.,[1] | ) Case No. 20-12602 (BLS) |
| | ) |
| | ) Jointly Administered |
| Debtors. | ) **Ref. Docket No. 4** |
| | ) |

## ORDER AUTHORIZING CONTINUED MAINTENANCE OF EXISTING DEPOSIT ACCOUNT AND GRANTING RELATED RELIEF

Upon consideration of the *Debtor Emergent Capital, Inc.'s Motion of for Order Authorizing Continued Maintenance of Existing Deposit Account and Granting Related Relief* (the "Motion");[2] and this Court finding that (a) there is good and sufficient cause for the relief granted in this Order; (b) this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (c) this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and (d) due and adequate notice of the Motion was given under the circumstances; and after due deliberation and cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is **GRANTED** as set forth herein.

2.    The Debtor is authorized to: (a) designate and maintain, with the same account number, the Account in existence as of the Petition Date; and (b) treat the Account for all purposes as a debtor in possession account.

---

[1]  The last four digits of each Debtor's taxpayer identification number are:  Red Reef Alternative Investments, LLC (0302) and Emergent Capital, Inc. (3473).  The location of the Debtors' service address for purposes of these cases is 1200 North Federal Highway, Suite 200, Boca Raton, FL 33432.

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

3.     First National Bank is authorized to continue to service and administer the Account as a debtor in possession account without interruption and in the usual and ordinary course of business; *provided*, *however*, that any check that the Debtor advises to have been drawn or issued by the Debtor before the Petition Date may be honored only if specifically authorized by order of this Court.

4.     Except as modified by this Order, the Debtor's existing agreements with First National Bank and with respect to the transfers to and from the Account shall continue to govern the postpetition cash management relationship between the Debtor and First National Bank.  In the course of providing cash management services to the Debtor, First National Bank is authorized, without further order of this Court, to continue to deduct from the Account routine and ordinary course fees and expenses associated with the nature of the deposit and cash management services rendered to the Debtor, including those arising prior to the Petition Date.

5.     Within fifteen (15) days of the date of entry of this Order, the Debtor shall contact First National Bank, and provide it with the Debtor's employer identification number, and identify the Account held at such bank as being held by a debtor in possession in a bankruptcy case, and provide the case number.

6.     First National Bank is party to a Uniform Depository Agreement in a form prescribed by the Office of the United States Trustee and therefore the requirements of 11 U.S.C. § 345(b) have been satisfied.

7.      Nothing contained herein shall prevent the Debtor from closing the Account as it may deem necessary and appropriate, and the Debtor shall give notice of the closure of such Account to the U.S. Trustee.

8.      The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion.

9.      Nothing herein shall, or is intended to, (i) create any rights in favor of or enhance the status of any claim held by any party; (ii) alter or impair any security interest or perfection thereof, in favor of any person or entity, that existed as of the Petition Date; or (iii) permit the Debtor to use the funds in the Account for any purpose other than as explicitly set forth in Paragraph 4 herein without further order from the Court.

10.      The notice requirements under Bankruptcy Rule 6004(a) and the stay under Bankruptcy Rule 6004(h) are hereby waived, to the extent that they apply.

11.      This Order shall be served promptly by the Debtor on First National Bank and all parties in interest who were served by the Motion and all other parties who file a request for notice under Bankruptcy Rule 2002.

12.      This Court shall retain jurisdiction to hear and determine all matters arising from the enforcement, implementation, or interpretation of this Order.


**Dated: October 16th, 2020**
**Wilmington, Delaware**

**BRENDAN L. SHANNON UNITED STATES BANKRUPTCY JUDGE**

3