# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| RED REEF ALTERNATIVE INVESTMENTS, LLC and EMERGENT CAPITAL, INC.,[1] | ) Case No. 20-12602 (___) |
| | ) |
| Debtors. | ) Joint Administration Requested |
| | ) |

**DEBTOR EMERGENT CAPITAL, INC.'S MOTION FOR
ENTRY OF AN ORDER (I) APPROVING ADEQUACY OF DISCLOSURE STATEMENT;
(II) SCHEDULING HEARING ON CONFIRMATION OF PLAN OF REORGANIZATION
AND THE ASSUMPTION OF EXECUTORY CONTRACTS AND CURE AMOUNTS;
(III) FIXING THE DEADLINES TO OBJECT TO PLAN AND PROPOSED ASSUMPTION
OR REJECTION OF EXECUTORY CONTRACTS AND CURE AMOUNTS; (IV)
APPROVING SOLICITATION PROCEDURES AND FORM AND MANNER OF NOTICE
RELATED THERETO; AND (V) GRANTING RELATED RELIEF**

Emergent Capital, Inc. (the "Debtor"), one of the above-captioned debtors and

debtors in possession, submits this motion (this "Motion") for entry of an order (i) approving

adequacy of Disclosure Statement (as defined below), (ii) scheduling hearing on confirmation of

the Plan (as defined below) and the proposed assumption or rejection of executory contracts and

cure amounts; (iii) fixing deadlines to object to the Plan and proposed assumption or rejection of

executory contracts and cure amounts; (iv) approving solicitation procedures and the form and

manner of notice thereof; and (v) granting related relief.

**Jurisdiction and Venue**

1.      The United States Bankruptcy Court for the District of Delaware (the

"Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

---

[1]  The last four digits of each Debtor's taxpayer identification number are:  Red Reef Alternative Investments, LLC (0302) and Emergent Capital, Inc. (3473).  The location of the Debtors' service address for purposes of these cases is 1200 North Federal Highway, Suite 200, Boca Raton, FL 33432.

*Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtor confirms its consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.       The statutory predicates for the relief sought herein are sections 105, 1125, 1126, and 1128 of the Bankruptcy Code, Rules 1007, 2002, 2003, 3016, 3017, 3020, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 1007-1, 3017-1, 3017-2, and 9006-1.

## Background

4.       On the date hereof (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor is operating its business and managing its properties as debtor and debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.       The factual background regarding the Debtor, including the events precipitating the chapter 11 filing, is set forth in detail in the *Declaration of Miriam Martinez,*

*Chief Financial Officer, in Support of Debtors' Bankruptcy Petitions and First Day Relief* (the

"First Day Declaration") filed concurrently herewith and fully incorporated herein by reference.

## **Relief Requested**

6. By this Motion, pursuant to sections 105, 1125, 1126, and 1128 of the

Bankruptcy Code, Bankruptcy Rules 1007, 2002, 2003, 3016, 3017, 3020, 9006, and Local Rules

1007-1, 3017-1, 3017-2, and 9006-1, the Debtor seeks entry of an order:

<table>
<tr><td>(a)</td><td>Approving the adequacy of the <em>Disclosure Statement for the Debtor Emergent Capital, Inc.'s Chapter 11 Plan of Reorganization</em> (as may be amended, modified or supplemented from time to time the "Disclosure Statement"),[2] and allowing the Debtor to commence the postpetition solicitation of Claims and Equity Interests in the Debtor (as defined in the Plan);</td></tr>
<tr><td>(b)</td><td>Scheduling a Hearing (the "Hearing") to consider confirmation of the <em>Debtor Emergent Capital, Inc.'s Chapter 11 Plan of Reorganization</em> (as may be amended, modified, or supplemented from time to time, the "Plan")[3] and the proposed assumption or rejection of executory contracts, unexpired leases and any related cure costs in connection therewith (the "Cure Amounts");</td></tr>
<tr><td>(c)</td><td>Establishing the deadline (the "Plan Objection Deadline") to object to confirmation of the Plan;</td></tr>
<tr><td>(d)</td><td>Establishing the deadline (the "Executory Contract Objection Deadline" and, together with the Plan Objection Deadline, the "Objection Deadlines") to object to the proposed assumption or rejection of Executory Contracts and Unexpired Leases and any related Cure Amounts;</td></tr>
<tr><td>(e)</td><td>Approving the Solicitation Procedures (as defined below), including the forms of Ballots (as defined below);</td></tr>
</table>

---

[2] The Disclosure Statement and the Plan (as defined below) have been filed on the docket in this case.

[3] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Plan.

(f)     Approving the form and manner of notice of the
commencement of the Chapter 11 Case, the Hearing, the
assumption of Executory Contracts and Unexpired Leases,
Cure Amounts, and the Objection Deadlines; and

(g)     Granting related relief.

7.      A proposed form of order granting the relief requested herein is attached

hereto as **Exhibit A** (the "Proposed Order").

8.      The following table identifies the key dates relevant to the Solicitation

Procedures:

| Proposed Timetable | |
|---|---|
| Proposed Voting Record Date | Date of Disclosure Statement hearing |
| Proposed Commencement of Solicitation | Two (2) Business Days after entry of order on this Motion |
| Proposed Voting Deadline | Five (5) Business Days prior to the Hearing, at 4:00 p.m. (prevailing Eastern Time) |
| Proposed Plan Supplement Filing Date | Five (5) Business Days prior to the Voting Deadline |
| Proposed Plan Objection Deadline | Five (5) Business Days prior to the Hearing, at 4:00 p.m. (prevailing Eastern Time) |
| Proposed Executory Contract Objection Deadline | Five (5) Business Days prior to the Hearing, at 4:00 p.m. (prevailing Eastern Time) |
| Proposed Hearing Date | December 17 or 18, 2020 |

9.      For ease of reference, the following table summarizes the attachments and

exhibits cited in this Motion:

| Pleading | Exhibit |
|---|---|
| Proposed Order | **Exhibit A** to this Motion |
| Proposed Plan Notice | Exhibit 1 to the Proposed Order |
| Proposed Assumption and Cure Notice | Exhibit 2 to the Proposed Order |

| Form of Ballot for Class 3 – Senior Secured Notes Claims (such Claims are not held through a Nominee) | Exhibit 3 to the Proposed Order |
|---|---|
| Form of Master and Beneficial Holder Ballots for Class 4 – Convertible Unsecured Notes Claims (such Claims are held through a Nominee) | Exhibit 4 to the Proposed Order |
| Form of Ballots for Class 6 – Equity Interests in the Debtor (certain Equity Interests are not held through a Nominee) | Exhibit 5 to the Proposed Order |
| Form of Master and Beneficial Holder Ballots for Class 6 – Equity Interests in the Debtor (certain Equity Interests are held through a Nominee) | Exhibit 6 to the Proposed Order |

**The Plan**

10.     Prior to the Petition Date, the Debtor engaged in good-faith, arm's length negotiations with certain of its largest noteholders regarding the terms of a potential financial restructuring.  After over a year of negotiations, the Debtor, in consultation with its advisors, reached agreement on the terms of the Plan with the Supporting Senior Secured Noteholders and the Supporting Convertible Unsecured Noteholders, representing a majority of the aggregate outstanding amount of the Senior Secured Notes Claims and Convertible Unsecured Notes Claims, respectively.

11.     The Debtor believes that the Plan is the best restructuring alternative currently available to the Debtor.  The Plan represents a significant achievement for the Debtor and should greatly enhance its ability to reorganize successfully and expeditiously.

12.     The Debtor intends to move promptly towards confirmation of the Plan and to exit bankruptcy by December 31, 2020 in order to minimize any potential adverse impact of the bankruptcy filing on the Debtor's assets.  The Debtor believes that the proposed Plan is in the best interests of the Debtor's creditors and will maximize the value of this estate.

## Proposed Solicitation

13.     The Debtor seeks authority to commence the solicitation of votes on the

Plan (the "Solicitation").  Holders of Claims in Class 3 Senior Secured Notes Claims, Class 4

Convertible Unsecured Notes Claims, and Class 6 Equity Interests are the only classes of Claims

or Equity Interests impaired and entitled to vote under the Plan (the "Voting Class").  The Debtor

proposes five (5) Business Days before the Hearing, at 4:00p.m. (prevailing Eastern Time), as

the deadline (the "Voting Deadline") for the receipt of votes from the Holders of Claims and

Equity Interests in the Voting Classes.

14.     Subject to Court approval, the Debtor has retained a notice and voting

agent, Kurtzman Carson Consultants LLC (the "Voting Agent").  The Debtors intends to have

the Voting Agent serve the Disclosure Statement, the Plan, and appropriate Ballot to the Holders

of Class 3 Senior Secured Notes Claims, Class 4 Convertible Unsecured Notes Claims, and Class

6 Equity Interests.  The Debtor also intends for the Voting Agent to serve the brokers, dealers,

commercial banks, trust companies, or other agents (collectively, the "Nominees") with respect

to Class 4 through which Holders of Class 4 Convertible Unsecured Notes Claims and certain

Holders of Class 6 Equity Interests hold their respective securities.  Holders of Class 3 Senior

Secured Notes Claims hold their notes directly and not through a Nominee.

## Basis for Relief

### A.     Approval of Adequacy of Disclosure Statement

15.     By this Motion, the Debtor seeks approval of the adequacy of the

Disclosure Statement.  Section 1125 of the Bankruptcy Code requires that a plan proponent

provide "adequate information" regarding the proposed plan to holders of impaired claims

and interests entitled to vote on the plan. 11 U.S.C. § 1125(b).  The Bankruptcy Code defines

"adequate information" as:

> Information of a kind, and in sufficient detail, as far as is
> reasonably practicable in light of the nature and history of the
> debtor and the condition of the Debtor's books and records,
> including a discussion of the potential material Federal tax
> consequences of the plan to the debtor, any successor to the debtor,
> and a hypothetical investor typical of the holders of claims or
> interests in the case, that would enable such hypothetical investor
> of the relevant class to make an informed judgment about the plan.

11 U.S.C. § 1125(a)(l).

16.    "Adequate information" is a flexible standard to be interpreted by the

Court, in its discretion, based on the facts and circumstances of the particular case.  *Oneida*

*Motor Freight, Inc. v. United Jersey Bank,* 848 F.2d 414, 417 (3d Cir. 1988) ("From the

legislative history of § 1125 we discern that adequate information will be determined by the

facts and circumstances of each case."); H.R. Rep. 95-595, at 409 (1977), *reprinted in* 1978

U.S.C.C.A.N. 5963, 6365 ("Precisely what constitutes adequate information in any particular

instance will develop on a case-by-case basis. Courts will take a practical approach as to

what is necessary under the circumstances of each case . . . ."); S. Rep. No. 95-989, at

121 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5907 ("[T]he information required will

necessarily be governed by the circumstances of the case.").

17.    The Disclosure Statement prepared by the Debtor contains

comprehensive information regarding:

> (a)    the Debtor's background, assets, and capital structure;
>
> (b)    the events leading to the commencement of the Chapter
> 11 Case;

(c) the proposed reorganized capital structure following consummation of the Plan;

(d) financial information relevant to voting Holders' decision to accept or reject the Plan;

(e) a liquidation analysis projecting the estimated return that Holders of Claims and Equity Interests would receive in a hypothetical chapter 7 liquidation;[4]

(f) risk factors potentially affecting the Plan and the Debtor's reorganization; and

(g) certain securities laws matters, and the federal tax law consequences of the Plan.

18.     The foregoing provides Holders of Claims and Equity Interests in the Voting Classes with ample information on which to base an informed decision regarding the Plan.  Accordingly, the Debtor submits that the Disclosure Statement contains "adequate information" and should be approved so that the Debtor may proceed with the Solicitation.

**B.      Scheduling a Hearing**

19.     By this Motion, the Debtor respectfully requests that the Court schedule the Hearing to consider confirmation of the Plan and approval of the proposed assumption or rejection of Executory Contracts, which hearing would be held, subject to the Court's schedule, on December 17 or 18, 2020 (the "Proposed Hearing Date").

20.     Section 1128(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the Court shall hold a hearing on confirmation of a plan." 11 U.S.C. § 1128(a).

---

[4] The liquidation analysis will be supplemented prior to the hearing on this Motion.

21.     The scheduling of the Hearing on the Proposed Hearing Date is in the best interest of the Debtor and its estate.  The Proposed Hearing Date will enable the Debtor to promptly effectuate confirmation and consummation of the Plan by the end of this calendar year.

22.     Accordingly, the Debtor respectfully requests that the Court enter the Proposed Order, pursuant to section 105(d)(2)(B)(vi) of the Bankruptcy Code, setting the Hearing for December 17 or 18, 2020, and providing that the Hearing may be continued from time to time without further notice other than an announcement in open court on the adjourned date or in the filing of a notice or a hearing agenda in this Chapter 11 Case, and that notice of such adjourned date(s) will be available on the electronic case filing docket.

**C.     Establishing Deadline and Procedures for Objections to
         Confirmation of the Plan**

23.     Bankruptcy Rule 3017(a) authorizes the Court to fix a deadline for the filing of objections to confirmation of the Plan.  Fed. R. Bankr. Proc. 3017(a).  Bankruptcy Rule 2002(b) requires that creditors receive at least twenty-eight (28) days' notice of the Plan Objection Deadline.  Fed. R. Bankr. Proc. 2002(b).

24.     The Debtor requests that the Court set the Plan Objection Deadline five (5) Business Days prior to the Hearing, at 4:00 p.m. (prevailing Eastern Time).  To the extent that this date is less than twenty-eight (28) days after the date on which the Debtor would provide notice, the Debtor requests that the Court shorten notice as necessary.

25.     The Debtor's proposed timeline will afford holders of Claims and Equity Interests sufficient notice of the Plan Objection Deadline.  It will also provide the Debtor and

other Plan supporters adequate time to consider any objections to confirmation of the Plan and

address those objections through responsive briefs, modifications to the Plan, or otherwise.

26.     The Debtor also requests that the Court direct that any responses or

objections to confirmation of the Plan:

(a)     be in writing;

(b)     conform to the applicable Bankruptcy Rules and the Local Rules;

(c)     set forth the name of the objecting party, the basis for the objection, and the specific grounds therefor;

(d)     be filed with the Court, together with a proof of service, on or before the Plan/Disclosure Objection Deadline; and

(e)     be served on the following parties: (i) Debtor, Emergent Capital, Inc., 1200 North Federal Highway, Suite 200, Boca Raton, FL 33432 (Attn: Miriam Martinez, Chief Financial Officer); (ii) counsel to the Debtor, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899-8705 (Courier 19801) (Attn: Richard M. Pachulski, Maxim B. Litvak, and Colin R. Robinson); (iii) counsel to the Supporting Senior Secured Noteholders, Faegre Drinker Biddle & Reath LLP, 1177 Avenue of the Americas, 41st Floor, New York, NY 10036 (Attn: James H. Millar and Laura E. Appleby) and Faegre Drinker Biddle & Reath LLP, 222 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801 (Attn: Brett Fallon); (iv) counsel to the Supporting Convertible Unsecured Noteholders, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038 (Attn: Brett Lawrence and Matthew G. Garofalo) and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801 (Attn: Matthew B. Lunn); and (v) the Office of the United States Trustee for the District of Delaware, 844 King St., Suite 2207, Wilmington, DE 19801 (the "Notice Parties").

27.     The relief requested herein is consistent with the requirements of the Bankruptcy Code and the Bankruptcy Rules and is designed to facilitate a prompt and efficient completion of this consensual restructuring provided under the Plan.

**D.      Approval of Form and Manner of Notice of the
        Commencement of the Chapter 11 Case, the Hearing, Assumption
        of Executory Contracts and Cure Amounts, and the Objection Deadlines**

28.     As noted above, the Debtor is required pursuant to Bankruptcy Rules 2002(b) and 2002(d) to provide Holders of Claims and Equity Interests at least 28 days' notice of the Plan Objection Deadline.  Fed. R. Bankr. Proc. 2002(b), 2002(d).  Bankruptcy Rule 2002(f)(1) provides that notice of "the order for relief" shall be sent by mail to all creditors.  Fed. R. Bankr. Proc. 2002(f).  Bankruptcy Rule 2002(d) similarly provides that, unless otherwise ordered by the court, notice of the "order for relief" shall be given to all of the Debtor' equity security holders.  Fed. R. Bankr. Proc. 2002(d).

29.     The Debtor proposes to satisfy these requirements by serving on the parties listed below a notice substantially in the form attached as **Exhibit 1** to the Proposed Order (the "Plan Notice") setting forth, among other things, (i) the date, time, and place of the Hearing, (ii) instructions for obtaining copies of the Plan, (iii) the Objection Deadlines and procedures for filing objections to confirmation of the Plan, assumption or rejection of Executory Contracts and Unexpired Leases, and/or Cure Amounts, and (iv) a summary of the Plan.  The Debtor will serve the Plan Notice by electronic mail, facsimile, and/or first-class mail within two (2) Business Days of the entry of the Proposed Order or as soon as reasonably practicable thereafter.  The Plan Notice will be served, without duplication, on the following parties:

(a)     all known Holders of Claims and Equity Interests;[5]

(b)     all non-Debtor parties to the Debtor's Executory Contracts and Unexpired Leases;

(c)     the Office of the United States Trustee for the District of Delaware;

(d)     the entities listed on the List of Creditors Holding the Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d);

(e)     the Internal Revenue Service;

(f)     the Securities and Exchange Commission;

(g)     the United States Attorney for the District of Delaware;

(h)     the Notice Parties; and

(i)     all other parties entitled to notice in this Chapter 11 Case.

30.     The Debtor respectfully submits that the proposed service of the Plan Notice will provide sufficient notice of the commencement of this Chapter 11 Case, the date, time, and place of the Hearing, and the procedures for objecting to confirmation of the Plan and assumption or rejection of Executory Contracts and Unexpired Leases, and/or Cure Amounts.

**E.      Establishing Deadline and Procedures for Objections
to the Proposed Assumption or Rejection of an Executory
Contract and Unexpired Lease and Proposed Cure Amounts**

31.     The Plan provides that all Executory Contracts and Unexpired Leases will be rejected as of the Effective Date of the Plan except for Executory Contracts and Unexpired

---

[5]  The Debtor proposes to send the Plan Notice to Holders of Claims and Equity Interests using the contact information reflected in the records maintained by the Debtor, its agents, the Class 3 Senior Secured Notes Indenture Trustee, and The Depository Trust Company ("DTC") as of the close of business on the Voting Record Date.  The Debtor believes that certain Holders utilize Nominees as the registered holders of certain securities.  Accordingly, the Debtor requests that the Court authorize (i) the Debtor to provide the Nominees with sufficient copies of the Plan Notice to forward to the beneficial holders and (ii) the Nominees to forward the Plan Notice or copies thereof to the beneficial holders within five (5) Business Days of the receipt by such Nominee of the Plan Notice.   The Debtor further requests authority to reimburse the Nominees for any reasonable and customary out-of-pocket expenses they incur in connection with the distribution of the Plan Notice.

Leases that (1) are identified in the Plan Supplement for assumption, (2) have been previously assumed pursuant to an order of the Bankruptcy Court, (3) are the subject of a separate motion or notice to assume or to reject filed by the Debtor and pending as of the date on which the Plan becomes effective (the "Effective Date"), or (4) previously expired or terminated pursuant to their own terms or by agreement of the parties thereto. *See* Plan, Article VI.A. To the extent that the Debtor seeks to assume one or more Executory Contracts or Unexpired Leases, the Debtor will file with the Court a list of such Executory Contacts and Unexpired Leases and their respective Cure Amounts and serve a notice in substantially the form attached as **Exhibit 2** (the "Assumption and Cure Notice") to the Proposed Order on the non-Debtor counterparties to such Executory Contacts and Unexpired Leases not less than twenty-one (21) days prior to the date of the Hearing.

32.     The Debtor requests that any counterparty to an Executory Contract or Unexpired Lease that disputes the Debtor's proposed Cure Amount or otherwise objects to the assumption of such Executory Contract or Unexpired Lease, or objects to the assumption or rejection of an Executory Contract or Unexpired Lease, be required to file an objection thereto that complies with the requirements described in the Proposed Order by five (5) Business Days prior to the Hearing, at 4:00 p.m. (prevailing Eastern Time) (the "Executory Contract Objection Deadline"). The Debtor also requests that the Court direct that any responses or objections to the assumption or rejection of Executory Contracts and Unexpired Leases or Cure Amounts:

     (a)     be in writing;

     (b)     conform to the applicable Bankruptcy Rules and the Local Rules;

       (c)      set forth the name of the objecting party, the basis for the objection, and the specific grounds therefor;

       (d)      be filed with the Court, together with a proof of service, on or before the Executory Contract Objection Deadline; and

       (e)      be served on the Notice Parties.

Finally, the Debtor requests that the Court authorize the Debtor, the Supporting Secnior Secured Noteholders, and the Supporting Convertible Unsecured Noteholders to file replies to any timely-filed objections or responses at least three (3) Business Days prior to the Hearing.

33.     The Debtor respectfully submits that this procedure is appropriate under the circumstances.  Pursuant to the procedures proposed by the Debtor, the Debtor's Voting Agent will serve the Plan Notice and the Assumption and Cure Notice on all known counterparties to Executory Contracts and Unexpired Leases within two (2) Business Days of the entry of the Proposed Order (or as soon as reasonably possible).

## F.    Approval of Solicitation Procedures and Solicitation Materials

34.     By this Motion, the Debtor seeks the Court's approval of the procedures to be implemented by the Debtor and the Voting Agent for the solicitation and tabulation of votes on the Plan (the "Solicitation Procedures"), including the Ballots and other materials (the "Solicitation Materials") distributed to creditors and equity holders in the Voting Classes in furtherance thereof.  For the avoidance of doubt, Nominees are authorized to distribute Solicitation Materials to, and collect votes to accept or to reject the Plan from, beneficial holders in accordance with their customary practices, including, among other things, the use of electronic means.

35. Bankruptcy Rule 3017(d) identifies the materials that must be provided to holders of claims and interests for the purpose of soliciting their votes to accept or reject a plan. Fed. R. Bankr. Proc. 3017(d). Bankruptcy Rule 3017(e) provides that "the courts shall consider the procedures for transmitting the documents and information required by [Bankruptcy Rule 3017(d)] to beneficial holders of stock, bonds, debentures, notes and other securities [and] determine the adequacy of the procedures." As demonstrated below, the Solicitation Procedures to be utilized by the Debtor comply with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules and therefore should be approved.

### i. Solicitation of Classes Entitled to Vote to Accept or Reject the Plan

36. The Debtor intends to commence the Solicitation of votes on the Plan by causing a solicitation package containing the Disclosure Statement, the Plan (attached as Exhibit A to the Disclosure Statement), a solicitation cover letter from the Debtor, and the appropriate Ballot(s) (collectively, the "Solicitation Package") to be transmitted to Holders of Claims in Class 3 Senior Secured Notes Claims, Class 4 Convertible Unsecured Notes Claims, and Class 6 Equity Interests via first class and overnight mail or electronic mail. The Solicitation Package will advise recipients, among other things, that the deadline for submitting a Ballot containing a vote to accept or reject the Plan is five (5) Business Days prior to the Hearing, at 4:00p.m. (prevailing Eastern Time) (the "Voting Deadline"). The Solicitation Package will provide recipients with detailed instructions regarding how to complete the applicable Ballot(s), how to make any applicable election regarding the releases contained in the Plan, and the manner in which the Ballot(s) must be returned to the Voting Agent. The Debtor now seeks authority to

send the Solicitation Package to the Holders of Claims and Equity Interests in the Voting

Classes.

### ii.     Form of Ballots

37.     Bankruptcy Rule 3017(d) requires that the Debtor use a form of ballot

substantially conforming to Official Form No. 14.  Fed. R. Bankr. Proc. 3017(d).  The Ballots,

copies of which are annexed as **Exhibit 3**, **Exhibit 4**, **Exhibit 5**, and **Exhibit 6** to the Proposed

Order, are based on Official Form No. 14, but were modified to address the specific

circumstances of this Chapter 11 Case.  The Debtor will distribute the following four (4) forms

of Ballots with respect to the Plan: (i) a form of ballot for beneficial holders in Class 3 (Senior

Secured Notes Claims), which Claims are held directly by such holders and not through

Nominees; (ii) a form of ballot for beneficial holders in Class 4 (Convertible Unsecured Notes

Claims), which Claims are held through a Nominee, and a form of master ballot for the Nominee

that is the registered holder of such Claims to transmit the votes of the beneficial holders; (iii) a

form of ballot for certain beneficial holders in Class 6 (Equity Interests in the Debtor), which

Equity Interests are held directly by such holders and not through Nominees; and (iv) a form of

ballot for certain other beneficial holders in Class 6 (Equity Interests in the Debtor), which

Equity Interests are held through a Nominee, and a form of master ballot for the Nominee that is

the registered holder of such Equity Interests to transmit the votes of the beneficial holders

(together, the "Ballots").

### iii.     Voting Record Date and Voting Deadline

38.     The Solicitation Package will clearly identify the date of the hearing on

the Disclosure Statement as the date for determining which Holders of Claims and Equity

Interests were entitled to vote to accept or reject the Plan (the "Voting Record Date"). The

beneficial holder Ballots require each Holder completing such Ballot to certify the amount of its

Claim as of the Voting Record Date. The master Ballots require any Nominee completing that

Ballot to certify that it was transmitting the votes of Beneficial Holder(s).

39.     The Solicitation Package will also conspicuously identify the Voting

Deadline. Thus, the Holders of Claims and Equity Interests will have sufficient time to vote to

accept or reject the Plan. Further, the Plan and Disclosure Statement were extensively

negotiated by counsel and other advisors for the Supporting Senior Secured Noteholders and

Supporting Convertible Unsecured Noteholders.

40.     Similar timelines have been approved in other chapter 11 Case in this

District. *See, e.g., In re Clover Technologies Group, LLC*, No. 19-12680 (KBO) (Bankr. D. Del.

Dec. 19, 2019) (approving procedures for solicitation that included 33-day voting period for term

loan claimants and equity holders); *In re Anna Holdings, Inc.*, No. 19-12551 (CSS) (Bankr. D.

Del. Dec. 3, 2019) (approving procedures for solicitation that included 21-day voting period for

first lien claimholders and 31-day period for senior notes claimholders); *In re Blackhawk Mining

LLC*, No. 19-11595 (LSS) (Bankr. D. Del. July 22, 2019) (approving procedures for solicitation

that included an 11-day voting period); *In re EV Energy Partners, L.P.*, No. 18-10814 (CSS)

(Bankr. D. Del. Apr. 4, 2018) (approving procedures for solicitation that included a 16-day

voting period); *In re PES Holdings, LLC*, No. 18-10122 (KG) (Bankr. D. Del. Jan. 29, 2018)

(approving procedures for solicitation that included a two-day voting period); *In re Hercules*

*Offshore, Inc.*, No. 16-11385 (KJC) (Bankr. D. Del. June 15, 2016) (approving procedures for solicitation of first lien claimholders that included a three-day voting period).

41.     Because the Solicitation Package clearly communicates the Voting Record Date and the Voting Deadline to Holders of Claims in the Voting Classes, and because such Holders were will be given a reasonable amount of time to review, complete and return their Ballots prior to the Voting Deadline in accordance with applicable law, the Debtor respectfully requests that the Court approve the Voting Record Date and the Voting Deadline.

### iv.     Approval of Procedures for Vote Tabulation

42.     In tabulating the votes received pursuant to Ballots returned to the Voting Agent, the Voting Agent will utilize the following Tabulation Procedures:  (i) only Ballots received by the Voting Deadline will be counted; (ii) unsigned or illegible Ballots or Ballots that do not contain sufficient information to permit the identification of the holder of the Claim will not be counted; (iii) any Ballot that attempts to partially accept and partially reject the Plan will not be counted; (iv) Ballots sent to the Debtor, the Debtor's agents, financial advisors, legal advisors, or sent to the agents, indenture trustees for the Voting Classes will not be counted, (v) any Ballot that is otherwise properly completed, executed, and timely returned to the Voting Agent but that does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan, will not be counted as a vote in determining acceptance or rejection of the Plan; (vi) any unofficial forms of Ballot will not be counted; (vii) any properly completed Ballot timely submitted by a Holder of Claims or Equity Interests in a Voting Class will be deemed to supersede and revoke any prior Ballot(s) submitted by that Holder; (viii)

Ballots sent by facsimile or other electronic means will be counted; (ix) Ballots submitted by Holders not entitled to vote pursuant to the Plan will not be counted and (x) Holders of Claims and Equity Interests will be required to vote their entire Claims or Equity Interests to accept or reject the Plan (*i.e.*, no vote splitting).  The Debtor also retains the discretion to aggregate the Claims and Equity Interests for Holders that had multiple Claims or Equity Interests within the same Voting Class.  These Tabulation Procedures are clearly explained in the Solicitation Package.  The Debtor respectfully submits that these Tabulation Procedures are appropriate and reasonable under the circumstances of this Chapter 11 Case and should be approved.

**v.    Non-Solicitation of Classes Deemed to Accept the Plan**

43.    Section 1126(f) of the Bankruptcy Code provides that each holder of a claim or interest in an unimpaired class is "conclusively presumed to have accepted the plan, and solicitation of acceptances with respect to [any unimpaired] class . . . is not required." 11 U.S.C. § 1126(f).  Conversely, section 1126(g) of the Bankruptcy Code provides that "a class is deemed not to have accepted a plan if such plan provides that the claims or interests of such class do not entitle the holders of such claims or interests to receive or retain any property under the Plan on account of such claims or interests." 11 U.S.C. § 1126(g).  The Debtor's Plan provides that certain Classes of Claims against the Debtor are deemed to accept the Plan (collectively, the "<u>Non-Voting Holders</u>") pursuant to the foregoing provisions of the Bankruptcy Code. Specifically, the Plan provides that Holders of Claims and Equity Interests in Class 1 (Other Priority Claims), Class 2 (Other Secured Claims), and Class 5 (General Unsecured Claims) are Unimpaired and presumed to accept the Plan. *See* Plan at Article III.A.  The Debtor will not

solicit votes to accept or reject the Plan from Holders of Claims and Equity Interests in each of the foregoing Classes of Non-Voting Holders.

44.     There are no Classes of Claims or Equity Interests under the Plan that receive no property on account of their Claims or Equity Interests.  Therefore, no Classes of Claims or Equity Interests are deemed to reject the Plan.

45.     The Debtor hereby requests a waiver of any requirement that it mail copies of the Plan and Disclosure Statement to Non-Voting Holders.  It would be an unnecessary administrative burden and expense for the Debtor to transmit the Disclosure Statement and Plan to Non-Voting Holders.  Accordingly, the Debtor requests that the Court authorize the Debtor not to transmit a copy of the Disclosure Statement and other Solicitation Materials to the Holders of Claims presumed to accept the Plan.

46.     In lieu of transmitting the Disclosure Statement and other Solicitation Materials to Non-Voting Holders, the Debtor proposes to send those Holders the Plan Notice, which contains a summary of the Plan and the treatment of such Holders' Claims.  The Plan Notice also provides instructions for obtaining a copy of the Plan and the Disclosure Statement.

**G.     Confirmation of the Plan**

47.     The Debtor will also seek confirmation of the Plan at the Hearing.  Prior to the Hearing, the Debtor will file a brief in support of confirmation of the Plan that addresses the requirements for confirmation under the provisions of the Bankruptcy Code and the Plan's satisfaction of those requirements.

**Request for Bankruptcy Rule 6004 Waivers**

48.     To implement the foregoing successfully, the Debtor seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and any stay of an order granting the relief requested herein pursuant to Bankruptcy Rules 3020(e), 6004(h), 9014, or otherwise.

### Notice

49.     The Debtor will provide notice of this Motion to the following parties, or their counsel, if known: (a) the Office of the United States Trustee; (b) the Debtor's largest unsecured creditors (on a consolidated basis); (c) the Senior Secured Notes Trustee; (d) the Convertible Unsecured Notes Trustee; (e) counsel to the Supporting Senior Secured Noteholders; and (f) counsel to the Supporting Convertible Unsecured Noteholders.  The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

50.     No prior request for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests entry of the Proposed Order granting the relief requested herein and granting such other relief as is just and proper.

Dated: _October 15, 2020                    PACHULSKI STANG ZIEHL & JONES LLP


                                            */s/ Colin R. Robinson*
                                            Richard M. Pachulski (CA Bar No. 62337)
                                            Maxim B. Litvak (CA Bar No. 215852)
                                            Colin R. Robinson (DE Bar No. 5524)
                                            919 North Market Street, 17th Floor
                                            P.O. Box. 8705
                                            Wilmington, Delaware 19899-8705 (Courier 19801)
                                            Telephone: (302) 652-4100
                                            Facsimile:  (302) 652-4400
                                            E-mail:     rpachulski@pszjlaw.com
                                                        mlitvak@pszjlaw.com
                                                        crobinson@pszjlaw.com

                                            Proposed Counsel for Emergent Capital, Inc.,
                                            Debtor and Debtor in Possession

**<u>Exhibit A</u>**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| RED REEF ALTERNATIVE INVESTMENTS, LLC and EMERGENT CAPITAL, INC.,[1] | ) Case No. 20-_____ (___) |
| | ) |
| Debtors. | ) Joint Administration Requested |
| | ) |

**ORDER (I) APPROVING ADEQUACY OF DISCLOSURE STATEMENT;
(II) SCHEDULING HEARING ON CONFIRMATION OF PLAN OF REORGANIZATION
AND THE ASSUMPTION OF EXECUTORY CONTRACTS AND CURE AMOUNTS;
(III) FIXING THE DEADLINES TO OBJECT TO PLAN AND PROPOSED ASSUMPTION
OR REJECTION OF EXECUTORY CONTRACTS AND CURE AMOUNTS; (IV)
APPROVING SOLICITATION PROCEDURES AND FORM AND MANNER OF
NOTICE RELATED THERETO; AND (V) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Emergent Capital, Inc., one of the

above-captioned debtors and debtors in possession (the "Debtor") for the entry of an order

(this "Order") (i) approving adequacy of the Disclosure Statement; (ii) scheduling a hearing

on confirmation of the Plan and the proposed assumption or rejection of executory contracts

and cure amounts; (iii) fixing the deadlines to object to the Plan and the proposed

assumption or rejection of executory contracts and cure amounts; (iv) approving the

solicitation procedures and the form and manner of notice related thereto; and (v) granting

related relief; and upon consideration of the First Day Declaration; and this Court having

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

*Standing Order of Reference from the United States District Court for the District of*

---

[1]  The last four digits of each Debtor's taxpayer identification number are:  Red Reef Alternative Investments, LLC (0302) and Emergent Capital, Inc. (3473).  The location of the Debtors' service address for purposes of these cases is 1200 North Federal Highway, Suite 200, Boca Raton, FL 33432.

[2]  Capitalized terms used but not defined herein shall have the meanings set forth in the Motion.

*Delaware,* dated February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and opportunity for a hearing on the Motion having been given; and the relief requested in the Motion being in the best interests of the Debtor's estate, its creditors, and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The relief requested in the Motion is GRANTED as set forth herein.

2.      The Disclosure Statement is approved and the Debtor is authorized to proceed with the Solicitation of the Plan.

3.      The Hearing (at which time this Court will consider, among other things, confirmation of the Plan and assumption and rejection of Executory Contracts and Unexpired Leases and Cure Amounts) will be held before this Court on _____, 2020 at __.m. (prevailing Eastern Time).  The Hearing may be continued from time to time by the Court without further notice other than adjournments announced in open court or in the filing of a notice or a hearing agenda in this Chapter 11 Case, and notice of such adjourned date(s) will be available on the electronic case docket.

4.     Any responses or objections to confirmation of the Plan must: (i) be in writing, (ii) conform to the applicable Bankruptcy Rules and Local Rules; (iii) set forth the name of the objecting party, the basis for the objection, and the specific grounds thereof; and (iv) be filed with the Court, together with a proof of service, no later than 4:00 p.m. (prevailing Eastern Time) on _____, 2020.  Any responses or objections to the assumption or rejection of Executory Contracts and Unexpired Leases or Cure Amounts must: (i) be in writing, (ii) conform to the applicable Bankruptcy Rules and Local Rules; (iii) set forth the name of the objecting party, the basis for the objection, and the specific grounds thereof; and (iv) be filed with the Court, together with a proof of service, no later than 4:00 p.m. (prevailing Eastern Time) on _____, 2020.  In addition to being filed with the Court, any such response or objection referred to in this Paragraph must also be served on the following parties: (i) the Debtor, Emergent Capital, Inc., 1200 North Federal Highway, Suite 200, Boca Raton, FL 33432 (Attn: Miriam Martinez, Chief Financial Officer); (ii) counsel to the Debtor, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899-8705 (Courier 19801) (Attn:  Richard M. Pachulski, Maxim B. Litvak, and Colin R. Robinson); (iii) counsel to the Supporting Senior Secured Noteholders, Faegre Drinker Biddle & Reath LLP, 1177 Avenue of the Americas, 41st Floor, New York, NY 10036 (Attn:  James H. Millar and Laura E. Appleby) and Faegre Drinker Biddle & Reath LLP, 222 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801 (Attn:  Brett Fallon); (iv) counsel to the Supporting Convertible Unsecured Noteholders, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038

3

(Attn: Brett Lawrence and Matthew G. Garofalo) and Young Conaway Stargatt & Taylor,

LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801 (Attn: Matthew

B. Lunn); and (v) the Office of the United States Trustee for the District of Delaware, 844

King St., Suite 2207, Wilmington, DE 19801 (collectively, the "Notice Parties") by the

applicable Objection Deadline. **Any objections not timely filed and served in the**

**manner set forth in this Order may, in the Court's discretion, not be considered**

**and may be overruled.**

        5.     The schedule of events set forth below relating to confirmation of the

Plan is hereby approved in its entirety, and the Court hereby finds the following schedule of

events is consistent with the applicable provisions of the Bankruptcy Code and the

Bankruptcy Rules:

| Summary of Timetable | |
| --- | --- |
| Voting Record Date | _____, 2020 (date of the Disclosure Statement hearing) |
| Commencement of Solicitation | Two (2) Business Days after entry of this Order |
| Voting Deadline | _____, 2020, at 4:00p.m. (prevailing Eastern Time) |
| Plan Supplement Filing Date | Five (5) Business Days prior to the Hearing |
| Plan/Disclosure Statement Objection Deadline | _____, 2020, at 4:00 p.m. (prevailing Eastern Time) |
| Executory Contract Objection Deadline | _____, 2020, at 4:00 p.m. (prevailing Eastern Time) |
| Hearing Date | _____, 2020, at __:__ _.m (prevailing Eastern Time) |

        6.     Notice of the Hearing as proposed in the Motion and the form of Plan

Notice, substantially in the form attached hereto as **Exhibit 1**, shall be deemed good and

sufficient notice of the Hearing and no further notice need be given. The Debtor shall cause

a copy of the Plan Notice to be mailed to the parties set forth in the Motion within two (2) Business Days of the entry of this Order or as soon as reasonably possible.

7.      Notice of the assumption of Executory Contracts and Unexpired Leases, and associated Cure Amounts, as proposed in the Motion and the form of Assumption and Cure Notice, substantially in the form attached hereto as **Exhibit 2**, shall be deemed good and sufficient notice of such proposed assumption and no further notice need be given.  The Debtor shall cause a copy of the Assumption and Cure Notice to be mailed to the parties set forth in the Motion within two (2) Business Days of the entry of this Order or as soon as reasonably possible.

8.      The notice procedures set forth in this Order constitute good and sufficient notice of the commencement of the Chapter 11 Case, the Hearing, the Objection Deadlines and procedures for objecting to confirmation of the Plan, assumption and rejection of Executory Contracts and Unexpired Leases, and Cure Amounts.

9.      The Debtor is authorized to mail the Plan Notice to the Non-Voting Holders, in accordance with the terms of this Order, in lieu of sending such Non-Voting Holders copies of the Disclosure Statement and the Plan and, except to the extent necessary to comply with Local Rule 3017-1(c), the requirements under the Bankruptcy Rules or the Local Rules, including Bankruptcy Rule 3017(d), to transmit copies of the Disclosure Statement and Plan to Non-Voting Holders are hereby waived with respect to such Non-Voting Holders.

10.     To the extent the Nominees incur out-of-pocket expenses in connection with distribution of the Plan Notice to beneficial Holders, the Debtor is authorized, but not directed, to reimburse such Nominees for their reasonable and customary expenses incurred in this regard.

11.     The Solicitation Procedures utilized by the Debtor for distribution of the Solicitation Packages as set forth in the Motion in soliciting acceptances and rejections of the Plan satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules and are approved.  For the avoidance of doubt, Nominees are authorized to distribute Solicitation Materials to and collect votes to accept or to reject the Plan from beneficial holders in accordance with their customary practices, including, among other things, the use of electronic means.

12.     The Ballots, substantially in the forms attached hereto as **Exhibit 3**, **Exhibit 4**, **Exhibit 5**, and **Exhibit 6** are approved.

13.     The Tabulation Procedures used for tabulations of votes to accept or reject the Plan as set forth in the Motion and as described in the Solicitation Package are approved.

14.     Notwithstanding the applicability of Bankruptcy Rules 3020(e), 6004(h), and 9014, the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

6

15.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules 4001(d) and 6004(a) are waived.

16.     The Debtor is authorized and empowered to take all actions necessary or appropriate to effectuate the relief granted in this Order.

17.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

18.     This Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation, implementation, and enforcement of this Order.

Dated: _____, 2020              _____

Wilmington, Delaware                   UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 1</u>**

**Plan Notice**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| RED REEF ALTERNATIVE INVESTMENTS, LLC and EMERGENT CAPITAL, INC.,[1] | ) Case No. 20-_12602(___) |
| | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) |

**NOTICE OF (I) HEARING ON CONFIRMATION OF THE
DEBTOR EMERGENT CAPITAL, INC.'S CHAPTER 11 PLAN AND RELATED MATTERS;
AND (II) OBJECTION DEADLINES, AND SUMMARY OF THE PLAN**

**NOTICE IS HEREBY GIVEN** as follows:

On October 15, 2020 (the "<u>Petition Date</u>"), Emergent Capital , Inc. (the "<u>Debtor</u>") and Red Reef Alternative Investments, LLC ("<u>Red Reef</u>"), the Debtors in the above-captioned chapter 11 cases, commenced voluntary chapter 11 cases in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>").  The Debtor (but not Red Reef) also filed: (a) the *Debtor Emergent Capital. Inc.'s Chapter 11 Plan of Reorganization* dated October 15, 2020 (as it may be amended or modified, the "<u>Plan</u>") [Docket No. ___] and (b) the *Disclosure Statement in Support of Debtor Emergent Capital, Inc.'s Chapter 11 Plan of Reorganization* dated October 15, 2020 (as it may be amended or modified, the "<u>Disclosure Statement</u>") [Docket No. ___] pursuant to sections 1125 and 1126(b) of chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").[2]  The Plan provides that all of the Debtor's executory contracts and unexpired leases will be rejected, unless specifically identified for assumption.  Copies of the Plan and the Disclosure Statement may be obtained upon request of the Debtor's proposed counsel at the address specified below and are on file with the Clerk of the Bankruptcy Court.

**Additionally, parties may request a copy of the Plan and the Disclosure Statement through Kurtzman Carson Consultants LLC (the "<u>Voting Agent</u>") by calling the Voting Agent at 877-499-4509 (toll free) or +1 (917) 281-4800 (international) or emailing <u>EmergentInfo@kccllc.com</u>.**

The primary purpose of the Plan is to effectuate a reorganization of the Debtor's capital structure.  The Debtor believes that any valid alternative to confirmation of the Plan would result in significant

---

[1]  The last four digits of each Debtor's taxpayer identification number are:  Red Reef Alternative Investments, LLC (0302) and Emergent Capital, Inc. (3473).  The location of the Debtors' service address for purposes of these cases is 1200 North Federal Highway, Suite 200, Boca Raton, FL 33432.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.  The statements contained herein are summaries of the provisions contained in the Disclosure Statement and the Plan and do not purport to be precise or complete statements of all the terms and provisions of the Plan or documents referred therein.  To the extent there is a discrepancy between the terms herein and the Plan or Disclosure Statement, the Plan or Disclosure Statement, as applicable, shall govern and control.  For a more detailed description of the Plan, please refer to the Disclosure Statement.

delays, litigation, and additional costs and, ultimately, would jeopardize recoveries for holders of allowed claims.

**Information Regarding the Plan**

　　　　**Voting Record Date/Deadline**. The voting record date was _____, which was the date for determining which holders of (i) Class 3 Senior Secured Notes Claims, (ii) Class 4 Convertible Unsecured Notes Claims, and (iii) Class 6 Equity Interests in the Debtor (the only classes entitled to vote under the Plan) were entitled to vote on the Plan.  The voting deadline is _____, 2020.

　　　　**Objections to the Plan**. The deadline for filing objections to the Plan or the assumption of any executory contracts or unexpired leases under the Plan is _____, 2020, at 4:00 p.m., prevailing **Eastern time**.  Any objection (each, an "Objection") must: (a) be in writing; (b) comply with the Federal Rules of Bankruptcy Procedure and the Bankruptcy Local Rules for the District of Delaware; (c) state the name and address of the objecting party and the amount and nature of the claim or interest beneficially owned by such entity; and (d) state with particularity the legal and factual basis for such objections, and, if practicable, a proposed modification to the Plan that would resolve such objections.

　　　　Objections must be filed with the Bankruptcy Court and served so as to be **actually received** no later than _____, 2020, at 4:00 p.m., prevailing **Eastern time**, by those parties who have filed a notice of appearance in the Debtor's chapter 11 case as well as the following parties:

(i)　　　　Debtor, Emergent Capital, Inc., 1200 North Federal Highway, Suite 200, Boca Raton, FL 33432 (Attn: Miriam Martinez, Chief Financial Officer);

(ii)　　　　(ii) counsel to the Debtor, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899-8705 (Courier 19801) (Attn:  Richard M. Pachulski, Maxim B. Litvak, and Colin R. Robinson);

(iii)　　　　(iii) counsel to the Supporting Senior Secured Noteholders, Faegre Drinker Biddle & Reath LLP, 1177 Avenue of the Americas, 41st Floor, New York, NY 10036 (Attn:  James H. Millar and Laura E. Appleby) and Faegre Drinker Biddle & Reath LLP, 222 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801 (Attn:  Brett Fallon);

(iv)　　　　(iv) counsel to the Supporting Convertible Unsecured Noteholders, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038 (Attn:  Brett Lawrence and Matthew G. Garofalo) and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801 (Attn:  Matthew B. Lunn); and

(v)　　　　(v) the Office of the United States Trustee for the District of Delaware, 844 King St., Suite 2207, Wilmington, DE 19801.

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.  AS DESCRIBED BELOW, YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE DISCHARGE, RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

　　　　**Procedures for Objections to the Proposed Assumption or Rejection of an Executory Contract and Unexpired Lease and Proposed Cure Amounts.**  The Plan provides that all Executory Contracts and Unexpired Leases will be rejected as of the Effective Date of the Plan except for Executory

Contracts and Unexpired Leases that (1) are identified in the Plan Supplement for assumption, (2) have been previously assumed or rejected pursuant to an order of the Bankruptcy Court, (3) are the subject of a separate motion or notice to reject or assume filed by the Debtor and pending as of the date on which the Plan becomes effective, or (4) previously expired or terminated pursuant to their own terms or by agreement of the parties thereto.

Any counterparty to an Executory Contract or Unexpired Lease that disputes the Debtor's proposed cure amount or otherwise objects to the assumption of such Executory Contract or Unexpired Lease, or objects to the rejection of an Executory Contract or Unexpired Lease, shall file an objection thereto that complies with the requirements described above with respect to objections to the Plan prior to **_____, 2020, at 4:00 p.m., prevailing Eastern time**.

### Summary of Plan Treatment

The following chart summarizes the treatment provided by the Plan to each class of Claims against and Interests in the Debtor, and indicates the voting status of each class. This chart is only a summary of the classification of Claims and Equity Interests under the Plan. References should be made to the entire Disclosure Statement and the Plan for complete description.

| Class | Type of Claim or Interest | Estimated Claim Amount | Impairment | Entitled to Vote | Estimated Recovery Under Plan |
|---|---|---|---|---|---|
| 1 | Other Priority Claims | $0 | No | No | 100% |
| 2 | Other Secured Claims | $0 | No | No | 100% |
| 3 | Senior Secured Notes Claims | $48,758,887.50 plus any interest, fees, and expenses | Yes | Yes | 100% over time |
| 4 | Convertible Unsecured Notes Claims | $67,836,966.00 plus any interest, fees, and expenses | Yes | Yes | 100% over time |
| 5 | General Unsecured Claims | $0 – $250,000 (approx.) | No | No | 100% |
| 6 | Equity Interests in Debtor | N/A | Yes | Yes | Value of certain Grantor Trust Certificates |

### Non-Voting Status of Holders of Certain Claims and Interests and Contract Parties

As set forth above, certain holders of Claims and all holders of Equity Interests are **not** entitled to vote on the Plan. As a result, such parties did not receive any ballots and other related solicitation materials in order to vote on the Plan. Claims in Classes 1, 2, and 5 are Unimpaired under the Plan, and therefore, are presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Further, the Plan provides that all of the Debtor's executory contracts and unexpired leases will be rejected, unless specifically identified for assumption. You should assume that your contract and/or lease will be rejected, unless you are notified that such contract and/or lease will be assumed by the Debtor.

As explained above, the Voting Agent will provide you with copies of the Plan and the Disclosure Statement, upon request.

<u>**Discharge, Release, Exculpation and Injunction[3]**</u>

Please be advised that the Plan contains certain discharge, release, exculpation, and injunction provisions as follows:

**A.**     <u>**Discharge of Claims**</u>

To the fullest extent provided under section 1141(d)(1)(A) and other applicable provisions of the Bankruptcy Code, except as otherwise expressly provided by the Plan or the Confirmation Order, all consideration distributed under the Plan will be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims and Equity Interests of any kind or nature whatsoever against the Debtor or any of its Assets or properties, and regardless of whether any property will have been distributed or retained pursuant to the Plan on account of such Claims or Equity Interests. Except as otherwise expressly provided by the Plan or the Confirmation Order, upon the Effective Date, the Debtor and its Estate will be deemed discharged and released under and to the fullest extent provided under section 1141(d)(1)(A) and other applicable provisions of the Bankruptcy Code from any and all Claims and Equity Interests of any kind or nature whatsoever, including, but not limited to, demands and liabilities that arose before the Confirmation Date, and all debts of the kind specified in section 502(g), 502(h), or 502(i) of the Bankruptcy Code.

**B.**     <u>**Releases by Debtor**</u>

EFFECTIVE AS OF THE EFFECTIVE DATE, FOR GOOD AND VALUABLE CONSIDERATION PROVIDED BY EACH OF THE RELEASED PARTIES, THE ADEQUACY OF WHICH IS HEREBY ACKNOWLEDGED AND CONFIRMED, THE DEBTOR, IN ITS INDIVIDUAL CAPACITY AND AS DEBTOR-IN-POSSESSION (COLLECTIVELY, THE "<u>RELEASING PARTY</u>") WILL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER PROVIDED A FULL DISCHARGE, WAIVER AND RELEASE TO THE RELEASED PARTIES (AND EACH SUCH RELEASED PARTY SO RELEASED SHALL BE DEEMED FOREVER RELEASED, WAIVED AND DISCHARGED BY THE RELEASING PARTY) AND THEIR RESPECTIVE PROPERTIES FROM ANY AND ALL CLAIMS, CAUSES OF ACTION, AND ANY OTHER DEBTS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, ACTIONS, REMEDIES, AND LIABILITIES WHATSOEVER, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING AS OF THE EFFECTIVE DATE OR THEREAFTER ARISING, IN LAW, AT EQUITY, WHETHER FOR TORT, CONTRACT, OR OTHERWISE, BASED IN WHOLE OR IN PART UPON ANY ACT OR OMISSION, TRANSACTION, OR OTHER OCCURRENCE OR CIRCUMSTANCES EXISTING OR TAKING PLACE PRIOR TO OR ON THE EFFECTIVE DATE ARISING FROM OR RELATED IN ANY WAY IN WHOLE OR IN PART TO THE DEBTOR, THE CHAPTER 11 CASE, THE DISCLOSURE STATEMENT, THE PLAN, OR THE SOLICITATION OF VOTES ON THE PLAN THAT THE RELEASING PARTY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR

---

[3] The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights. Defined terms used in this summary have the meanings ascribed in the Plan. If there is an inconsistency between the provisions set forth herein and the Plan, the Plan governs.

COLLECTIVELY) OR THAT ANY HOLDER OF A CLAIM OR EQUITY INTEREST OR OTHER ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT FOR OR ON BEHALF OF THE DEBTOR, ITS ESTATE, OR THE DEBTOR (WHETHER DIRECTLY OR DERIVATIVELY) AGAINST ANY OF THE RELEASED PARTIES; *PROVIDED, HOWEVER*, THAT THE FOREGOING PROVISIONS OF THIS RELEASE SHALL NOT OPERATE TO WAIVE OR RELEASE (I) ANY OFFSET, DEFENSE, COUNTERCLAIM, REDUCTION, OR CREDIT THAT THE DEBTOR MAY HAVE WITH REGARD TO ANY CLAIM ASSERTED AGAINST IT BY A RELEASED PARTY, (II) ANY CAUSES OF ACTION EXPRESSLY SET FORTH IN AND PRESERVED BY THE PLAN OR THE PLAN SUPPLEMENT; (III) ANY CAUSES OF ACTION ARISING FROM ACTUAL FRAUD, GROSS NEGLIGENCE, OR WILLFUL MISCONDUCT AS DETERMINED BY FINAL ORDER OF THE BANKRUPTCY COURT OR ANY OTHER COURT OF COMPETENT JURISDICTION; AND/OR (IV) THE RIGHTS OF THE RELEASING PARTY TO ENFORCE THE PLAN AND THE CONTRACTS, INSTRUMENTS, RELEASES, INDENTURES, AND OTHER AGREEMENTS OR DOCUMENTS DELIVERED UNDER OR IN CONNECTION WITH THE PLAN OR ASSUMED PURSUANT TO THE PLAN OR ASSUMED PURSUANT TO FINAL ORDER OF THE BANKRUPTCY COURT.  THE FOREGOING RELEASE SHALL BE EFFECTIVE AS OF THE EFFECTIVE DATE WITHOUT FURTHER NOTICE TO OR ORDER OF THE BANKRUPTCY COURT, ACT OR ACTION UNDER APPLICABLE LAW, REGULATION, ORDER, OR RULE AND WITHOUT NEED FOR ANY NOTICE TO OR ANY VOTE, CONSENT, AUTHORIZATION, APPROVAL, RATIFICATION, OR OTHER ACTION BY ANY ENTITY OR OTHER PERSON OR ANY DIRECTOR, STOCKHOLDER, SECURITY HOLDER, MANAGER, MEMBER, OR PARTNER (OR BOARD THEREOF) OF ANY ENTITY AND THE CONFIRMATION ORDER WILL PERMANENTLY ENJOIN THE COMMENCEMENT OR PROSECUTION BY ANY PERSON OR ENTITY, WHETHER DIRECTLY, DERIVATIVELY OR OTHERWISE, OF ANY CLAIMS, OBLIGATIONS, SUITS, JUDGMENTS, DAMAGES, DEMANDS, DEBTS, RIGHTS, CAUSES OF ACTION, OR LIABILITIES RELEASED PURSUANT TO THIS RELEASE.

The Released Parties are, collectively, the following parties each in its capacity as such:  (a) the Debtor, (b) the Debtor's current and former directors and officers, (c) the Senior Secured Notes Trustee, (d) the Convertible Unsecured Notes Trustee, (e) the Supporting Senior Secured Noteholders, (f) the Supporting Convertible Unsecured Noteholders, (g) the Holders of Claims and Equity Interests who vote in favor of the Plan; and (h) the Related Persons of each of (a) through (g) of the foregoing.

**C.**     <u>**Releases By Holders of Claims and Equity Interests**</u>

AS OF AND SUBJECT TO THE OCCURRENCE OF THE EFFECTIVE DATE, EXCEPT FOR THE RIGHTS THAT REMAIN IN EFFECT FROM AND AFTER THE EFFECTIVE DATE TO ENFORCE THE PLAN AND THE PLAN DOCUMENTS, FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, INCLUDING, WITHOUT LIMITATION, THE SERVICE OF THE RELEASED PARTIES TO FACILITATE THE REORGANIZATION OF THE DEBTOR AND THE IMPLEMENTATION OF THE RESTRUCTURING AND THE RESTRUCTURING TRANSACTIONS, AND EXCEPT AS OTHERWISE PROVIDED IN THE PLAN OR IN THE CONFIRMATION ORDER, THE RELEASED PARTIES ARE DEEMED FOREVER RELEASED AND DISCHARGED BY THE (I) THE HOLDERS OF ALL CLAIMS AND EQUITY INTERESTS WHO VOTE TO ACCEPT THE PLAN, (II) HOLDERS OF CLAIMS THAT ARE UNIMPAIRED UNDER THE PLAN, (III) HOLDERS OF CLAIMS OR EQUITY INTERESTS WHOSE VOTE TO ACCEPT OR REJECT THE PLAN IS SOLICITED BUT WHO DO NOT

VOTE EITHER TO ACCEPT OR TO REJECT THE PLAN, (IV) HOLDERS OF CLAIMS OR EQUITY INTERESTS WHO VOTE TO REJECT THE PLAN BUT DO NOT OPT OUT OF GRANTING THE RELEASES SET FORTH HEREIN, (V) THE SENIOR SECURED NOTES TRUSTEE, AND (VI) THE CONVERTIBLE UNSECURED NOTES TRUSTEE, FROM ANY AND ALL CLAIMS, INTERESTS, OBLIGATIONS, SUITS, JUDGMENTS, DAMAGES, DEMANDS, DEBTS, RIGHTS, CAUSES OF ACTION, LOSSES, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, THAT SUCH HOLDERS OR THEIR AFFILIATES WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR OTHER ENTITY, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTOR, THE CHAPTER 11 CASE, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTOR, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN THE DEBTOR AND ANY RELEASED PARTY, THE RESTRUCTURING, THE RESTRUCTURING OF ANY CLAIM OR EQUITY INTEREST BEFORE OR DURING THE CHAPTER 11 CASE, THE RESTRUCTURING TRANSACTIONS, THE NEGOTIATION, FORMULATION, OR PREPARATION OF THE DISCLOSURE STATEMENT, THE PLAN, AND RELATED AGREEMENTS, INSTRUMENTS, AND OTHER DOCUMENTS (INCLUDING THE PLAN DOCUMENTS), THE SOLICITATION OF VOTES WITH RESPECT TO THE PLAN, OR ANY OTHER ACT OR OMISSION, OTHER THAN CLAIMS OR CAUSES OF ACTION ARISING OUT OF OR RELATED TO ANY ACT OR OMISSION OF A RELEASED PARTY THAT IS A CRIMINAL ACT OR CONSTITUTES ACTUAL FRAUD, GROSS NEGLIGENCE, OR WILLFUL MISCONDUCT.  NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, ANY RESTRUCTURING TRANSACTIONS, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THE PLAN.

**D.**   **Exculpation**

Without affecting or limiting the releases in Article X.B or XI of the Plan, the Exculpated Parties will neither have nor incur any liability to any Entity for any claims or Causes of Action arising before, on or after the Petition Date and prior to or on the Effective Date for any act taken or omitted to be taken in connection with, or related to formulating, negotiating, preparing, disseminating, implementing, administering, confirming or effecting the Consummation of the Plan, the Disclosure Statement or any contract, instrument, release or other agreement or document created or entered into in connection with the Plan or any other prepetition or Postpetition act taken or omitted to be taken in connection with or in contemplation of the restructuring of the Debtor, the approval of the Disclosure Statement or confirmation or Consummation of the Plan; *provided, however,* that the foregoing provisions will have no effect on the liability of any Entity that results from any such act or omission that is determined in a Final Order of the Bankruptcy Court or other court of competent jurisdiction to have constituted actual fraud, gross negligence or willful misconduct; *provided, further,* that each Exculpated Party will be entitled to rely upon the advice of counsel concerning its duties pursuant to, or in connection with, the above-referenced documents, actions or inactions; *provided, further,* however that the foregoing provisions will not apply to any acts, omissions, Claims, Causes of

Action or other obligations expressly set forth in and preserved by the Plan or the Plan Supplement.

The Exculpated Parties are, collectively:  (a) the Debtor, (b) the Plan Agent, and (c) the respective Related Persons of each of the foregoing Entities.

E.    **Injunction**

EXCEPT AS OTHERWISE PROVIDED IN THE PLAN, FROM AND AFTER THE EFFECTIVE DATE, ALL ENTITIES ARE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER, ANY SUIT, ACTION OR OTHER PROCEEDING, OR CREATING, PERFECTING OR ENFORCING ANY LIEN OF ANY KIND, ON ACCOUNT OF OR RESPECTING ANY CLAIM, DEMAND, LIABILITY, OBLIGATION, DEBT, RIGHT, CAUSE OF ACTION, EQUITY INTEREST, OR REMEDY RELEASED OR TO BE RELEASED, EXCULPATED OR TO BE EXCULPATED, OR DISCHARGED OR TO BE DISCHARGED PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER.  BY ACCEPTING DISTRIBUTIONS PURSUANT TO THE PLAN, EACH HOLDER OF AN ALLOWED CLAIM OR EQUITY INTEREST WILL BE DEEMED TO HAVE SPECIFICALLY CONSENTED TO THIS INJUNCTION.  ALL INJUNCTIONS OR STAYS PROVIDED FOR IN THE CHAPTER 11 CASE UNDER SECTION 105 OR 362 OF THE BANKRUPTCY CODE, OR OTHERWISE, AND IN EXISTENCE ON THE CONFIRMATION DATE, WILL REMAIN IN FULL FORCE AND EFFECT UNTIL THE EFFECTIVE DATE.

### Releases Granted by Members of Classes 1, 2, and 5

If you are member of Class 1, 2, or 5, then, as noted above, you are deemed to have accepted the Plan and you are deemed to have consented to the releases set forth in Article XI of the Plan and above.

### Releases Granted by Members of Classes 3, 4, and 6

If you are a member of Class 3, 4, or 6, and if you vote to accept the Plan, you will be deemed to have consented to the releases set forth in Article XI of the Plan and summarized above.

If you and are a member of Class 3, 4, or 6, and you (i) do not vote either to accept or reject the Plan, or (ii) vote to reject the Plan and do not check the "opt out" box in Item 3 of your ballot, you shall be deemed to have consented to the releases set forth in Article XI of the Plan and included in item 3 of your ballot.  For the Class 3, 4, or 6 members described in item (ii) of this paragraph, the election to withhold consent to grant the releases by checking the "opt out" box in Item 3 of your ballot is at your option.

### Hearing on Confirmation of the Plan

The hearing (the "Confirmation Hearing") will be held before the Honorable _____, United States Bankruptcy Judge of the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 6th Floor, Courtroom No. 2, Wilmington, DE 19801, on _____, 2020, at __:00 __.m., prevailing Eastern time, to consider confirmation of the Plan, any objections thereto, and any other matter that may properly come before the Bankruptcy Court.  Please be advised that the Confirmation Hearing may be continued from time to time by the Bankruptcy Court or the Debtors without further notice other than by such adjournment being announced in open court or in

the filing of a notice or a hearing agenda in this Chapter 11 Case with the Bankruptcy Court and served on other parties entitled to notice.

Dated: _____, 2020    PACHULSKI STANG ZIEHL & JONES LLP

               */s/*               
              Richard M. Pachulski (CA Bar No. 62337)
              Maxim B. Litvak (CA Bar No. 215852)
              Colin R. Robinson (DE Bar No. 5524)
              919 North Market Street, 17th Floor
              P.O. Box 8705
              Wilmington, Delaware 19899-8705 (Courier 19801)
              Telephone: (302) 652-4100
              Facsimile:  (302) 652-4400
              E-mail:  rpachulski@pszjlaw.com
                   mlitvak@pszjlaw.com
                   crobinson@pszjlaw.com

              Proposed Counsel for Emergent Capital, Inc.,
              Debtor and Debtor in Possession

**Exhibit 2**

**Assumption and Cure Notice**

[TO BE PROVIDED]

**<u>Exhibit 3</u>**

**Form of Ballots for Class 3**

**Senior Secured Notes Claims**

(such Claims are not held through a Nominee)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| EMERGENT CAPITAL, INC.,[1] | § | Chapter 11 |
| | § | |
| Debtor. | § | Case No. 20-_____ (___) |
| | § | |
| | § | |
| | § | |

**BALLOT FOR VOTING TO ACCEPT OR REJECT
DEBTOR EMERGENT CAPITAL, INC.'S CHAPTER 11 PLAN OF REORGANIZATION**

**CLASS 3 HOLDERS OF SENIOR SECURED NOTES CLAIMS**

> **PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**
>
> **IN ORDER FOR YOUR VOTE TO BE COUNTED, YOUR BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED TO THE VOTING AGENT BY _____, 2020, AT 4:00 P.M. PREVAILING EASTERN TIME (THE "VOTING DEADLINE").**
>
> **PLEASE NOTE THAT YOUR VOTE ON THE PLAN IS BINDING AND IRREVOCABLE. IN THE EVENT THAT ANY OF YOUR SENIOR SECURED NOTES ARE TRANSFERRED, ANY ASSIGNEE OF SUCH NOTES SHALL BE BOUND BY YOUR VOTE ON THE PLAN.**

EMERGENT CAPITAL, INC. (the "Debtor") is soliciting votes with respect to the *Debtor Emergent Capital, Inc.'s Chapter 11 Plan of Reorganization* (as may be amended from time to time, the "Plan") as set forth in the *Disclosure Statement for Debtor Emergent Capital, Inc.'s Chapter 11 Plan of Reorganization* (as may be amended from time to time, the "Disclosure Statement"). The Disclosure Statement has been approved by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this Class 3 Ballot (the "Class 3 Ballot") because you are a Holder of Senior Secured Notes Claims in Class 3 as of _____, 2020 (the "Voting Record Date"). Accordingly, you have a right to vote to accept or reject the Plan.

Your rights are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Class 3 Ballot. If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them from Kurtzman Carson Consultants LLC (the "Voting Agent") at no charge by calling the Voting Agent at 877-499-4509 (toll free) or +1 (917) 281-4800 (international) or emailing EmergentInfo@kccllc.com.

---

[1] The last four digits of the Debtor's taxpayer identification number is -3473. The location of the Debtor's service address for purposes of this case is 1200 North Federal Highway, Suite 200, Boca Raton, FL 33432.

1

The Debtor has commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if (i) it is accepted by the holders of at least two-thirds of the aggregate principal amount and more than one-half the number of the claims voted in Class 3, and (ii) if the Plan otherwise satisfies the applicable requirements of section 1129(a) under the Bankruptcy Code.  To have your vote counted, you must complete, sign, and return this Ballot to the Voting Agent by the Voting Deadline.

**PLEASE COMPLETE, SIGN, AND DATE THIS CLASS 3 BALLOT AND RETURN IT TO THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE, WHICH IS _____, 2020, AT 4:00 P.M., PREVAILING EASTERN TIME.  IF A BALLOT RECORDING YOUR VOTE IS NOT RECEIVED BY THE VOTING DEADLINE, AND IF THE VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE WILL NOT COUNT UNLESS THE VOTING DEADLINE IS EXTENDED IN THE DISCRETION OF THE DEBTOR.**

**PLEASE NOTE THAT YOUR VOTE ON THE PLAN IS BINDING AND IRREVOCABLE.  IN THE EVENT THAT ANY OF YOUR SENIOR SECURED NOTES ARE TRANSFERRED, ANY ASSIGNEE OF SUCH NOTES SHALL BE BOUND BY YOUR VOTE ON THE PLAN.**

This Class 3 Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan.  If you believe that you have received this Class 3 Ballot in error, or if you believe that you have received the wrong ballot, please contact the Voting Agent *immediately* at the telephone number or email address set forth above.

You should review the Disclosure Statement and the Plan in their entirety before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your claim. Your claim has been placed in Class 3 Senior Secured Notes Claims under the Plan.

PLEASE READ THE DISCLOSURE STATEMENT AND PLAN FOR MORE DETAILS.

**PLEASE READ THE ATTACHED VOTING INFORMATION
AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT**

<u>**Item 1.**</u> **Amount of Claim.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder (or authorized signatory of such holder) of a Class 3 Senior Secured Notes Claim in the following aggregate unpaid principal amount, without regard to any accrued but unpaid interest (insert amount in box below):

> $_____

<u>**Item 2.**</u> **Vote on Plan.**

| **Prior to voting on the Plan, please note the following:** |
|---|
| If you vote to accept the Plan, you shall be deemed to have consented to the Third Party Release, which is set forth in Article XI of the Plan and restated in Item 3 below. |
| If you (i) do not vote either to accept or reject the Plan, or (ii) vote to reject the Plan and do not check the box in Item 3 below, you shall be deemed to have consented to the Third Party Release provisions set forth in Article XI of the Plan and included under Item 3 below. |
| The Disclosure Statement and the Plan must be referenced for a complete description of the release, injunction, and exculpation provisions incorporated in the Plan. |

The Holder of the Class 3 Senior Secured Notes Claim against the Debtor set forth in Item 1 votes to (please check one):

| ☐ **ACCEPT** (vote FOR Plan) | ☐ **REJECT** (vote AGAINST the Plan) |
|---|---|

Any ballot not marked either to accept or reject the Plan, or marked both to accept and to reject the Plan, shall not be counted in determining acceptance or rejection of the plan.

<u>**Item 3.**</u> **Important information regarding the Third Party Release.**

If you voted to reject the Plan in Item 2 above, check this box if you elect not to grant the Third Party Release contained in Article XI of the Plan. Election to withhold consent is at your option. If you submit your Class 3 Ballot without this box checked, or you do not vote either to accept or reject the Plan, you will be deemed to consent to the Third Party Release contained in Article XI of the Plan to the fullest extent permitted by applicable law. If you voted to accept the Plan in Item 2 above, you will be deemed to consent to the Third Party Release in Article XI of the Plan to the fullest extent permitted by applicable law, regardless of whether you checked this box. The text of the Third Party Release is set forth below.

> ☐ **OPT OUT** The undersigned has voted to reject the Plan in Item 2 *and* elects to opt out of the Third Party Release described in Article XI of the Plan and set forth below.

<u>**Article XI of the Plan contains the following provision:**</u>

AS OF AND SUBJECT TO THE OCCURRENCE OF THE EFFECTIVE DATE, EXCEPT FOR THE RIGHTS THAT REMAIN IN EFFECT FROM AND AFTER THE EFFECTIVE DATE TO

ENFORCE THIS PLAN AND THE PLAN DOCUMENTS, FOR GOOD AND VALUABLE
CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, INCLUDING,
WITHOUT LIMITATION, THE SERVICE OF THE RELEASED PARTIES TO FACILITATE THE
REORGANIZATION OF THE DEBTOR AND THE IMPLEMENTATION OF THE
RESTRUCTURING AND THE RESTRUCTURING TRANSACTIONS, AND EXCEPT AS
OTHERWISE PROVIDED IN THIS PLAN OR IN THE CONFIRMATION ORDER, THE RELEASED
PARTIES ARE DEEMED FOREVER RELEASED AND DISCHARGED BY THE (I) THE HOLDERS
OF ALL CLAIMS AND EQUITY INTERESTS WHO VOTE TO ACCEPT THIS PLAN, (II)
HOLDERS OF CLAIMS THAT ARE UNIMPAIRED UNDER THIS PLAN, (III) HOLDERS OF
CLAIMS OR EQUITY INTERESTS WHOSE VOTE TO ACCEPT OR REJECT THIS PLAN IS
SOLICITED BUT WHO DO NOT VOTE EITHER TO ACCEPT OR TO REJECT THIS PLAN, (IV)
HOLDERS OF CLAIMS OR EQUITY INTERESTS WHO VOTE TO REJECT THIS PLAN BUT DO
NOT OPT OUT OF GRANTING THE RELEASES SET FORTH HEREIN, (V) THE SENIOR
SECURED NOTES TRUSTEE, AND (VI) THE CONVERTIBLE UNSECURED NOTES TRUSTEE,
FROM ANY AND ALL CLAIMS, INTERESTS, OBLIGATIONS, SUITS, JUDGMENTS, DAMAGES,
DEMANDS, DEBTS, RIGHTS, CAUSES OF ACTION, LOSSES, REMEDIES, AND LIABILITIES
WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS, WHETHER KNOWN OR
UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW,
EQUITY, OR OTHERWISE, THAT SUCH HOLDERS OR THEIR AFFILIATES WOULD HAVE
BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY
OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR OTHER ENTITY,
BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART,
THE DEBTOR, THE CHAPTER 11 CASE, THE PURCHASE, SALE, OR RESCISSION OF THE
PURCHASE OR SALE OF ANY SECURITY OF THE DEBTOR, THE SUBJECT MATTER OF, OR
THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS
TREATED IN THIS PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN
THE DEBTOR AND ANY RELEASED PARTY, THE RESTRUCTURING, THE RESTRUCTURING
OF ANY CLAIM OR EQUITY INTEREST BEFORE OR DURING THE CHAPTER 11 CASE, THE
RESTRUCTURING TRANSACTIONS, THE NEGOTIATION, FORMULATION, OR PREPARATION
OF THE DISCLOSURE STATEMENT, THIS PLAN, AND RELATED AGREEMENTS,
INSTRUMENTS, AND OTHER DOCUMENTS (INCLUDING THE PLAN DOCUMENTS), THE
SOLICITATION OF VOTES WITH RESPECT TO THIS PLAN, OR ANY OTHER ACT OR
OMISSION, OTHER THAN CLAIMS OR CAUSES OF ACTION ARISING OUT OF OR RELATED
TO ANY ACT OR OMISSION OF A RELEASED PARTY THAT IS A CRIMINAL ACT OR
CONSTITUTES INTENTIONAL FRAUD, GROSS NEGLIGENCE, OR WILLFUL MISCONDUCT.

The Released Parties are, collectively, the following parties each in its capacity as such: (a) the
Debtor, (b) the Debtor's current and former directors and officers, (c) the Senior Secured Notes Trustee,
(d) the Convertible Unsecured Notes Trustee, (e) the Supporting Senior Secured Noteholders; (f) the
Supporting Convertible Unsecured Noteholders, (g) the Holders of Claims and Equity Interests who vote
in favor of the Plan; and (h) the Related Persons of each of (a) through (g) of the foregoing.

**Item 4. Certifications.**

By signing this Class 3 Ballot, the undersigned certifies to the Bankruptcy Court and the Debtor:

    (a) that, as of the Voting Record Date, either: (i) the Entity is the holder of the Class 3 Senior
        Secured Notes Claim being voted; or (ii) the Entity is an authorized signatory for an Entity that
        is a holder of the Class 3 Senior Secured Notes Claim being voted;

4

(b) that the Entity (or in the case of an authorized signatory, the holder) has received a copy of the Solicitation Package, including the Plan and the Disclosure Statement, and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c) that the Entity has the power and authority to vote to accept or reject the Plan;

(d) that the Entity understands that an otherwise properly completed, executed, and timely returned Class 3 Holder Ballot failing to indicate either acceptance or rejection of the Plan or indicating both acceptance and rejection of the Plan will not be counted; and

(e) that the Entity understands that if it has submitted Class 3 Ballots for other Class 3 Senior Secured Notes Claims, whether held in other accounts or other record names, and such Ballots indicate different votes to accept or reject the plan, then all such Class 3 Ballots will not be counted.

| | |
|---|---|
| Name of Holder: | _____ |
| Signature: | _____ |
| Name of Signatory | _____ |
| | (if other than holder) |
| Address: | _____ |
| | _____ |
| | _____ |
| | _____ |
| Telephone: | _____ |
| Email: | _____ |
| Date Completed: | _____ |

**PLEASE COMPLETE, SIGN, AND DATE THIS CLASS 3 HOLDER BALLOT AND RETURN
IT PROMPTLY BY ELECTRONIC MAIL (WITH PDF ATTACHMENT), FIRST CLASS MAIL,
OVERNIGHT COURIER, OR HAND DELIVERY TO:**

**Emergent Capital, Inc.**
**Ballot Processing Center**
**C/O Kurtzman Carson Consultants LLC**
**222 N. Pacific Coast Highway, Suite 300**
**El Segundo, CA 90245**
**Email: Emergentinfo@kccllc.com**

**Telephone: (877) 499-4509 (toll free) or +1 (917) 281-4800 (international)**

**PLEASE NOTE THAT YOUR VOTE ON THE PLAN IS BINDING AND IRREVOCABLE.  IN
THE EVENT THAT ANY OF YOUR SENIOR SECURED NOTES ARE TRANSFERRED, ANY
ASSIGNEE OF SUCH NOTES SHALL BE BOUND BY YOUR VOTE ON THE PLAN.**

**Item 5**. Accredited Investor Status.

**THE DEBTOR IS REQUESTING THE BELOW CONFIRMATION REGARDING ACCREDITED INVESTOR STATUS.**

Please check the below box only if you are an "accredited investor" or the authorized signatory of an "accredited investor" within the meaning of Rule 501 of Regulation D under the Securities Act of 1933. The definition of "accredited investor" is attached hereto as **Exhibit 1**.

☐        YES, I am an Accredited Investor or the authorized signatory of an Accredited Investor.

| Class 3 Senior Secured Notes Claims |
|---|

## VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THIS CLASS 3 BALLOT

1.  The Debtor is soliciting the votes of holders of Claims with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement.  Capitalized terms used in the Class 3 Ballot or in these instructions (the "<u>Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meaning set forth in the Plan.  **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.  The Plan can be confirmed by the Court and thereby made binding upon you if (i) it is accepted by the holders of at least two-thirds in amount and more than one-half in number of Claims in at least one Class of creditors that votes on the Plan and (ii) if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3.  You must timely submit your Class 3 Ballot to the Voting Agent by the Voting Deadline.  The Voting Deadline for the receipt of Ballots by the Voting Agent is _____**, 2020, at 4:00 p.m., prevailing Eastern Time.  Your completed Class 3 Ballot must be received by the Voting Agent on or before the Voting Deadline.**

4.  **The following Class 3 Ballots will *not* be counted**:

    (a)  any Class 3 Ballot that partially rejects and partially accepts the Plan;

    (b)  any Class 3 Ballot sent to the Debtor, the Senior Secured Notes Trustee, or the their respective financial or legal advisors;

    (c)  any Class 3 Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim;

    (d)  any Class 3 Ballot cast by an Entity that does not hold a Claim in Class 3;

    (e)  any unsigned Class 3 Ballot;

    (f)  any Class 3 Ballot submitted by a holder not entitled to vote pursuant to the Plan;

    (g)  any unofficial Class 3 Ballot; and/or

    (h)  any Class 3 Ballot not marked to accept or reject the Plan or any Class 3 Ballot marked both to accept and reject the Plan.

5.  If your Class 3 Ballot is not received by the Voting Agent, it will not be counted unless the Debtor determines otherwise in its discretion.  No Class 3 Ballot should be sent to the Debtor, the Senior Secured Notes Trustee, or their respective financial or legal advisors, and if so sent will not be counted.

6.  If you deliver multiple Class 3 Ballots to the Voting Agent with respect to the same claim prior to the Voting Deadline, the last received valid Class 3 Ballot timely received will supersede and revoke any earlier received Class 3 Ballot.

7.  You must vote all of your claims within Class 3 Senior Secured Notes Claims either to accept or reject the Plan and may *not* split your vote.  Further, if a holder has multiple claims within Class 3,

8

the Debtor may, in its discretion, aggregate the claims of any particular holder with multiple claims within Class 3 for the purpose of counting votes.

8.  This Class 3 Ballot does ***not*** constitute, and shall not be deemed to be, (a) a proof of claim or (b) an assertion or admission of a claim.

9.  **Please be sure to sign and date your Class 3 Ballot**. If you are signing a Class 3 Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, the Debtor, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Class 3 Ballot.

10. The Class 3 Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.

11. In the event that (i) the Debtor revokes or withdraws the Plan, or (ii) the Confirmation Order is not entered or the consummation of the Plan does not occur, this Class 3 Ballot shall automatically be null and void and deemed withdrawn without any requirement of affirmative action by or notice to you.

12. There may be changes made to the Plan that do not cause material adverse effects on an accepting Class.  If such non-material changes are made to the Plan, the Debtor will not resolicit votes for acceptance or rejection of the Plan.

13. NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

**PLEASE RETURN YOUR CLASS 3 BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS CLASS 3 BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE RESTRUCTURING HOTLINE AT (877) 499-4509 (TOLL FREE) OR +1 (917) 281-4800 (INTERNATIONAL) OR EMAIL EMERGENTINFO@KCCLLC.COM.**

---

**IF THE VOTING AGENT DOES NOT *ACTUALLY RECEIVE* THE CLASS 3 BALLOT ON OR BEFORE [_____], 2020, AT 4:00 P.M. PREVAILING EASTERN TIME, AND IF THE VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE TRANSMITTED BY THIS CLASS 3 BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTOR.**

**PLEASE NOTE THAT YOUR VOTE ON THE PLAN IS BINDING AND IRREVOCABLE.  IN THE EVENT THAT ANY OF YOUR SENIOR SECURED NOTES ARE TRANSFERRED, ANY ASSIGNEE OF SUCH NOTES SHALL BE BOUND BY YOUR VOTE ON THE PLAN.**

---

## Exhibit 1

*"Accredited Investor"*

Rule 501(a) under Regulation D of the Securities Act of 1933, in relevant part, states that an "accredited investor" shall mean any person who comes within any of the below listed categories, or who the issuer reasonably believes comes within any of the below listed categories, at the time of the sale of the securities to that person.

(1) Any bank as defined in section 3(a)(2) of the Act, or any savings and loan association or other institution as defined in section 3(a)(5)(A) of the Act whether acting in its individual or fiduciary capacity; any broker or dealer registered pursuant to section 15 of the Securities Exchange Act of 1934; any insurance company as defined in section 2(a)(13) of the Act; any investment company registered under the Investment Company Act of 1940 or a business development company as defined in section 2(a)(48) of that Act; any Small Business Investment Company licensed by the U.S. Small Business Administration under section 301(c) or (d) of the Small Business Investment Act of 1958; any plan established and maintained by a state, its political subdivisions, or any agency or instrumentality of a state or its political subdivisions, for the benefit of its employees, if such plan has total assets in excess of $5,000,000; any employee benefit plan within the meaning of the Employee Retirement Income Security Act of 1974 if the investment decision is made by a plan fiduciary, as defined in section 3(21) of such act, which is either a bank, savings and loan association, insurance company, or registered investment adviser, or if the employee benefit plan has total assets in excess of $5,000,000 or, if a self-directed plan, with investment decisions made solely by persons that are accredited investors;

(2) Any private business development company as defined in section 202(a)(22) of the Investment Advisers Act of 1940;

(3) Any organization described in section 501(c)(3) of the Internal Revenue Code, corporation, Massachusetts or similar business trust, or partnership, not formed for the specific purpose of acquiring the securities offered, with total assets in excess of $5,000,000;

(4) Any director, executive officer, or general partner of the issuer of the securities being offered or sold, or any director, executive officer, or general partner of a general partner of that issuer;

(5) Any natural person whose individual net worth, or joint net worth with that person's spouse, at the time of his purchase exceeds $1,000,000, subject to the calculation of such net worth as set forth in such Rule;

(6) Any natural person who had an individual income in excess of $200,000 in each of the two most recent years or joint income with that person's spouse in excess of $300,000 in each of those years and has a reasonable expectation of reaching the same income level in the current year;

(7) Any trust, with total assets in excess of $5,000,000, not formed for the specific purpose of acquiring the securities offered, whose purchase is directed by a sophisticated person as described in § 230.506(b)(2)(ii); and

(8) Any entity in which all of the equity owners are accredited investors.

**Exhibit 4**

**Form of Master and Beneficial Holder Ballots for Class 4**

**Convertible Unsecured Notes Claims**

(such Claims are held through a Nominee)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| EMERGENT CAPITAL, INC.,[1] | § | Chapter 11 |
| | § | |
| Debtor. | § | Case No. 20-_____ (___) |
| | § | |
| | § | |
| | § | |

**BENEFICIAL HOLDER BALLOT FOR VOTING TO ACCEPT OR REJECT
DEBTOR EMERGENT CAPITAL, INC.'S CHAPTER 11 PLAN OF REORGANIZATION**

**CLASS 4 HOLDERS OF CONVERTIBLE UNSECURED NOTES CLAIMS
(BENEFICIAL HOLDERS)**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**IN ORDER FOR YOUR VOTE TO BE COUNTED, YOUR BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED TO YOUR NOMINEE SO THAT THE MASTER BALLOT SUBMITTED ON YOUR BEHALF BY YOUR NOMINEE IS *ACTUALLY RECEIVED* BY THE VOTING AGENT BY _____, 2020, AT 4:00 P.M. PREVAILING EASTERN TIME (THE "VOTING DEADLINE"). THEREFORE, YOU MUST FOLLOW THE DIRECTIONS OF YOUR NOMINEE TO CAST YOUR VOTE AND ALLOW SUFFICIENT TIME FOR YOUR NOMINEE TO RECEIVE YOUR VOTE AND TO TRANSMIT SUCH VOTE ON A MASTER BALLOT, WHICH MASTER BALLOT MUST BE RETURNED TO THE VOTING AGENT BY THE VOTING DEADLINE IN ORDER FOR YOUR VOTE TO BE COUNTED.**

**PLEASE NOTE THAT YOUR VOTE ON THE PLAN IS BINDING AND IRREVOCABLE.   IN THE EVENT THAT ANY OF YOUR CONVERTIBLE UNSECURED NOTES ARE TRANSFERRED, ANY ASSIGNEE OF SUCH NOTES SHALL BE BOUND BY YOUR VOTE ON THE PLAN.**

---

EMERGENT CAPITAL, INC. (the "Debtor") is soliciting votes with respect to the *Debtor Emergent Capital, Inc.'s Chapter 11 Plan of Reorganization* (as may be amended from time to time, the "Plan") as set forth in the *Disclosure Statement for Debtor Emergent Capital, Inc.'s Chapter 11 Plan of Reorganization* (as may be amended from time to time, the "Disclosure Statement").  The Disclosure Statement has been approved by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

---

[1] The last four digits of the Debtor's taxpayer identification number is -3473.  The location of the Debtor's service address for purposes of this case is 1200 North Federal Highway, Suite 200, Boca Raton, FL 33432.

1

You are receiving this Class 4 Ballot for Beneficial Holders[2] (the "Class 4 Beneficial Holder Ballot") because you are a Beneficial Holder of Convertible Unsecured Notes Claims in Class 4 as of _____, 2020 (the "Voting Record Date").  Accordingly, you have a right to vote to accept or reject the Plan.

Your rights are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Class 4 Beneficial Holder Ballot.  If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them from Kurtzman Carson Consultants LLC (the "Voting Agent") at no charge by calling the Voting Agent at (877) 499-4509 (toll free) or +1 (917) 281-4800 (international) or emailing EmergentInfo@kccllc.com.

The Debtor has commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Plan thereafter can be confirmed by the Bankruptcy Court and thereby made binding on you if (i) it is accepted by the holders of at least two-thirds of the aggregate principal amount and more than one-half the number of the claims voted in Class 4, and (ii) if the Plan otherwise satisfies the applicable requirements of section 1129(a) under the Bankruptcy Code.  To have your vote counted, you must complete, sign, and return this Ballot to the Voting Agent by the Voting Deadline.

**PLEASE COMPLETE, SIGN, AND DATE THIS CLASS 4 BENEFICIAL HOLDER BALLOT AND RETURN IT IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED BY YOUR BROKER, BANK, OR OTHER NOMINEE, OR THE AGENT OF A BROKER, BANK, OR OTHER NOMINEE (EACH OF THE FOREGOING, A "NOMINEE").  IN ORDER FOR YOUR VOTE TO COUNT, YOUR NOMINEE MUST RECEIVE THIS CLASS 4 BENEFICIAL HOLDER BALLOT IN SUFFICIENT TIME FOR YOUR NOMINEE TO INCLUDE YOUR VOTE ON A MASTER BALLOT (THE "MASTER BALLOT") THAT MUST BE RECEIVED BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE, WHICH IS _____, 2020, AT 4:00 P.M., PREVAILING EASTERN TIME.  THUS, PLEASE ALLOW SUFFICIENT TIME FOR YOUR VOTE TO BE INCLUDED ON THE MASTER BALLOT COMPLETED BY YOUR NOMINEE.  IF A MASTER BALLOT RECORDING YOUR VOTE IS NOT RECEIVED BY THE VOTING DEADLINE, AND IF THE VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE WILL NOT COUNT UNLESS THE VOTING DEADLINE IS EXTENDED IN THE DISCRETION OF THE DEBTOR.**

**PLEASE NOTE THAT YOUR VOTE ON THE PLAN IS BINDING AND IRREVOCABLE.  IN THE EVENT THAT ANY OF YOUR CONVERTIBLE UNSECURED NOTES ARE TRANSFERRED, ANY ASSIGNEE OF SUCH NOTES SHALL BE BOUND BY YOUR VOTE ON THE PLAN.**

This Class 4 Beneficial Holder Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan.  If you believe that you have received this Class 4 Beneficial Holder Ballot in error, or if you believe that you have received the wrong ballot, please contact the Voting Agent *immediately* at the telephone number or email address set forth above.

You should review the Disclosure Statement and the Plan in their entirety before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your claim.  Your claim has been placed in Class 4 Convertible Unsecured Notes Claims under the Plan.

---

[2]  A "Beneficial Holder" means a beneficial owner of securities whose clams have not been satisfied prior to the Voting Record Date (as defined herein).

PLEASE READ THE DISCLOSURE STATEMENT AND PLAN FOR MORE DETAILS.

**PLEASE READ THE ATTACHED VOTING INFORMATION
AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT**

**Item 1.** **Amount of Claim.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Beneficial Holder (or authorized signatory of such beneficial holder) of a Class 4 Convertible Unsecured Notes Claim in the following aggregate unpaid principal amount, without regard to any accrued but unpaid interest (insert amount in box below, unless otherwise completed by your Nominee):

$\boxed{\text{\$_____}}$

**Item 2.** **Vote on Plan.**

| **Prior to voting on the Plan, please note the following:** |
| --- |
| If you vote to accept the Plan, you shall be deemed to have consented to the Third Party Release, which is set forth in Article XI of the Plan and restated in Item 3 below. |
| If you (i) do not vote either to accept or reject the Plan, or (ii) vote to reject the Plan and do not check the box in Item 3 below, you shall be deemed to have consented to the Third Party Release provisions set forth in Article XI of the Plan and included under Item 3 below. |
| The Disclosure Statement and the Plan must be referenced for a complete description of the release, injunction, and exculpation provisions incorporated in the Plan. |

The Beneficial Holder of the Class 4 Convertible Unsecured Notes Claim against the Debtor set forth in Item 1 votes to (please check one):

| ☐   **ACCEPT** (vote FOR Plan) | ☐   **REJECT** (vote AGAINST the Plan) |
| --- | --- |

Any ballot not marked either to accept or reject the Plan, or marked both to accept and to reject the Plan, shall not be counted in determining acceptance or rejection of the plan.

**Item 3.** **Important information regarding the Third Party Release.**

If you voted to reject the Plan in Item 2 above, check this box if you elect not to grant the Third Party Release contained in Article XI of the Plan. Election to withhold consent is at your option. If you submit your Class 4 Beneficial Holder Ballot without this box checked, or you do not vote either to accept or reject the Plan, you will be deemed to consent to the Third Party Release contained in Article XI of the Plan to the fullest extent permitted by applicable law. If you voted to accept the Plan in Item 2 above, you will be deemed to consent to the Third Party Release in Article XI of the Plan to the fullest extent permitted by applicable law. The text of the Third Party Release is set forth below.

3

☐   **OPT OUT**  The undersigned has voted to reject the Plan in Item 2 *and* elects to opt out of the Third Party Release described in Article XI of the Plan and set forth below.

**Article XI of the Plan contains the following provision:**

AS OF AND SUBJECT TO THE OCCURRENCE OF THE EFFECTIVE DATE, EXCEPT FOR THE RIGHTS THAT REMAIN IN EFFECT FROM AND AFTER THE EFFECTIVE DATE TO ENFORCE THIS PLAN AND THE PLAN DOCUMENTS, FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, INCLUDING, WITHOUT LIMITATION, THE SERVICE OF THE RELEASED PARTIES TO FACILITATE THE REORGANIZATION OF THE DEBTOR AND THE IMPLEMENTATION OF THE RESTRUCTURING AND THE RESTRUCTURING TRANSACTIONS, AND EXCEPT AS OTHERWISE PROVIDED IN THIS PLAN OR IN THE CONFIRMATION ORDER, THE RELEASED PARTIES ARE DEEMED FOREVER RELEASED AND DISCHARGED BY THE (I) THE HOLDERS OF ALL CLAIMS AND EQUITY INTERESTS WHO VOTE TO ACCEPT THIS PLAN, (II) HOLDERS OF CLAIMS THAT ARE UNIMPAIRED UNDER THIS PLAN, (III) HOLDERS OF CLAIMS OR EQUITY INTERESTS WHOSE VOTE TO ACCEPT OR REJECT THIS PLAN IS SOLICITED BUT WHO DO NOT VOTE EITHER TO ACCEPT OR TO REJECT THIS PLAN, (IV) HOLDERS OF CLAIMS OR EQUITY INTERESTS WHO VOTE TO REJECT THIS PLAN BUT DO NOT OPT OUT OF GRANTING THE RELEASES SET FORTH HEREIN, (V) THE CONVERTIBLE UNSECURED NOTES TRUSTEE, AND (VI) THE CONVERTIBLE UNSECURED NOTES TRUSTEE, FROM ANY AND ALL CLAIMS, INTERESTS, OBLIGATIONS, SUITS, JUDGMENTS, DAMAGES, DEMANDS, DEBTS, RIGHTS, CAUSES OF ACTION, LOSSES, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, THAT SUCH HOLDERS OR THEIR AFFILIATES WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR OTHER ENTITY, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTOR, THE CHAPTER 11 CASE, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTOR, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THIS PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN THE DEBTOR AND ANY RELEASED PARTY, THE RESTRUCTURING, THE RESTRUCTURING OF ANY CLAIM OR EQUITY INTEREST BEFORE OR DURING THE CHAPTER 11 CASE, THE RESTRUCTURING TRANSACTIONS, THE NEGOTIATION, FORMULATION, OR PREPARATION OF THE DISCLOSURE STATEMENT, THIS PLAN, AND RELATED AGREEMENTS, INSTRUMENTS, AND OTHER DOCUMENTS (INCLUDING THE PLAN DOCUMENTS), THE SOLICITATION OF VOTES WITH RESPECT TO THIS PLAN, OR ANY OTHER ACT OR OMISSION, OTHER THAN CLAIMS OR CAUSES OF ACTION ARISING OUT OF OR RELATED TO ANY ACT OR OMISSION OF A RELEASED PARTY THAT IS A CRIMINAL ACT OR CONSTITUTES INTENTIONAL FRAUD, GROSS NEGLIGENCE, OR WILLFUL MISCONDUCT.

The Released Parties are, collectively, the following parties each in its capacity as such:  (a) the Debtor, (b) the Debtor's current and former directors and officers, (c) the Convertible Unsecured Notes Trustee, (d) the Convertible Unsecured Notes Trustee, (e) the Supporting Convertible Unsecured Noteholders; (f) the Supporting Convertible Unsecured Noteholders, (g) the Holders of Claims and

Equity Interests who vote in favor of the Plan; and (h) the Related Persons of each of (a) through (g) of the foregoing.

**Item 4.** **Other Class 4 Beneficial Holder Ballots Submitted.**

By returning this Class 4 Beneficial Holder Ballot, the holder of the Class 4 Convertible Unsecured Notes Claim identified in Item 1 certifies that (a) this Class 4 Beneficial Holder Ballot is the only Class 4 Beneficial Holder Ballot submitted for Class 4 Convertible Unsecured Notes Claims owned by such holder, except as identified in the following table, and (b) all Class 4 Beneficial Holder Ballots submitted by the holder indicate the same vote to accept or reject the Plan that the holder has indicated in Item 2 of this Class 4 Beneficial Holder Ballot (please use additional sheets of paper if necessary):

**ONLY COMPLETE THIS TABLE IF YOU HAVE VOTED OTHER CLASS 4 CONVERTIBLE UNSECURED NOTES CLAIMS ON OTHER CLASS 4 BENEFICIAL HOLDER BALLOTS**

| Account Number | Name of Other Registered Holder or Nominee (if applicable) | Principal Amount of Other Class 4 Convertible Unsecured Notes Claims | CUSIP of Other Class 4 Convertible Unsecured Notes Claims |
|---|---|---|---|
| | | $ | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**Item 5.** **Certifications.**

By signing this Class 4 Beneficial Holder Ballot, the undersigned certifies to the Bankruptcy Court and the Debtor:

    (a) that, as of the Voting Record Date, either: (i) the Entity is the holder of the Class 4 Convertible Unsecured Notes Claim being voted; or (ii) the Entity is an authorized signatory for an Entity that is a holder of the Class 4 Convertible Unsecured Notes Claim being voted;

    (b) that the Entity (or in the case of an authorized signatory, the holder) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

    (c) that the Entity has the power and authority to vote to accept or reject the Plan;

    (d) that the Entity understands that an otherwise properly completed, executed, and timely returned Class 4 Beneficial Holder Ballot failing to indicate either acceptance or rejection of the Plan or indicating both acceptance and rejection of the Plan will not be counted; and

    (e) that the Entity understands that if it has submitted Class 4 Beneficial Holder Ballots for other Class 4 Convertible Unsecured Notes Claims, whether held in other accounts or other record

names, and such Ballots indicate different votes to accept or reject the plan, then all such Class 4 Beneficial Holder Ballots will not be counted.

| | |
|---|---|
| Name of holder: | _____ |
| Signature: | _____ |
| Name of Signatory | _____ |
| | (if other than holder) |
| Address: | _____ |
| | _____ |
| | _____ |
| Telephone: | _____ |
| Email: | _____ |
| Date Completed: | _____ |

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT PROMPTLY IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED BY YOUR NOMINEE.**

**PLEASE NOTE THAT YOUR VOTE ON THE PLAN IS BINDING AND IRREVOCABLE.  IN THE EVENT THAT ANY OF YOUR CONVERTIBLE UNSECURED NOTES ARE TRANSFERRED, ANY ASSIGNEE OF SUCH NOTES SHALL BE BOUND BY YOUR VOTE ON THE PLAN.**

THE VOTING AGENT MUST *ACTUALLY RECEIVE* THE CLASS 4 MASTER BALLOT SUBMITTED ON YOUR BEHALF BY YOUR NOMINEE THAT REFLECTS YOUR VOTE ON OR BEFORE _____, 2020, AT 4:00 P.M. PREVAILING EASTERN TIME (IF THE VOTING DEADLINE IS NOT EXTENDED).

**Item 6**. Accredited Investor Status.

**THE DEBTOR IS REQUESTING THE BELOW CONFIRMATION REGARDING ACCREDITED INVESTOR STATUS.**

Please check the below box only if you are an "accredited investor" or the authorized signatory of an "accredited investor" within the meaning of Rule 501 of Regulation D under the Securities Act of 1933. The definition of "accredited investor" is attached hereto as **Exhibit 1**.

☐        YES, I am an Accredited Investor or the authorized signatory of an Accredited Investor.

| **Class 4 Convertible Unsecured Notes Claims** |
|---|

**VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THIS
CLASS 4 BENEFICIAL HOLDER BALLOT**

1.  The Debtor is soliciting the votes of holders of Claims with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement.  Capitalized terms used in the Class 4 Beneficial Holder Ballot or in these instructions (the "<u>Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meaning set forth in the Plan. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.  The Plan can be confirmed by the Court and thereby made binding upon you if (i) it is accepted by the holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of creditors that votes on the Plan and (ii) if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3.  You must timely submit your Class 4 Beneficial Holder Ballot to your Nominee so that your Nominee can submit a Master Ballot that reflects your vote so that the Master Ballot *is actually received* by the Voting Agent by the Voting Deadline.  You may instruct your Nominee to vote on your behalf in the Master Ballot by following these steps: (a) complete the Class 4 Beneficial Holder Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 2; (c) indicate whether you choose to opt out of the Third Party Release in Item 3; (d) provide the requested information in Item 4 if you have submitted other Class 4 Beneficial Holder Ballots; (e) indicate in Item 6 if you are an "accredited investor"; and (f) sign and return the Class 4 Beneficial Holder Ballot to your Nominee in accordance with the instructions provided by your Nominee.  The Voting Deadline for the receipt of Master Ballots by the Voting Agent is _____**, 2020, at 4:00 p.m., prevailing Eastern Time. Your completed Class 4 Beneficial Holder Ballot must be received by your Nominee in sufficient time to permit your Nominee to deliver your votes to the Voting Agent on or before the Voting Deadline.**

4.  **The following Class 4 Beneficial Holder Ballots will *not* be counted**:

    (a) any Class 4 Beneficial Holder Ballot that partially rejects and partially accepts the Plan;

    (b) any Class 4 Beneficial Holder Ballot sent to the Debtor, the Convertible Unsecured Notes Trustee, or the their respective financial or legal advisors;

    (c) any Class 4 Beneficial Holder Ballot sent by facsimile or any electronic means;

    (d) any Class 4 Beneficial Holder Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim;

    (e) any Class 4 Beneficial Holder Ballot cast by an Entity that does not hold a Claim in Class 4;

    (f) any unsigned Class 4 Beneficial Holder Ballot;

    (g) any Class 4 Beneficial Holder Ballot submitted by a holder not entitled to vote pursuant to the Plan;

    (h) any unofficial Class 4 Beneficial Holder Ballot; and/or

(i) any Class 4 Beneficial Holder Ballot not marked to accept or reject the Plan or any Class 4 Beneficial Holder Ballot marked both to accept and reject the Plan.

5. If your Class 4 Beneficial Holder Ballot is not received by your Nominee in sufficient time to be included on a timely submitted Master Ballot, it will not be counted unless the Debtor determines otherwise in its discretion. In all cases, Beneficial Holders returning a Class 4 Beneficial Holder Ballot to a Nominee should allow sufficient time to assure timely delivery of such ballot to their Nominees. No Class 4 Beneficial Holder Ballot should be sent to the Debtor, the Convertible Unsecured Notes Trustee, or their respective financial or legal advisors, and if so sent will not be counted.

6. If you deliver multiple Class 4 Beneficial Holder Ballots to the Nominee with respect to the same claim prior to the Voting Deadline, the last received valid Class 4 Beneficial Holder Ballot timely received will supersede and revoke any earlier received Class 4 Beneficial Holder Ballot.

7. You must vote all of your claims within Class 4 Convertible Unsecured Notes Claims either to accept or reject the Plan and may *not* split your vote. Further, if a holder has multiple claims within Class 4, the Debtor may, in its discretion, aggregate the claims of any particular holder with multiple claims within Class 4 for the purpose of counting votes.

8. This Class 4 Beneficial Holder Ballot does *not* constitute, and shall not be deemed to be, (a) a proof of claim or (b) an assertion or admission of a claim.

9. **Please be sure to sign and date your Class 4 Beneficial Holder Ballot**. If you are signing a Class 4 Beneficial Holder Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, the Debtor, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Class 4 Beneficial Holder Ballot.

10. The Class 4 Beneficial Holder Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.

11. In the event that (i) the Debtor revokes or withdraws the Plan, or (ii) the Confirmation Order is not entered or the consummation of the Plan does not occur, this Class 4 Beneficial Holder Ballot shall automatically be null and void and deemed withdrawn without any requirement of affirmative action by or notice to you.

12. There may be changes made to the Plan that do not cause material adverse effects on an accepting Class. If such non-material changes are made to the Plan, the Debtor will not resolicit votes for acceptance or rejection of the Plan.

13. NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

**PLEASE MAIL YOUR CLASS 4 BENEFICIAL HOLDER BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS CLASS 4 BENEFICIAL HOLDER BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE RESTRUCTURING HOTLINE AT (877) 499-4509 (TOLL FREE) OR +1 (917) 281-4800 (INTERNATIONAL) OR EMAIL EMERGENTINFO@KCCLLC.COM.**

---

**IF THE VOTING AGENT DOES NOT *ACTUALLY RECEIVE* THE CLASS 4 MASTER BALLOT FILED ON YOUR BEHALF ON OR BEFORE _____, 2020, AT 4:00 P.M. PREVAILING EASTERN TIME, AND IF THE VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE TRANSMITTED BY THIS CLASS 4 BENEFICIAL HOLDER BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTOR.**

**PLEASE NOTE THAT YOUR VOTE ON THE PLAN IS BINDING AND IRREVOCABLE. IN THE EVENT THAT ANY OF YOUR CONVERTIBLE UNSECURED NOTES ARE TRANSFERRED, ANY ASSIGNEE OF SUCH NOTES SHALL BE BOUND BY YOUR VOTE ON THE PLAN.**

---

## Exhibit 1

*"Accredited Investor"*

Rule 501(a) under Regulation D of the Securities Act of 1933, in relevant part, states that an "accredited investor" shall mean any person who comes within any of the below listed categories, or who the issuer reasonably believes comes within any of the below listed categories, at the time of the sale of the securities to that person.

(1) Any bank as defined in section 3(a)(2) of the Act, or any savings and loan association or other institution as defined in section 3(a)(5)(A) of the Act whether acting in its individual or fiduciary capacity; any broker or dealer registered pursuant to section 15 of the Securities Exchange Act of 1934; any insurance company as defined in section 2(a)(13) of the Act; any investment company registered under the Investment Company Act of 1940 or a business development company as defined in section 2(a)(48) of that Act; any Small Business Investment Company licensed by the U.S. Small Business Administration under section 301(c) or (d) of the Small Business Investment Act of 1958; any plan established and maintained by a state, its political subdivisions, or any agency or instrumentality of a state or its political subdivisions, for the benefit of its employees, if such plan has total assets in excess of $5,000,000; any employee benefit plan within the meaning of the Employee Retirement Income Security Act of 1974 if the investment decision is made by a plan fiduciary, as defined in section 3(21) of such act, which is either a bank, savings and loan association, insurance company, or registered investment adviser, or if the employee benefit plan has total assets in excess of $5,000,000 or, if a self-directed plan, with investment decisions made solely by persons that are accredited investors;

(2) Any private business development company as defined in section 202(a)(22) of the Investment Advisers Act of 1940;

(3) Any organization described in section 501(c)(3) of the Internal Revenue Code, corporation, Massachusetts or similar business trust, or partnership, not formed for the specific purpose of acquiring the securities offered, with total assets in excess of $5,000,000;

(4) Any director, executive officer, or general partner of the issuer of the securities being offered or sold, or any director, executive officer, or general partner of a general partner of that issuer;

(5) Any natural person whose individual net worth, or joint net worth with that person's spouse, at the time of his purchase exceeds $1,000,000, subject to the calculation of such net worth as set forth in such Rule;

(6) Any natural person who had an individual income in excess of $200,000 in each of the two most recent years or joint income with that person's spouse in excess of $300,000 in each of those years and has a reasonable expectation of reaching the same income level in the current year;

(7) Any trust, with total assets in excess of $5,000,000, not formed for the specific purpose of acquiring the securities offered, whose purchase is directed by a sophisticated person as described in § 230.506(b)(2)(ii); and

(8) Any entity in which all of the equity owners are accredited investors.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| EMERGENT CAPITAL, INC.,[1] | § | Chapter 11 |
| | § | |
| Debtor. | § | Case No. 20-_____ (___) |
| | § | |
| | § | |
| | § | |

**MASTER BALLOT FOR VOTING TO ACCEPT OR REJECT
DEBTOR EMERGENT CAPITAL, INC.'S JOINT PLAN OF REORGANIZATION**

**CLASS 4 HOLDERS OF CONVERTIBLE UNSECURED NOTES CLAIMS**

> **PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS CAREFULLY** *BEFORE* **COMPLETING THIS MASTER BALLOT.**
>
> **IN ORDER FOR THE VOTE OF YOUR BENEFICIAL HOLDER TO BE COUNTED, THIS MASTER BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE ACTUALLY RECEIVED BY THE VOTING AGENT BY _____, 2020, AT 4:00 P.M. PREVAILING EASTERN TIME (THE "VOTING DEADLINE").**

EMERGENT CAPITAL, INC. (the "Debtor") is soliciting votes with respect to the *Debtor Emergent Capital, Inc.'s Chapter 11 Plan of Reorganization* (as may be amended from time to time, the "Plan") as set forth in the *Disclosure Statement for the Debtor Emergent Capital, Inc.'s Chapter 11 Plan of Reorganization* (as may be amended from time to time, the "Disclosure Statement"). The Disclosure Statement has been approved by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this master ballot (the "Master Ballot") because you are a Nominee (as defined below) of a Beneficial Holder[2] of Class 4 Convertible Unsecured Notes Claims as of _____, 2020 (the "Voting Record Date"). Class 4 Convertible Unsecured Notes Claims include any claims against the Debtor arising or related to (i) the Convertible Unsecured Notes and/or the Convertible Unsecured Notes Indenture; and (ii) all agreements and instruments related to the foregoing (including, but not limited to, any guarantees with respect thereto) that remain unpaid and outstanding as of the effective date of the Plan.

**This Master Ballot is to be used by you as a broker, dealer, bank, trust company, or other agent or nominee (each of the foregoing, a "Nominee") of a Beneficial Holder, or as the proxy holder of a Nominee for certain Beneficial Holder's Class 4 Convertible Unsecured Notes Claims (the "Class 4 Claims"), to transmit to the Voting Agent (as defined below) the votes of such Beneficial Holders in**

---

[1]  The last four digits of the Debtor's taxpayer identification number is -3473. The location of the Debtor's service address for purposes of this case is 1200 North Federal Highway, Suite 200, Boca Raton, FL 33432.

[2]  A "Beneficial Holder" means a beneficial owner of securities whose claims have not been satisfied prior to the Voting Record Date (as defined herein).

**respect of their Class 4 Claims to accept or reject the Plan.** This Master Ballot may not be used for any purpose other than for submitting votes with respect to Class 4 Claims under the Plan.

The rights and treatment for Class 4 are described in the Disclosure Statement and the Plan, which was included in the package (the "Solicitation Package") that you are receiving with this Master Ballot. For Nominees only, if you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them from Kurtzman Carson Consultants LLC (the "Voting Agent") at no charge by calling the Voting Agent at (877) 499-4509 (toll free) or +1 (917) 281-4800 (international) or emailing EmergentInfo@kccllc.com.

Nominees should use this Master Ballot to tabulate votes on behalf of Beneficial Holders to accept or reject the Plan. This Master Ballot may not be used for any purpose other than for casting votes with respect to Class 4 Claims to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Master Ballot in error, please contact the Voting Agent *immediately* at the telephone number or email address set forth above.

The Court may confirm the Plan and thereby bind all holders of claims and equity interests. To have the votes of your Beneficial Holders count as either an acceptance or rejection of the Plan, you must complete and return this Master Ballot so that the Voting Agent *actually receives* it on or before the Voting Deadline.

PLEASE READ THE DISCLOSURE STATEMENT AND PLAN FOR MORE DETAILS.

**THE VOTING DEADLINE IS _____, 2020, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**Item 1. Certification of Authority to Vote.**

The undersigned certifies that, as of the Voting Record Date, the undersigned (please check the applicable box):

❒   Is a broker, dealer, bank, trust company, or other agent or nominee for the Beneficial Holders of the aggregate principal amount of the Class 4 Claims listed in Item 2 below, and is the record holder of such bonds, or

❒   Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, dealer, bank, trust company, or other agent or nominee that is the registered holder of the aggregate principal amount of Class 4 Claims listed in Item 2 below, or

❒   Has been granted a proxy (an original of which is attached hereto) from a broker, dealer, bank, trust company, or other agent or nominee, or a beneficial owner, that is the registered holder of the aggregate principal amount of Class 4 Claims listed in Item 2 below,

and accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Holders of the Class 4 Claims described in Item 2.

**Item 2. Vote on Plan.**

The undersigned transmits the following votes of the Beneficial Holders of Class 4 Claims and certifies that the following Beneficial Holders of Class 4 Claims, as identified by their respective customer account numbers set forth below, are the Beneficial Holders of such claims as of the Voting Record Date and have delivered to the undersigned, as Nominee, Class 4 Beneficial Holder Ballots casting such votes.

13

Indicate in the appropriate column below the aggregate principal amount voted for each account or attach such information to this Master Ballot in the form of the following table. Please note that each holder **must vote all** such Beneficial Holder's Class 4 Claims to accept or reject the Plan and may not split such vote. Any Class 4 Beneficial Holder Ballot executed by the Beneficial Holder that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

If a Beneficial Holder who has voted to reject the Plan has checked the "opt out" box on Item 3 of the Class 4 Beneficial Holder Ballot pertaining to the releases by holders of claims and equity interests as detailed in Article XI of the Plan (the "Third Party Release"), please check the box in the appropriate column below.

If Item 6 of the Class 4 Beneficial Holder Ballot was completed (*i.e.*, an accredited investor disclosure), please check the box in the appropriate column below.

| Your Customer Account Number and/or Customer Name for Each Beneficial Holder of Class 4 Claims | Principal Amount Held as of Voting Record Date | Item 2 Indicate the vote cast on the Class 4 Beneficial Holder Ballot by checking the appropriate box below. | | | Opt Out of Third Party Release (If the box in Item 3 of the Class 4 Beneficial Holder Ballot was completed, check the box in the column below) | Accredited Investor (If the box in Item 6 of the Class 4 Beneficial Holder Ballot was completed, check the box in the column below) |
|---|---|---|---|---|---|---|
| | | Accept the Plan | or | Reject the Plan | | |
| 1. | $ | ☐ | | ☐ | ☐ | ☐ |
| 2. | $ | ☐ | | ☐ | ☐ | ☐ |
| 3. | $ | ☐ | | ☐ | ☐ | ☐ |
| 4. | $ | ☐ | | ☐ | ☐ | ☐ |
| 5. | $ | ☐ | | ☐ | ☐ | ☐ |
| 6. | $ | ☐ | | ☐ | ☐ | ☐ |
| **Totals** | $ | | | | | |

**Item 3**. **Other Class 4 Claims Ballots Submitted by Beneficial Holders.**

The undersigned certifies that it has transcribed in the following table the information, if any, provided by the Beneficial Holders in Item 4 of the Class 4 Beneficial Holder Ballot, identifying any Class 4 Convertible Unsecured Notes Claims for which such Beneficial Holder has submitted other ballots:

| Your Customer Account Number and/or Customer Name for Each Beneficial Holder who completed Item 4 of the Class 4 Beneficial Holder Ballot. | Transcribe from Item 4 of the Class 4 Beneficial Holder Ballot | | | |
|---|---|---|---|---|
| | Account Number | Name of Other Registered Holder or Nominee | Principal Amount of Other Class 4 Convertible Unsecured Notes Claims | CUSIP of Other Class 4 Convertible Unsecured Notes Claims |
| 1. | | | $ | |
| 2. | | | $ | |

| Your Customer Account Number and/or Customer Name for Each Beneficial Holder who completed Item 4 of the Class 4 Beneficial Holder Ballot. | Transcribe from Item 4 of the Class 4 Beneficial Holder Ballot | | Principal Amount of Other Class 4 Convertible Unsecured Notes Claims | CUSIP of Other Class 4 Convertible Unsecured Notes Claims |
|---|---|---|---|---|
| | Account Number | Name of Other Registered Holder or Nominee | | |
| 3. | | | $ | |
| 4. | | | $ | |
| 5. | | | $ | |
| 6. | | | $ | |

**Item 4**. **Certifications.**

Upon execution of this Master Ballot, the undersigned certifies that:

(a)   it has received a copy of the Disclosure Statement, the Plan, the Master Ballots, the Class 4 Beneficial Holder Ballots, and the remainder of the Solicitation Package and has delivered the same to the Beneficial Holders of the Class 4 Claims listed in Item 2 above;

(b)   it has received a completed and signed Class 4 Beneficial Holder Ballot from each Beneficial Holder listed in Item 2 of this Master Ballot;

(c)   it is the registered holder of all Class 4 Claims listed in Item 2 above being voted, or it has been authorized by each Beneficial Holder of Class 4 Claims listed in Item 2 above to vote on the Plan and to make applicable elections;

(d)   no other Master Ballots with respect to the same Class 4 Claims identified in Item 2 have been cast or, if any other Master Ballots have been cast with respect to such claims, then any such earlier Master Ballots are hereby revoked;

(e)   it has properly disclosed: (a) the number of Beneficial Holders of Class 4 Claims who completed the Class 4 Beneficial Holder Ballots; (b) the respective amounts of the Class 4 Claims owned by each Beneficial Holder of Class 4 Claims who completed a Class 4 Beneficial Holder Ballot; (c) each such Beneficial Holder of Class 4 Claims' respective vote concerning the Plan; (d) each such Beneficial Holder of Class 4 Claims' certification as to other Class 4 Claims voted; and (e) the customer account or other identification number for each such Beneficial Holder of Class 4 Claims; and

(f)   it will maintain the Class 4 Beneficial Holder Ballots returned by Beneficial Holders of Class 4 Claims (whether properly completed or defective) for at least one (1) year after the Effective Date of the Plan and disclose all such information to the Bankruptcy Court or the Debtor, if so ordered.

Name of Nominee: _____

DTC Participant
Number:                    _____

Signature:             _____

Name of Signatory   _____
                            (if other than holder)

Address:              _____

                      _____

                      _____

Telephone:            _____

Email:                _____

Date Completed:       _____


**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT
PROMPTLY BY ELECTRONIC MAIL (WITH PDF ATTACHMENT), FIRST CLASS MAIL,
OVERNIGHT COURIER, OR HAND DELIVERY TO:**

**Emergent Capital, Inc.
Ballot Processing Center
C/O Kurtzman Carson Consultants LLC
222 N. Pacific Coast Highway, Suite 300
El Segundo, CA 90245**

**Telephone: (877) 499-4509 (toll free) or +1 (917) 281-4800 (international)**

**Email: EmergentInfo@kccllc.com**

IF THE VOTING AGENT DOES NOT *ACTUALLY RECEIVE* THIS CLASS 4 MASTER BALLOT
OR BEFORE _____, 2020, AT 4:00 P.M. PREVAILING EASTERN TIME (AND IF THE
VOTING DEADLINE IS NOT EXTENDED), AND IF THE VOTING DEADLINE IS NOT
EXTENDED, YOUR VOTE TRANSMITTED BY THIS CLASS 4 MASTER BALLOT MAY BE
COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE
DEBTOR.

17

| **Class 4 Convertible Unsecured Notes Claims** |
|---|

## VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THIS MASTER BALLOT

1.  The Debtor is soliciting the votes of holders of Class 4 Convertible Unsecured Notes Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement. Capitalized terms used in the Master Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS MASTER BALLOT.**

2.  The Plan can be confirmed by the Court and thereby made binding if it is accepted by the holders of at least two-thirds in aggregate principal amount and more than one-half in number of claims that vote on the Plan in at least one class of creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3.  You should immediately distribute the Class 4 Beneficial Holder Ballots and the Solicitation Package to all Beneficial Holders of Class 4 Convertible Unsecured Notes Claims and take any action required to enable each such Beneficial Holder to vote timely the claims that it holds. You may distribute the Solicitation Packages to Beneficial Holders, as appropriate, in accordance with your customary practices. Any Class 4 Beneficial Holder Ballot returned to you by a Beneficial Holder of a Class 4 Convertible Unsecured Notes Claim shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver to the Voting Agent a Master Ballot that reflects the vote of such Beneficial Holders by _____, 2020, at 4:00 p.m. prevailing Eastern Time or otherwise validate the Master Ballot in a manner acceptable to the Voting Agent.

4.  If you are transmitting the votes of any Beneficial Holder of Class 4 Convertible Unsecured Notes Claims other than yourself, you must, within five (5) Business Days after receipt by you of the Solicitation Package, forward the Solicitation Package to the Beneficial Holder of the Class 4 Convertible Unsecured Notes Claims for voting along with a return envelope provided by and addressed to you, with the Beneficial Holder then returning the individual Class 4 Beneficial Holder Ballot to you. In such case, you will tabulate the votes of your respective owners on a Master Ballot that is provided and then return the Master Ballot to the Voting Agent. You should advise the Beneficial Holders to return their individual Class 4 Beneficial Holder Ballots to you by a date calculated by you to allow you to return the Master Ballot to the Voting Agent so that the Master Ballot is actually received by the Voting Agent on or before the Voting Deadline.

5.  With regard to any Class 4 Beneficial Holder Ballots returned to you by a Beneficial Holder, you must: (a) compile and validate the votes and other relevant information of each such Beneficial Holder on the Master Ballot using the customer name or account number assigned by you to each such Beneficial Holder; (b) execute the Master Ballot; (c) transmit such Master Ballot to the Voting Agent by the Voting Deadline; and (d) retain such Class 4 Beneficial Holder Ballots from Beneficial Holders in your files for a period of one year after the Effective Date of the Plan. You may be ordered to produce the Class 4 Beneficial Holder Ballots to the Debtor or the Bankruptcy Court.

6.  The Master Ballot **must** be returned to the Voting Agent so as to be **actually received** by the Voting Agent on or before the Voting Deadline. **The Voting Deadline is _____, 2020, at 4:00 p.m., prevailing Eastern Time**.

7.  If a Master Ballot is received *after* the Voting Deadline and if the Voting Deadline is not extended, it may be counted only in the discretion of the Debtor.  Additionally, **the following Master Ballots will *not* be counted:**

    (a)  any Master Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Class 4 Claim;

    (b)  any unsigned Class 4 Beneficial Holder Ballot or Master Ballot;

    (c)  any Class 4 Beneficial Holder Ballot or Master Ballot that does not contain an original signature;

    (d)  any Master Ballot not marked to accept or reject the Plan; and

    (e)  any Master Ballot submitted by any party not entitled to cast a vote with respect to the Plan.

8.  The method of delivery of Master Ballots to the Voting Agent is at the election and risk of each Nominee of Class 4 Claims. Except as otherwise provided herein, such delivery will be deemed made only when the Voting Agent *actually receives* the originally executed Master Ballot. In all cases, Beneficial Holders and Nominees should allow sufficient time to assure timely delivery. The Master Ballot should not be sent to the Debtor, the Convertible Unsecured Notes Trustee, or their respective financial or legal advisors.

9.  If multiple Master Ballots are received from the same Nominee with respect to the same Class 4 Beneficial Holder Ballot prior to the Voting Deadline, the latest, timely received, and properly completed Master Ballot will supersede and revoke any earlier received Master Ballots.

10. The Master Ballot may not be used for any purpose other than to vote to accept or reject the Plan by reflecting boxes checked in Item 3 of the Class 4 Beneficial Holder Ballot with respect to the Third Party Releases; Item 4 identifying Class 4 Convertible Unsecured Notes Claims for which Beneficial Holders have submitted multiple Class 4 Beneficial Holder Ballots; and Item 6 with respect to the "accredited investor" status of the Beneficial Holder.

11. The Master Ballot does *not* constitute, and shall not be deemed to be, (a) a proof of claim or (b) an assertion or admission of a claim.

12. **Please be sure to sign and date the Master Ballot**. You should indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity and, if required or requested by the Voting Agent, the Debtor, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Beneficial Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

13. If you are both the Nominee and the Beneficial Holder of any of the Class 4 Convertible Unsecured Notes Claims and you wish to vote such Class 4 Convertible Unsecured Notes Claims, **you may return a Class 4 Beneficial Holder Ballot or Master Ballot for such Class 4 Convertible Unsecured Notes Claims and you must vote your entire Class 4 Convertible Unsecured Notes Claim to either accept or reject the Plan and may not split your vote**. Accordingly, a Class 4 Beneficial Holder Ballot, other than a Master Ballot with the votes of multiple Beneficial Holders, which partially rejects and partially accepts the Plan will not be counted.

14. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate claims held by a single creditor in a particular Class will be aggregated and treated as if such creditor

held one claim in such Class, and all votes related to such claim will be treated as a single vote to accept or reject the Plan; *provided*, *however*, that if separate affiliated entities hold claims in a particular Class, these claims will not be aggregated and will not be treated as if such creditor held one claim in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

15. The following additional rules shall apply to Master Ballots:

   (a) Votes cast by Beneficial Holders through a Nominee will be applied against the positions held by such entities in the Class 4 Convertible Unsecured Notes Claims as of the Voting Record Date, as evidenced by the record and depository listings.

   (b) To the extent that conflicting votes or "over-votes" are submitted by a Nominee, the Voting Agent will attempt to reconcile discrepancies with the Nominee;

   (c) To the extent that over-votes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot that contained the over-vote, but only to the extent of the Nominee's position in Class 4 Convertible Unsecured Notes Claims; and

   (d) For purposes of tabulating votes, each holder holding through a particular account will be deemed to have voted the principal amount relating its holding in that particular account, although the Voting Agent may be asked to adjust such principal amount to reflect the claim amount.

16. There may be changes made to the Plan that do not cause material adverse effects on an accepting Class. If such non-material changes are made to the Plan, the Debtor will not resolicit votes for acceptance or rejection of the Plan.

17. PLEASE NOTE THAT ALL VOTES ON THE PLAN ARE BINDING AND IRREVOCABLE.  IN THE EVENT THAT ANY OF THE CONVERTIBLE UNSECURED NOTES ARE TRANSFERRED, ANY ASSIGNEE OF SUCH NOTES SHALL BE BOUND BY THE PRIOR HOLDER'S VOTE ON THE PLAN.

**PLEASE MAIL YOUR MASTER BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS CLASS 4 MASTER BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE VOTING AGENT AT (877) 499-4509 (TOLL FREE) or +1 (917) 281-4800 (INTERNATIONAL) OR EMAIL EMERGENTINFO@KCCLLC.COM.**

---

**IF THE VOTING AGENT DOES NOT *ACTUALLY RECEIVE* THIS MASTER BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS _____, 2020, AT 4:00 P.M. PREVAILING EASTERN TIME, AND IF THE VOTING DEADLINE IS NOT EXTENDED, THE VOTES TRANSMITTED IN THE MASTER BALLOT MAY BE COUNTED ONLY IN THE DISCRETION OF THE DEBTOR.**

---

**Exhibit 5**

**Form of Ballots for Class 6**

**Equity Interests in the Debtor**

(certain Equity Interests are not held through a Nominee)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| EMERGENT CAPITAL, INC.,[1] | § | Chapter 11 |
| | § | |
| Debtor. | § | Case No. 20-_____ (___) |
| | § | |
| | § | |
| | § | |

**REGISTERED HOLDER BALLOT FOR VOTING TO ACCEPT OR REJECT**
**DEBTOR EMERGENT CAPITAL, INC.'S CHAPTER 11 PLAN OF REORGANIZATION**

**CLASS 6 HOLDERS OF EQUITY INTERESTS IN THE DEBTOR**
**(REGISTERED HOLDERS)**

> **PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS CAREFULLY** *BEFORE* **COMPLETING THIS BALLOT.**
>
> **IN ORDER FOR YOUR VOTE TO BE COUNTED, YOUR BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED TO THE VOTING AGENT BY THE VOTING DEADLINE IN ORDER FOR YOUR VOTE TO BE COUNTED.**
>
> **PLEASE NOTE THAT YOUR VOTE ON THE PLAN IS BINDING AND IRREVOCABLE. IN THE EVENT THAT ANY OF YOUR EQUITY INTERESTS ARE TRANSFERRED, ANY ASSIGNEE OF SUCH INTERESTS SHALL BE BOUND BY YOUR VOTE ON THE PLAN.**

EMERGENT CAPITAL, INC. (the "Debtor") is soliciting votes with respect to the *Debtor Emergent Capital, Inc.'s Chapter 11 Plan of Reorganization* (as may be amended from time to time, the "Plan") as set forth in the *Disclosure Statement for Debtor Emergent Capital, Inc.'s Chapter 11 Plan of Reorganization* (as may be amended from time to time, the "Disclosure Statement"). The Disclosure Statement has been approved by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this Class 6 Ballot for Registered Holders (the "Class 6 Registered Holder Ballot") because you are a Registered Holder of Equity Interests in the Debtor in Class 6 as of _____, 2020 (the "Voting Record Date"). Accordingly, you have a right to vote to accept or reject the Plan.

Your rights are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Class 6 Registered Holder Ballot. If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them from Kurtzman Carson Consultants LLC (the "Voting Agent") at no charge by calling the Voting Agent at (877) 499-4509 (toll free) or +1 (917) 281-4800 (international) or emailing EmergentInfo@kccllc.com.

---

[1] The last four digits of the Debtor's taxpayer identification number is -3473. The location of the Debtor's service address for purposes of this case is 120 North Federal Highway, Suite 200, Boca Raton, FL 33432.

The Debtor has commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Plan thereafter can be confirmed by the Bankruptcy Court and thereby made binding on you if (i) it is accepted by the holders of at least two-thirds in amount and more than one-half the number of the  claims voted in at least one Class of creditors, and (ii) if the Plan otherwise satisfies the applicable requirements of section 1129(a) under the Bankruptcy Code.  To have your vote counted, you must complete, sign, and return this Ballot to the Voting Agent by the Voting Deadline.

**PLEASE COMPLETE, SIGN, AND DATE THIS CLASS 6 REGISTERED HOLDER BALLOT AND RETURN IT TO THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE, WHICH IS _____, 2020, AT 4:00 P.M., PREVAILING EASTERN TIME.  IF A BALLOT RECORDING YOUR VOTE IS NOT RECEIVED BY THE VOTING DEADLINE, AND IF THE VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE WILL NOT COUNT UNLESS THE VOTING DEADLINE IS EXTENDED IN THE DISCRETION OF THE DEBTOR.**

**PLEASE NOTE THAT YOUR VOTE ON THE PLAN IS BINDING AND IRREVOCABLE.  IN THE EVENT THAT ANY OF YOUR EQUITY INTERESTS ARE TRANSFERRED, ANY ASSIGNEE OF SUCH INTERESTS SHALL BE BOUND BY YOUR VOTE ON THE PLAN.**

This Class 6 Registered Holder Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan.  If you believe that you have received this Class 6 Registered Holder Ballot in error, or if you believe that you have received the wrong ballot, please contact the Voting Agent *immediately* at the telephone number or email address set forth above.

You should review the Disclosure Statement and the Plan in their entirety before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your claim.  Your claim has been placed in Class 6 Equity Interests in the Debtor under the Plan.

PLEASE READ THE DISCLOSURE STATEMENT AND PLAN FOR MORE DETAILS.

**PLEASE READ THE ATTACHED VOTING INFORMATION
AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT**

<u>Item 1</u>. **Amount of Claim.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Registered Holder (or authorized signatory of such registered holder) of a Class 6 Equity Interest in the Debtor in the following amount (insert number and type of Equity Interest in box below):

| |
|---|
| _____ |
| # and type of Equity Interest (common stock, preferred stock, etc) |

<u>Item 2</u>. **Vote on Plan.**

| **Prior to voting on the Plan, please note the following:** |
|---|
| If you vote to accept the Plan, you shall be deemed to have consented to the Third Party Release, which is set forth in Article XI of the Plan and restated in Item 3 below.<br><br>If you (i) do not vote either to accept or reject the Plan, or (ii) vote to reject the Plan and do not check the box in Item 3 below, you shall be deemed to have consented to the Third Party Release provisions set forth in Article XI of the Plan and included under Item 3 below.<br><br>The Disclosure Statement and the Plan must be referenced for a complete description of the release, injunction, and exculpation provisions incorporated in the Plan. |

The Registered Holder of the Class 6 Equity Interest in the Debtor set forth in Item 1 votes to (please check one):

| ☐  **ACCEPT** (vote FOR Plan) | ☐  **REJECT** (vote AGAINST the Plan) |
|---|---|

Any ballot not marked either to accept or reject the Plan, or marked both to accept and to reject the Plan, shall not be counted in determining acceptance or rejection of the plan.

<u>Item 3</u>. **Important information regarding the Third Party Release.**

If you voted to reject the Plan in Item 2 above, check this box if you elect not to grant the Third Party Release contained in Article XI of the Plan. Election to withhold consent is at your option. If you submit your Class 6 Registered Holder Ballot without this box checked, or you do not vote either to accept or reject the Plan, you will be deemed to consent to the Third Party Release contained in Article XI of the Plan to the fullest extent permitted by applicable law. If you voted to accept the Plan in Item 2 above, you will be deemed to consent to the Third Party Release in Article XI of the Plan to the fullest extent permitted by applicable law, regardless of whether you checked this box. The text of the Third Party Release is set forth below.

☐  **OPT OUT**  The undersigned has voted to reject the Plan in Item 2 *and* elects to opt out of the Third Party Release described in Article XI of the Plan and set forth below.

3

**Article XI of the Plan contains the following provision:**

AS OF AND SUBJECT TO THE OCCURRENCE OF THE EFFECTIVE DATE, EXCEPT FOR THE RIGHTS THAT REMAIN IN EFFECT FROM AND AFTER THE EFFECTIVE DATE TO ENFORCE THIS PLAN AND THE PLAN DOCUMENTS, FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, INCLUDING, WITHOUT LIMITATION, THE SERVICE OF THE RELEASED PARTIES TO FACILITATE THE REORGANIZATION OF THE DEBTOR AND THE IMPLEMENTATION OF THE RESTRUCTURING AND THE RESTRUCTURING TRANSACTIONS, AND EXCEPT AS OTHERWISE PROVIDED IN THIS PLAN OR IN THE CONFIRMATION ORDER, THE RELEASED PARTIES ARE DEEMED FOREVER RELEASED AND DISCHARGED BY THE (I) THE HOLDERS OF ALL CLAIMS AND EQUITY INTERESTS WHO VOTE TO ACCEPT THIS PLAN, (II) HOLDERS OF CLAIMS THAT ARE UNIMPAIRED UNDER THIS PLAN, (III) HOLDERS OF CLAIMS OR EQUITY INTERESTS WHOSE VOTE TO ACCEPT OR REJECT THIS PLAN IS SOLICITED BUT WHO DO NOT VOTE EITHER TO ACCEPT OR TO REJECT THIS PLAN, (IV) HOLDERS OF CLAIMS OR EQUITY INTERESTS WHO VOTE TO REJECT THIS PLAN BUT DO NOT OPT OUT OF GRANTING THE RELEASES SET FORTH HEREIN, (V) THE CONVERTIBLE UNSECURED NOTES TRUSTEE, AND (VI) THE CONVERTIBLE UNSECURED NOTES TRUSTEE, FROM ANY AND ALL CLAIMS, INTERESTS, OBLIGATIONS, SUITS, JUDGMENTS, DAMAGES, DEMANDS, DEBTS, RIGHTS, CAUSES OF ACTION, LOSSES, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, THAT SUCH HOLDERS OR THEIR AFFILIATES WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR OTHER ENTITY, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTOR, THE CHAPTER 11 CASE, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTOR, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THIS PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN THE DEBTOR AND ANY RELEASED PARTY, THE RESTRUCTURING, THE RESTRUCTURING OF ANY CLAIM OR EQUITY INTEREST BEFORE OR DURING THE CHAPTER 11 CASE, THE RESTRUCTURING TRANSACTIONS, THE NEGOTIATION, FORMULATION, OR PREPARATION OF THE DISCLOSURE STATEMENT, THIS PLAN, AND RELATED AGREEMENTS, INSTRUMENTS, AND OTHER DOCUMENTS (INCLUDING THE PLAN DOCUMENTS), THE SOLICITATION OF VOTES WITH RESPECT TO THIS PLAN, OR ANY OTHER ACT OR OMISSION, OTHER THAN CLAIMS OR CAUSES OF ACTION ARISING OUT OF OR RELATED TO ANY ACT OR OMISSION OF A RELEASED PARTY THAT IS A CRIMINAL ACT OR CONSTITUTES ACTUAL FRAUD, GROSS NEGLIGENCE, OR WILLFUL MISCONDUCT.  NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, ANY RESTRUCTURING TRANSACTIONS, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THE PLAN.

The Released Parties are, collectively, the following parties each in its capacity as such:  (a) the Debtor, (b) the Debtor's current and former directors and officers, (c) the Convertible Unsecured Notes Trustee, (d) the Convertible Unsecured Notes Trustee, (e) the Supporting Convertible Unsecured Noteholders, (f) the Supporting Convertible Unsecured Noteholders, (g) the Holders of Claims and Equity Interests who vote in favor of the Plan; and (h) the Related Persons of each of (a) through (g) of the foregoing.

**Item 4**. **Certifications.**

By signing this Class 6 Registered Holder Ballot, the undersigned certifies to the Bankruptcy Court and the Debtor:

    (a) that, as of the Voting Record Date, either: (i) the Entity is the holder of the Class 6 Equity Interest in the Debtor being voted; or (ii) the Entity is an authorized signatory for an Entity that is a holder of the Class 6 Equity Interest being voted;

    (b) that the Entity (or in the case of an authorized signatory, the holder) has received a copy of the Solicitation Package, including the Plan and the Disclosure Statement, and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

    (c) that the Entity has the power and authority to vote to accept or reject the Plan;

    (d) that the Entity understands that an otherwise properly completed, executed, and timely returned Class 6 Registered Holder Ballot failing to indicate either acceptance or rejection of the Plan or indicating both acceptance and rejection of the Plan will not be counted; and

    (e) that the Entity understands that if it has submitted Class 6 Registered Holder Ballots for other Class 6 Equity Interests in the Debtor, whether held in other accounts or other record names, and such Ballots indicate different votes to accept or reject the plan, then all such Class 6 Registered Holder Ballots will not be counted.

| | |
|---|---|
| Name of holder: | _____ |
| Signature: | _____ |
| Name of Signatory | _____ |
| | (if other than holder) |
| Address: | _____ |
| | _____ |
| | _____ |
| Telephone: | _____ |
| Email: | _____ |
| Date Completed: | _____ |

**PLEASE COMPLETE, SIGN, AND DATE THIS CLASS 6 REGISTERED HOLDER BALLOT AND RETURN IT PROMPTLY BY ELECTRONIC MAIL (WITH PDF ATTACHMENT), FIRST CLASS MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO:**

**Emergent Capital, Inc.**
**Ballot Processing Center**
**C/O Kurtzman Carson Consultants LLC**
**222 N. Pacific Coast Highway, Suite 300**
**El Segundo, CA 90245**
**Email: Emergentinfo@kccllc.com**

**Telephone: (877) 499-4509 (toll free) or +1 (917) 281-4800 (international)**

**PLEASE NOTE THAT YOUR VOTE ON THE PLAN IS BINDING AND IRREVOCABLE. IN THE EVENT THAT ANY OF YOUR EQUITY INTERESTS ARE TRANSFERRED, ANY ASSIGNEE OF SUCH NOTES SHALL BE BOUND BY YOUR VOTE ON THE PLAN.**

| Class 6 Equity Interests in the Debtor |
|---|

**VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THIS CLASS 6 REGISTERED HOLDER BALLOT**

1. The Debtor is soliciting the votes of holders of Equity Interests with respect to the Plan attached as Exhibit A to the Disclosure Statement. Capitalized terms used in the Class 6 Registered Holder Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. The Plan can be confirmed by the Court and thereby made binding upon you if (i) it is accepted by the holders of at least two-thirds in amount and more than one-half in number of claims voted in at least one Class of creditors and (ii) if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3. You must timely submit your Class 6 Registered Holder Ballot so that it *is actually received* by the Voting Agent by the Voting Deadline. The Voting Deadline for the receipt of Registered Holder Ballot by the Voting Agent is _____, 2020, at 4:00 p.m., prevailing Eastern Time.

4. **The following Class 6 Registered Holder Ballots will *not* be counted:**

   (a) any Class 6 Registered Holder Ballot that partially rejects and partially accepts the Plan;

   (b) any Class 6 Registered Holder Ballot sent to the Debtor or its financial or legal advisors;

   (c) any Class 6 Registered Holder Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim;

   (d) any Class 6 Registered Holder Ballot cast by an Entity that does not hold a Claim in Class 6;

   (e) any unsigned Class 6 Registered Holder Ballot;

   (f) any Class 6 Registered Holder Ballot submitted by a holder not entitled to vote pursuant to the Plan;

6

(g) any unofficial Class 6 Registered Holder Ballot; and/or

(h) any Class 6 Registered Holder Ballot not marked to accept or reject the Plan or any Class 6 Registered Holder Ballot marked both to accept and reject the Plan.

5. You must vote all of your interests within Class 6 Equity Interests in the Debtor either to accept or reject the Plan and may *not* split your vote. Further, if a holder has multiple interests within Class 6, the Debtor may, in its discretion, aggregate the interests of any particular holder with multiple interests within Class 6 for the purpose of counting votes. If you deliver multiple Class 6 Registered Holder Ballots to the Voting Agent with respect to the same Equity Interest prior to the Voting Deadline, the last received valid Class 6 Registered Holder Ballot timely received will supersede and revoke any earlier received Class 6 Registered Holder Ballot.

6. This Class 6 Registered Holder Ballot does *not* constitute, and shall not be deemed to be, (a) a proof of claim or (b) an assertion or admission of a claim.

7. **Please be sure to sign and date your Class 6 Registered Holder Ballot**. If you are signing a Class 6 Registered Holder Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, the Debtor, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Class 6 Registered Holder Ballot.

8. The Class 6 Registered Holder Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.

9. In the event that (i) the Debtor revokes or withdraws the Plan, or (ii) the Confirmation Order is not entered or the consummation of the Plan does not occur, this Class 6 Registered Holder Ballot shall automatically be null and void and deemed withdrawn without any requirement of affirmative action by or notice to you.

10. There may be changes made to the Plan that do not cause material adverse effects on an accepting Class. If such non-material changes are made to the Plan, the Debtor will not resolicit votes for acceptance or rejection of the Plan.

11. NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

### PLEASE RETURN YOUR CLASS 6  REGISTERED HOLDER BALLOT PROMPTLY

**IF YOU HAVE ANY QUESTIONS REGARDING THIS CLASS 6 REGISTERED HOLDER BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE RESTRUCTURING HOTLINE AT (877) 499-4509 (TOLL FREE) or +1 (917) 281-4800 (INTERNATIONAL) OR EMAIL EMERGENTINFO@KCCLLC.COM.**

**IF THE VOTING AGENT DOES NOT *ACTUALLY RECEIVE* THE CLASS 6 REGISTERED HOLDER BALLOT  ON OR BEFORE _____, 2020, AT 4:00 P.M. PREVAILING EASTERN TIME, AND IF THE VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE TRANSMITTED BY THIS CLASS 6 REGISTERED HOLDER BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTOR.**

**PLEASE NOTE THAT YOUR VOTE ON THE PLAN IS BINDING AND IRREVOCABLE.  IN THE EVENT THAT ANY OF YOUR EQUITY INTERESTS ARE TRANSFERRED, ANY ASSIGNEE OF SUCH INTERESTS SHALL BE BOUND BY YOUR VOTE ON THE PLAN.**

**Exhibit 6**

**Form of Master and Beneficial Holder Ballots for Class 6**

**Equity Interests in the Debtor**

(certain Equity Interests are held through a Nominee)

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| EMERGENT CAPITAL, INC.,[1] | § | Chapter 11 |
| | § | |
| Debtor. | § | Case No. 20-_____ (___) |
| | § | |
| | § | |
| | § | |

## BENEFICIAL HOLDER BALLOT FOR VOTING TO ACCEPT OR REJECT
## DEBTOR EMERGENT CAPITAL, INC.'S CHAPTER 11 PLAN OF REORGANIZATION

### CLASS 6 HOLDERS OF EQUITY INTERESTS IN THE DEBTOR
### (BENEFICIAL HOLDERS)

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**IN ORDER FOR YOUR VOTE TO BE COUNTED, YOUR BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED TO YOUR NOMINEE SO THAT THE MASTER BALLOT SUBMITTED ON YOUR BEHALF BY YOUR NOMINEE IS *ACTUALLY RECEIVED* BY THE VOTING AGENT BY _____, 2020, AT 4:00 P.M. PREVAILING EASTERN TIME (THE "VOTING DEADLINE"). THEREFORE, YOU MUST FOLLOW THE DIRECTIONS OF YOUR NOMINEE TO CAST YOUR VOTE AND ALLOW SUFFICIENT TIME FOR YOUR NOMINEE TO RECEIVE YOUR VOTE AND TO TRANSMIT SUCH VOTE ON A MASTER BALLOT, WHICH MASTER BALLOT MUST BE RETURNED TO THE VOTING AGENT BY THE VOTING DEADLINE IN ORDER FOR YOUR VOTE TO BE COUNTED.**

**PLEASE NOTE THAT YOUR VOTE ON THE PLAN IS BINDING AND IRREVOCABLE. IN THE EVENT THAT ANY OF YOUR EQUITY INTERESTS ARE TRANSFERRED, ANY ASSIGNEE OF SUCH INTERESTS SHALL BE BOUND BY YOUR VOTE ON THE PLAN.**

---

EMERGENT CAPITAL, INC. (the "Debtor") is soliciting votes with respect to the *Debtor Emergent Capital, Inc.'s Chapter 11 Plan of Reorganization* (as may be amended from time to time, the "Plan") as set forth in the *Disclosure Statement for Debtor Emergent Capital, Inc.'s Chapter 11 Plan of Reorganization* (as may be amended from time to time, the "Disclosure Statement"). The Disclosure Statement has been approved by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this Class 6 Ballot for Beneficial Holders[2] (the "Class 6 Beneficial Holder Ballot") because you are a Beneficial Holder of Equity Interests in the Debtor in Class 6 as of _____, 2020 (the "Voting Record Date"). Accordingly, you have a right to vote to accept or reject the Plan.

---

[1] The last four digits of the Debtor's taxpayer identification number is -3473. The location of the Debtor's service address for purposes of this case is 120 North Federal Highway, Suite 200, Boca Raton, FL 33432.

1

Your rights are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Class 6 Beneficial Holder Ballot.  If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them from Kurtzman Carson Consultants LLC (the "Voting Agent") at no charge by calling the Voting Agent at (877) 499-4509 (toll free) or +1 (917) 281-4800 (international) or emailing EmergentInfo@kccllc.com.

The Debtor has commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Plan thereafter can be confirmed by the Bankruptcy Court and thereby made binding on you if (i) it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the claims voted in at least one Class of creditors, and (ii) if the Plan otherwise satisfies the applicable requirements of section 1129(a) under the Bankruptcy Code.  To have your vote counted, you must complete, sign, and return this Ballot to the Voting Agent by the Voting Deadline.

**PLEASE COMPLETE, SIGN, AND DATE THIS CLASS 6 BENEFICIAL HOLDER BALLOT AND RETURN IT IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED BY YOUR BROKER, BANK, OR OTHER NOMINEE, OR THE AGENT OF A BROKER, BANK, OR OTHER NOMINEE (EACH OF THE FOREGOING, A "NOMINEE").  IN ORDER FOR YOUR VOTE TO COUNT, YOUR NOMINEE MUST RECEIVE THIS CLASS 6 BENEFICIAL HOLDER BALLOT IN SUFFICIENT TIME FOR YOUR NOMINEE TO INCLUDE YOUR VOTE ON A MASTER BALLOT (THE "MASTER BALLOT") THAT MUST BE RECEIVED BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE, WHICH IS _____, 2020, AT 4:00 P.M., PREVAILING EASTERN TIME.  THUS, PLEASE ALLOW SUFFICIENT TIME FOR YOUR VOTE TO BE INCLUDED ON THE MASTER BALLOT COMPLETED BY YOUR NOMINEE.  IF A MASTER BALLOT RECORDING YOUR VOTE IS NOT RECEIVED BY THE VOTING DEADLINE, AND IF THE VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE WILL NOT COUNT UNLESS THE VOTING DEADLINE IS EXTENDED IN THE DISCRETION OF THE DEBTOR.**

**PLEASE NOTE THAT YOUR VOTE ON THE PLAN IS BINDING AND IRREVOCABLE.  IN THE EVENT THAT ANY OF YOUR CONVERTIBLE UNSECURED NOTES ARE TRANSFERRED, ANY ASSIGNEE OF SUCH NOTES SHALL BE BOUND BY YOUR VOTE ON THE PLAN.**

This Class 6 Beneficial Holder Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan.  If you believe that you have received this Class 6 Beneficial Holder Ballot in error, or if you believe that you have received the wrong ballot, please contact the Voting Agent *immediately* at the telephone number or email address set forth above.

You should review the Disclosure Statement and the Plan in their entirety before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your claim. Your claim has been placed in Class 6 Equity Interests in the Debtor under the Plan.

PLEASE READ THE DISCLOSURE STATEMENT AND PLAN FOR MORE DETAILS.

---

[2]  A "Beneficial Holder" means a beneficial owner of securities whose claims have not been satisfied prior to the Voting Record Date (as defined herein).

**PLEASE READ THE ATTACHED VOTING INFORMATION
AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT**

<u>**Item 1.**</u> **Amount of Claim.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Beneficial Holder (or authorized signatory of such beneficial holder) of a Class 6 Equity Interest in the Debtor in the following aggregate amount (insert number and type of Equity Interest in box below, unless otherwise completed by your Nominee):

> _____
> # and type of Equity Interest (common stock, preferred stock, etc)

<u>**Item 2.**</u> **Vote on Plan.**

> **Prior to voting on the Plan, please note the following:**
>
> If you vote to accept the Plan, you shall be deemed to have consented to the Third Party Release, which is set forth in Article XI of the Plan and restated in Item 3 below.
>
> If you (i) do not vote either to accept or reject the Plan, or (ii) vote to reject the Plan and do not check the box in Item 3 below, you shall be deemed to have consented to the Third Party Release provisions set forth in Article XI of the Plan and included under Item 3 below.
>
> The Disclosure Statement and the Plan must be referenced for a complete description of the release, injunction, and exculpation provisions incorporated in the Plan.

The Beneficial Holder of the Class 6 Equity Interest in the Debtor set forth in Item 1 votes to (please check one):

> ☐    <u>**ACCEPT**</u> (vote FOR Plan)        ☐    <u>**REJECT**</u> (vote AGAINST the Plan)

Any ballot not marked either to accept or reject the Plan, or marked both to accept and to reject the Plan, shall not be counted in determining acceptance or rejection of the plan.

<u>**Item 3**</u>. **Important information regarding the Third Party Release.**

If you voted to reject the Plan in Item 2 above, check this box if you elect not to grant the Third Party Release contained in Article XI of the Plan. Election to withhold consent is at your option. If you submit your Class 6 Beneficial Holder Ballot without this box checked, or you do not vote either to accept or reject the Plan, you will be deemed to consent to the Third Party Release contained in Article XI of the Plan to the fullest extent permitted by applicable law. If you voted to accept the Plan in Item 2 above, you will be deemed to consent to the Third Party Release in Article XI of the Plan to the fullest extent permitted by applicable law. The text of the Third Party Release is set forth below.

> ☐    <u>**OPT OUT**</u>   The undersigned has voted to reject the Plan in Item 2 *and* elects to opt out of the Third Party Release described in Article XI of the Plan and set forth below.

3

**Article XI of the Plan contains the following provision:**

AS OF AND SUBJECT TO THE OCCURRENCE OF THE EFFECTIVE DATE, EXCEPT FOR THE RIGHTS THAT REMAIN IN EFFECT FROM AND AFTER THE EFFECTIVE DATE TO ENFORCE THIS PLAN AND THE PLAN DOCUMENTS, FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, INCLUDING, WITHOUT LIMITATION, THE SERVICE OF THE RELEASED PARTIES TO FACILITATE THE REORGANIZATION OF THE DEBTOR AND THE IMPLEMENTATION OF THE RESTRUCTURING AND THE RESTRUCTURING TRANSACTIONS, AND EXCEPT AS OTHERWISE PROVIDED IN THIS PLAN OR IN THE CONFIRMATION ORDER, THE RELEASED PARTIES ARE DEEMED FOREVER RELEASED AND DISCHARGED BY THE (I) THE HOLDERS OF ALL CLAIMS AND EQUITY INTERESTS WHO VOTE TO ACCEPT THIS PLAN, (II) HOLDERS OF CLAIMS THAT ARE UNIMPAIRED UNDER THIS PLAN, (III) HOLDERS OF CLAIMS OR EQUITY INTERESTS WHOSE VOTE TO ACCEPT OR REJECT THIS PLAN IS SOLICITED BUT WHO DO NOT VOTE EITHER TO ACCEPT OR TO REJECT THIS PLAN, (IV) HOLDERS OF CLAIMS OR EQUITY INTERESTS WHO VOTE TO REJECT THIS PLAN BUT DO NOT OPT OUT OF GRANTING THE RELEASES SET FORTH HEREIN, (V) THE CONVERTIBLE UNSECURED NOTES TRUSTEE, AND (VI) THE CONVERTIBLE UNSECURED NOTES TRUSTEE, FROM ANY AND ALL CLAIMS, INTERESTS, OBLIGATIONS, SUITS, JUDGMENTS, DAMAGES, DEMANDS, DEBTS, RIGHTS, CAUSES OF ACTION, LOSSES, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, THAT SUCH HOLDERS OR THEIR AFFILIATES WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR OTHER ENTITY, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTOR, THE CHAPTER 11 CASE, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTOR, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THIS PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN THE DEBTOR AND ANY RELEASED PARTY, THE RESTRUCTURING, THE RESTRUCTURING OF ANY CLAIM OR EQUITY INTEREST BEFORE OR DURING THE CHAPTER 11 CASE, THE RESTRUCTURING TRANSACTIONS, THE NEGOTIATION, FORMULATION, OR PREPARATION OF THE DISCLOSURE STATEMENT, THIS PLAN, AND RELATED AGREEMENTS, INSTRUMENTS, AND OTHER DOCUMENTS (INCLUDING THE PLAN DOCUMENTS), THE SOLICITATION OF VOTES WITH RESPECT TO THIS PLAN, OR ANY OTHER ACT OR OMISSION, OTHER THAN CLAIMS OR CAUSES OF ACTION ARISING OUT OF OR RELATED TO ANY ACT OR OMISSION OF A RELEASED PARTY THAT IS A CRIMINAL ACT OR CONSTITUTES ACTUAL FRAUD, GROSS NEGLIGENCE, OR WILLFUL MISCONDUCT. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, ANY RESTRUCTURING TRANSACTIONS, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THE PLAN.

The Released Parties are, collectively, the following parties each in its capacity as such:  (a) the Debtor, (b) the Debtor's current and former directors and officers, (c) the Convertible Unsecured Notes Trustee, (d) the Convertible Unsecured Notes Trustee, (e) the Supporting Convertible Unsecured Noteholders, (f) the Supporting Convertible Unsecured Noteholders, (g) the Holders of Claims and Equity Interests who vote in favor of the Plan; and (h) the Related Persons of each of (a) through (g) of the foregoing.

**Item 4**. **Certifications.**

By signing this Class 6 Beneficial Holder Ballot, the undersigned certifies to the Bankruptcy Court and the Debtor:

(a) that, as of the Voting Record Date, either: (i) the Entity is the holder of the Class 6 Equity Interest in the Debtor being voted; or (ii) the Entity is an authorized signatory for an Entity that is a holder of the Class 6 Equity Interest being voted;

(b) that the Entity (or in the case of an authorized signatory, the holder) has received a copy of the Solicitation Package, including the Plan and the Disclosure Statement, and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c) that the Entity has the power and authority to vote to accept or reject the Plan;

(d) that the Entity understands that an otherwise properly completed, executed, and timely returned Class 6 Beneficial Holder Ballot failing to indicate either acceptance or rejection of the Plan or indicating both acceptance and rejection of the Plan will not be counted; and

(e) that the Entity understands that if it has submitted Class 6 Beneficial Holder Ballots for other Class 6 Equity Interests in the Debtor, whether held in other accounts or other record names, and such Ballots indicate different votes to accept or reject the plan, then all such Class 6 Beneficial Holder Ballots will not be counted.

| | |
|---|---|
| Name of holder: | |
| Signature: | |
| Name of Signatory | |
| | (if other than holder) |
| Address: | |
| | |
| | |
| Telephone: | |
| Email: | |
| Date Completed: | |

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT PROMPTLY IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED BY YOUR NOMINEE.**

**PLEASE NOTE THAT YOUR VOTE ON THE PLAN IS BINDING AND IRREVOCABLE.  IN THE EVENT THAT ANY OF YOUR CONVERTIBLE UNSECURED NOTES ARE TRANSFERRED, ANY ASSIGNEE OF SUCH NOTES SHALL BE BOUND BY YOUR VOTE ON THE PLAN.**

---

THE VOTING AGENT MUST ***ACTUALLY RECEIVE*** THE CLASS 6 MASTER BALLOT SUBMITTED ON YOUR BEHALF BY YOUR NOMINEE THAT REFLECTS YOUR VOTE ON OR BEFORE _____, 2020, AT 4:00 P.M. PREVAILING EASTERN TIME (IF THE VOTING DEADLINE IS NOT EXTENDED).

---

| Class 6 Equity Interests in the Debtor |
|---|

**VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THIS
CLASS 6 BENEFICIAL HOLDER BALLOT**

1.  The Debtor is soliciting the votes of holders of Equity Interests with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement. Capitalized terms used in the Class 6 Beneficial Holder Ballot or in these instructions (the "<u>Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meaning set forth in the Plan. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.  The Plan can be confirmed by the Court and thereby made binding upon you if (i) it is accepted by the holders of at least two-thirds in amount and more than one-half in number of claims voted in at least one Class of creditors and (ii) if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3.  You must timely submit your Class 6 Beneficial Holder Ballot to your Nominee so that your Nominee can submit a Master Ballot that reflects your vote so that the Master Ballot *is actually received* by the Voting Agent by the Voting Deadline. You may instruct your Nominee to vote on your behalf in the Master Ballot by following these steps: (a) complete the Class 6 Beneficial Holder Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 2; (c) indicate whether you choose to opt out of the Third Party Release in Item 3; and (d) sign and return the Class 6 Beneficial Holder Ballot to your Nominee in accordance with the instructions provided by your Nominee. The Voting Deadline for the receipt of Master Ballots by the Voting Agent is _____, **2020, at 4:00 p.m., prevailing Eastern Time. Your completed Class 6 Beneficial Holder Ballot must be received by your Nominee in sufficient time to permit your Nominee to deliver your votes to the Voting Agent on or before the Voting Deadline.**

4.  **The following Class 6 Beneficial Holder Ballots will *not* be counted**:

    (a)  any Class 6 Beneficial Holder Ballot that partially rejects and partially accepts the Plan;

    (b)  any Class 6 Beneficial Holder Ballot sent to the Debtor or its financial or legal advisors;

    (c)  any Class 6 Beneficial Holder Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim;

    (d)  any Class 6 Beneficial Holder Ballot cast by an Entity that does not hold a Claim in Class 6;

    (e)  any unsigned Class 6 Beneficial Holder Ballot;

    (f)  any Class 6 Beneficial Holder Ballot submitted by a holder not entitled to vote pursuant to the Plan;

    (g)  any unofficial Class 6 Beneficial Holder Ballot; and/or

    (h)  any Class 6 Beneficial Holder Ballot not marked to accept or reject the Plan or any Class 6 Beneficial Holder Ballot marked both to accept and reject the Plan.

5.  If your Class 6 Beneficial Holder Ballot is not received by your Nominee in sufficient time to be included on a timely submitted Master Ballot, it will not be counted unless the Debtor determines otherwise in its discretion. In all cases, holders returning a Class 6 Beneficial Holder Ballot to a Nominee should allow sufficient time to assure timely delivery of such ballot to their Nominees. No

Class 6 Beneficial Holder Ballot should be sent to the Debtor and its financial or legal advisors, and if so sent will not be counted.

6. If you deliver multiple Class 6 Beneficial Holder Ballots to the Nominee with respect to the same Equity Interest prior to the Voting Deadline, the last received valid Class 6 Beneficial Holder Ballot timely received will supersede and revoke any earlier received Class 6 Beneficial Holder Ballot.

7. You must vote all of your interests within Class 6 Equity Interests in the Debtor either to accept or reject the Plan and may **not** split your vote. Further, if a holder has multiple interests within Class 6, the Debtor may, in its discretion, aggregate the interests of any particular holder with multiple interests within Class 6 for the purpose of counting votes.

8. This Class 6 Beneficial Holder Ballot does **not** constitute, and shall not be deemed to be, (a) a proof of claim or (b) an assertion or admission of a claim.

9. **<u>Please be sure to sign and date your Class 6 Beneficial Holder Ballot</u>**. If you are signing a Class 6 Beneficial Holder Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, the Debtor, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Class 6 Beneficial Holder Ballot.

10. The Class 6 Beneficial Holder Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.

11. In the event that (i) the Debtor revokes or withdraws the Plan, or (ii) the Confirmation Order is not entered or the consummation of the Plan does not occur, this Class 6 Beneficial Holder Ballot shall automatically be null and void and deemed withdrawn without any requirement of affirmative action by or notice to you.

12. There may be changes made to the Plan that do not cause material adverse effects on an accepting Class. If such non-material changes are made to the Plan, the Debtor will not resolicit votes for acceptance or rejection of the Plan.

13. NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

### **<u>PLEASE MAIL YOUR CLASS 6 BENEFICIAL HOLDER BALLOT PROMPTLY</u>**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS CLASS 6 BENEFICIAL HOLDER BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE RESTRUCTURING HOTLINE AT (877) 499-4509 (TOLL FREE) OR +1 (917) 281-4800 (INTERNATIONAL) OR EMAIL EMERGENTINFO@KCCLLC.COM.**

**IF THE VOTING AGENT DOES NOT *ACTUALLY RECEIVE* THE CLASS 6 MASTER BALLOT FILED ON YOUR BEHALF ON OR BEFORE _____, 2020, AT 4:00 P.M. PREVAILING EASTERN TIME, AND IF THE VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE TRANSMITTED BY THIS CLASS 6 BENEFICIAL HOLDER BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTOR.**

**PLEASE NOTE THAT YOUR VOTE ON THE PLAN IS BINDING AND IRREVOCABLE.  IN THE EVENT THAT ANY OF YOUR CONVERTIBLE UNSECURED NOTES ARE TRANSFERRED, ANY ASSIGNEE OF SUCH NOTES SHALL BE BOUND BY YOUR VOTE ON THE PLAN.**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| EMERGENT CAPITAL, INC.,[1] | § | Chapter 11 |
| | § | |
| Debtor. | § | Case No. 20-_____ (___) |
| | § | |
| | § | |
| | § | |

## MASTER BALLOT FOR VOTING TO ACCEPT OR REJECT
## DEBTOR EMERGENT CAPITAL, INC.'S JOINT PLAN OF REORGANIZATION

### CLASS 6 HOLDERS OF EQUITY INTERESTS IN THE DEBTOR

> **PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS CAREFULLY** *BEFORE* **COMPLETING THIS MASTER BALLOT.**
>
> **IN ORDER FOR THE VOTE OF YOUR BENEFICIAL HOLDER TO BE COUNTED, THIS MASTER BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE ACTUALLY RECEIVED BY THE VOTING AGENT BY _____, 2020, AT 4:00 P.M. PREVAILING EASTERN TIME (THE "VOTING DEADLINE").**

EMERGENT CAPITAL, INC. (the "Debtor") is soliciting votes with respect to the *Debtor Emergent Capital, Inc.'s Chapter 11 Plan of Reorganization* (as may be amended from time to time, the "Plan") as set forth in the *Disclosure Statement for the Debtor Emergent Capital, Inc.'s Chapter 11 Plan of Reorganization* (as may be amended from time to time, the "Disclosure Statement"). The Disclosure Statement has been approved by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this master ballot (the "Master Ballot") because you are a Nominee (as defined below) of a Beneficial Holder[2] of Class 6 Equity Interests in the Debtor as of _____, 2020 (the "Voting Record Date").

**This Master Ballot is to be used by you as a broker, dealer, bank, trust company, or other agent or nominee (each of the foregoing, a "Nominee") of a Beneficial Holder, or as the proxy holder of a Nominee for certain Beneficial Holder's Class 6 Equity Interests in the Debtor (the "Class 6 Equity Interests"), to transmit to the Voting Agent (as defined below) the votes of such Beneficial Holders in respect of their Class 6 Equity Interests to accept or reject the Plan.** This Master Ballot may not be used for any purpose other than for submitting votes with respect to Class 6 Equity Interests under the Plan.

---

[1]  The last four digits of the Debtor's taxpayer identification number is -3473.  The location of the Debtor's service address for purposes of this case is 120 North Federal Highway, Suite 200, Boca Raton, FL 33432.

[2]  A "Beneficial Holder" means a beneficial owner of Equity Interests in the Debtor as of the Voting Record Date (as defined herein).

The rights and treatment for Class 6 are described in the Disclosure Statement and the Plan, which was included in the package (the "Solicitation Package") that you are receiving with this Master Ballot. For Nominees only, if you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them from Kurtzman Carson Consultants LLC (the "Voting Agent") at no charge by calling the Voting Agent at (877) 499-4509 (toll free) or +1 (917) 281-4800 (international) or emailing EmergentInfo@kccllc.com.

Nominees should use this Master Ballot to tabulate votes on behalf of Beneficial Holders to accept or reject the Plan. This Master Ballot may not be used for any purpose other than for casting votes with respect to Class 6 Equity Interests to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Master Ballot in error, please contact the Voting Agent *immediately* at the telephone number or email address set forth above.

The Court may confirm the Plan and thereby bind all holders of claims and equity interests. To have the votes of your Beneficial Holders count as either an acceptance or rejection of the Plan, you must complete and return this Master Ballot so that the Voting Agent *actually receives* it on or before the Voting Deadline.

PLEASE READ THE DISCLOSURE STATEMENT AND PLAN FOR MORE DETAILS.

**THE VOTING DEADLINE IS _____, 2020, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**Item 1. Certification of Authority to Vote.**

The undersigned certifies that, as of the Voting Record Date, the undersigned (please check the applicable box):

❒ Is a broker, dealer, bank, trust company, or other agent or nominee for the Beneficial Holders of the Class 6 Equity Interests listed in Item 2 below, and is the record holder of such Equity Interests, or

❒ Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, dealer, bank, trust company, or other agent or nominee that is the registered holder of the Class 6 Equity Interests listed in Item 2 below, or

❒ Has been granted a proxy (an original of which is attached hereto) from a broker, dealer, bank, trust company, or other agent or nominee, or a beneficial owner, that is the registered holder of the Class 6 Equity Interests listed in Item 2 below,

and accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Holders of the Class 6 Equity Interests described in Item 2.

**Item 2. Vote on Plan.**

The undersigned transmits the following votes of the Beneficial Holders of Class 6 Equity Interests and certifies that the following Beneficial Holders of Class 6 Equity Interests, as identified by their respective customer account numbers set forth below, are the Beneficial Holders of such interests as of the Voting Record Date and have delivered to the undersigned, as Nominee, Class 6 Beneficial Holder Ballots casting such votes.

Indicate in the appropriate column below the amount voted for each account or attach such information to this Master Ballot in the form of the following table. Please note that each holder ***must vote all*** such

11

Beneficial Holder's Class 6 Equity Interests to accept or reject the Plan and may not split such vote. Any Class 6 Beneficial Holder Ballot executed by the Beneficial Holder that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

If a Beneficial Holder who has voted to reject the Plan has checked the "opt out" box on Item 3 of the Class 6 Beneficial Holder Ballot pertaining to the releases by holders of claims and equity interests as detailed in Article XI of the Plan (the "Third Party Release"), please check the box in the appropriate column below.

If Item 6 of the Class 6 Beneficial Holder Ballot was completed (*i.e.*, an accredited investor disclosure), please check the box in the appropriate column below.

| Your Customer Account Number and/or Customer Name for Each Beneficial Holder of Class 6 Equity Interests | Amount Held as of Voting Record Date | Item 2 Indicate the vote cast on the Class 6 Beneficial Holder Ballot by checking the appropriate box below. | | | Opt Out of Third Party Release (If the Beneficial Holder rejected the Plan and the box in Item 3 of the Class 6 Beneficial Holder Ballot was completed, check the box in the column below) |
|---|---|---|---|---|---|
| | | Accept the Plan | or | Reject the Plan | |
| 1. | $ | ☐ | | ☐ | ☐ |
| 2. | $ | ☐ | | ☐ | ☐ |
| 3. | $ | ☐ | | ☐ | ☐ |
| 4. | $ | ☐ | | ☐ | ☐ |
| 5. | $ | ☐ | | ☐ | ☐ |
| 6. | $ | ☐ | | ☐ | ☐ |
| **Totals** | **$** | | | | |

**Item 3. Certifications.**

Upon execution of this Master Ballot, the undersigned certifies that:

(a)   it has received a copy of the Disclosure Statement, the Plan, the Master Ballots, the Class 6 Beneficial Holder Ballots, and the remainder of the Solicitation Package and has delivered the same to the Beneficial Holders of the Class 6 Equity Interests listed in Item 2 above;

(b)   it has received a completed and signed Class 6 Beneficial Holder Ballot from each Beneficial Holder listed in Item 2 of this Master Ballot;

(c)   it is the registered holder of all Class 6 Equity Interests listed in Item 2 above being voted, or it has been authorized by each Beneficial Holder of Class 6 Equity Interests listed in Item 2 above to vote on the Plan and to make applicable elections;

(d)   no other Master Ballots with respect to the same Class 6 Equity Interests identified in Item 2 have been cast or, if any other Master Ballots have been cast with respect to such Equity Interests, then any such earlier Master Ballots are hereby null and void;

13

(e)     it has properly disclosed: (a) the number of Beneficial Holders of Class 6 Equity Interests who completed the Class 6 Beneficial Holder Ballots; (b) the respective amounts of the Class 6 Equity Interests owned by each Beneficial Holder of Class 6 Equity Interests who completed a Class 6 Beneficial Holder Ballot; (c) each such Beneficial Holder of Class 6 Equity Interests' respective vote concerning the Plan; (d) each such Beneficial Holder of Class 6 Equity Interests' certification as to other Class 6 Equity Interests voted; and (e) the customer account or other identification number for each such Beneficial Holder of Class 6 Equity Interests; and

(f)     it will maintain the Class 6 Beneficial Holder Ballots returned by Beneficial Holders of Class 6 Equity Interests (whether properly completed or defective) for at least one (1) year after the Effective Date of the Plan and disclose all such information to the Bankruptcy Court or the Debtor, if so ordered.

Name of Nominee: _____

DTC Participant Number: _____

Signature: _____

Name of Signatory _____
(if other than holder)

Address: _____
_____
_____

Telephone: _____

Email: _____

Date Completed: _____

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT
PROMPTLY BY ELECTRONIC MAIL (WITH PDF ATTACHMENT), FIRST CLASS MAIL,
OVERNIGHT COURIER, OR HAND DELIVERY TO:**

**Emergent Capital, Inc.
Ballot Processing Center
C/O Kurtzman Carson Consultants LLC
222 N. Pacific Coast Highway, Suite 300
El Segundo, CA 90245**

**Telephone: (877) 499-4509 (toll free) or +1 (917) 281-4800 (international)**

**Email: EmergentInfo@kccllc.com**

---

IF THE VOTING AGENT DOES NOT ***ACTUALLY RECEIVE*** THIS CLASS 6 MASTER BALLOT OR BEFORE _____, 2020, AT 4:00 P.M. PREVAILING EASTERN TIME (AND IF THE VOTING DEADLINE IS NOT EXTENDED), AND IF THE VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE TRANSMITTED BY THIS CLASS 6 MASTER BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTOR.

---

| Class 6 Equity Interests in the Debtor |
|---|

**VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING
THIS MASTER BALLOT**

1.  The Debtor is soliciting the votes of holders of Class 6 Equity Interests in the Debtor with respect to the Plan attached as Exhibit A to the Disclosure Statement. Capitalized terms used in the Master Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS MASTER BALLOT.**

2.  The Plan can be confirmed by the Court and thereby made binding if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the claims voted in at least one Class of creditors and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3.  You should immediately distribute the Class 6 Beneficial Holder Ballots and the Solicitation Package to all Beneficial Holders of Class 6 Equity Interests in the Debtor and take any action required to enable each such Beneficial Holder to vote timely the interests that it holds. You may distribute the Solicitation Packages to Beneficial Holders, as appropriate, in accordance with your customary practices. Any Class 6 Beneficial Holder Ballot returned to you by a Beneficial Holder of a Class 6 Equity Interest in the Debtor shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver to the Voting Agent a Master Ballot that reflects the vote of such Beneficial Holders by **_____, 2020, at 4:00 p.m. prevailing Eastern Time** or otherwise validate the Master Ballot in a manner acceptable to the Voting Agent.

4.  If you are transmitting the votes of any Beneficial Holder of Class 6 Equity Interests in the Debtor other than your own, you must, within five (5) Business Days after receipt by you of the Solicitation Package, forward the Solicitation Package to the Beneficial Holder of the Class 6 Equity Interests in the Debtor for voting along with a return envelope provided by and addressed to you, with the Beneficial Holder then returning the individual Class 6 Beneficial Holder Ballot to you. In such case, you will tabulate the votes of your respective owners on a Master Ballot that is provided and then return the Master Ballot to the Voting Agent. *You should advise the Beneficial Holders to return their individual Class 6 Beneficial Holder Ballots to you by a date calculated by you to allow you to return the Master Ballot to the Voting Agent so that the Master Ballot is actually received by the Voting Agent on or before the Voting Deadline.*

5.  With regard to any Class 6 Beneficial Holder Ballots returned to you by a Beneficial Holder, you must: (a) compile and validate the votes and other relevant information of each such Beneficial Holder on the Master Ballot using the customer name or account number assigned by you to each such Beneficial Holder; (b) execute the Master Ballot; (c) transmit such Master Ballot to the Voting Agent by the Voting Deadline; and (d) retain such Class 6 Beneficial Holder Ballots from Beneficial Holders in your files for a period of one year after the Effective Date of the Plan. You may be ordered to produce the Class 6 Beneficial Holder Ballots to the Debtor or the Bankruptcy Court.

6.  The Master Ballot ***must*** be returned to the Voting Agent so as to be ***actually received*** by the Voting Agent on or before the Voting Deadline. **The Voting Deadline is _____, 2020, at 4:00 p.m., prevailing Eastern Time**.

7. If a Master Ballot is received *after* the Voting Deadline and if the Voting Deadline is not extended, it may be counted only in the discretion of the Debtor.  Additionally, **the following Master Ballots will *not* be counted:**

(a) any Master Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Class 6 Claim;

(b) any unsigned Class 6 Beneficial Holder Ballot or Master Ballot;

(c) any Class 6 Beneficial Holder Ballot or Master Ballot that does not contain an original signature;

(d) any Master Ballot not marked to accept or reject the Plan; and

(e) any Master Ballot submitted by any party not entitled to cast a vote with respect to the Plan.

8. The method of delivery of Master Ballots to the Voting Agent is at the election and risk of each Nominee of Class 6 Equity Interests.  Except as otherwise provided herein, such delivery will be deemed made only when the Voting Agent *actually receives* the originally executed Master Ballot. In all cases, Beneficial Holders and Nominees should allow sufficient time to assure timely delivery. The Master Ballot should not be sent to the Debtor, the Convertible Unsecured Notes Trustee, or their respective financial or legal advisors.

9. If multiple Master Ballots are received from the same Nominee with respect to the same Class 6 Beneficial Holder Ballot prior to the Voting Deadline, the latest, timely received, and properly completed Master Ballot will supersede and revoke any earlier received Master Ballots.

10. The Master Ballot may not be used for any purpose other than to vote to accept or reject the Plan by reflecting boxes checked in Item 2 and 3 of the Class 6 Beneficial Holder Ballot with respect to the vote to accept or reject the Plan and Third Party Releases.

11. The Master Ballot does *not* constitute, and shall not be deemed to be, (a) a proof of claim or (b) an assertion or admission of a claim.

12. **Please be sure to sign and date the Master Ballot**. You should indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity and, if required or requested by the Voting Agent, the Debtor, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Beneficial Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

13. If you are both the Nominee and the Beneficial Holder of any of the Class 6 Equity Interests in the Debtor and you wish to vote such Class 6 Equity Interests in the Debtor, **you may return a Class 6 Beneficial Holder Ballot or Master Ballot for such Class 6 Equity Interests in the Debtor and you must vote your entire Class 6 Equity Interest in the Debtor to either accept or reject the Plan and may not split your vote**.  Accordingly, a Class 6 Beneficial Holder Ballot, other than a Master Ballot with the votes of multiple Beneficial Holders, which partially rejects and partially accepts the Plan will not be counted.

14. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate claims held by a single creditor in a particular Class will be aggregated and treated as if such creditor held one claim in such Class, and all votes related to such claim will be treated as a single vote to accept or reject the Plan; *provided*, *however*, that if separate affiliated entities hold claims in a

particular Class, these claims will not be aggregated and will not be treated as if such creditor held one claim in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

15. The following additional rules shall apply to Master Ballots:

    (a) Votes cast by Beneficial Holders through a Nominee will be applied against the positions held by such entities in the Class 6 Equity Interests in the Debtor as of the Voting Record Date, as evidenced by the record and depository listings.

    (b) To the extent that conflicting votes or "over-votes" are submitted by a Nominee, the Voting Agent will attempt to reconcile discrepancies with the Nominee;

    (c) To the extent that over-votes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot that contained the over-vote, but only to the extent of the Nominee's position in Class 6 Equity Interests in the Debtor; and

    (d) For purposes of tabulating votes, each holder holding through a particular account will be deemed to have voted the amount of Equity Interests relating to its holding in that particular account.

16. There may be changes made to the Plan that do not cause material adverse effects on an accepting Class. If such non-material changes are made to the Plan, the Debtor will not resolicit votes for acceptance or rejection of the Plan.

17. PLEASE NOTE THAT ALL VOTES ON THE PLAN ARE BINDING AND IRREVOCABLE. IN THE EVENT THAT ANY OF THE CONVERTIBLE UNSECURED NOTES ARE TRANSFERRED, ANY ASSIGNEE OF SUCH NOTES SHALL BE BOUND BY THE PRIOR HOLDER'S VOTE ON THE PLAN.

**<u>PLEASE MAIL YOUR MASTER BALLOT PROMPTLY</u>**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS CLASS 6 MASTER BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE VOTING AGENT AT (877) 499-45094 (TOLL FREE) OR +1 (917) 281-4800 (INTERNATIONAL) OR EMAIL EMERGENTINFO@KCCLLC.COM.**

---

**IF THE VOTING AGENT DOES NOT *ACTUALLY RECEIVE* THIS MASTER BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS _____, 2020, AT 4:00 P.M. PREVAILING EASTERN TIME, AND IF THE VOTING DEADLINE IS NOT EXTENDED, THE VOTES TRANSMITTED IN THE MASTER BALLOT MAY BE COUNTED ONLY IN THE DISCRETION OF THE DEBTOR.**

---