# EXHIBIT 1

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| RED REEF ALTERNATIVE INVESTMENTS, LLC and EMERGENT CAPITAL, INC.,[1] | ) | Case No. 20-12602 (___) |
|  | ) | Joint Administration Requested |
| Debtors. | ) |  |
|  | ) |  |

## DEBTORS' MOTION FOR AN ORDER
### (I) ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND
### (II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Red Reef Alternative Investments, LLC and Emergent Capital, Inc., the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned jointly administered chapter 11 cases (the "Chapter 11 Cases"), hereby move (the "Motion"), pursuant to sections 105, 501, and 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2002-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for the entry of an order, in substantially the form attached as **Exhibit A** (the "Proposed Order"), (i) establishing (a) the general bar date (the "General Bar Date") by which all persons and entities, except as otherwise provided herein, must file proofs of claim in these Chapter 11 Cases against the Debtors that arose prior to the Petition Date (as defined below), including, without limitation, requests for payment under section 503(b)(9) of the Bankruptcy Code, (b) the date by which governmental

---

[1]  The last four digits of each Debtor's taxpayer identification number are:  Red Reef Alternative Investments, LLC (0302) and Emergent Capital, Inc. (3473).  The location of the Debtors' service address for purposes of these cases is 1200 North Federal Highway, Suite 200, Boca Raton, FL 33432.

units must file proofs of claim in these Chapter 11 Cases (the "Governmental Bar Date"), and

(c) the date by which entities must file proofs of claim relating to the Debtors' rejection of

executory contracts or unexpired leases in these Chapter 11 Cases, of which there should be none

(the "Rejection Bar Date" and collectively with the General Bar Date and the Governmental Bar

Date, the "Bar Dates"); and (ii) approving the form and manner of notice of the Bar Dates.  In

support of this Motion, the Debtors respectfully represent as follows:

## **JURISDICTION**

1.	This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District*

*Court for the District of Delaware* dated February 29, 2012.  Venue is proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409.

2.	This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to

Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection

with this Motion to the extent that it is later determined that the Court, absent consent of the

parties, cannot enter final orders or judgments consistent with Article III of the United States

Constitution.

3.	The statutory and rule bases for the relief requested herein are sections

105, 501, and 502 of title 11 of the Bankruptcy Code, Bankruptcy Rule 3003(c)(3), and Local

Rule 2002-1(e).

## BACKGROUND

4.        On the date hereof (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and managing their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these Chapter 11 Cases.

5.        Debtor Emergent Capital, Inc. ("Emergent") holds all of the equity interests in Debtor Red Reef Alternative Investments, LLC ("Red Reef"), a Delaware limited liability company.

6.        The ultimate goal of these cases is to obtain confirmation of *Debtor Emergent Capital, Inc.'s Chapter 11 Plan of Reorganization* (the "Plan").  The Plan does not currently extend to Red Reef.  The Plan has the support of Emergent's principal secured and unsecured noteholder constituencies, and unimpairs all other creditor claims.  Obtaining the Bar Dates, as requested hereby, will assist the Debtors in effectuating the contemplated Plan.

## RELIEF REQUESTED

7.        By this Motion, the Debtors request the entry of an order, in substantially the form of the Proposed Order, pursuant to sections 105, 501, and 502 of the Bankruptcy Code, Bankruptcy Rule 3003(c)(3) and Local Rule 2002-1(e), (a) establishing the Bar Dates and related claims procedures proposed herein and (b) approving the form and manner of notice thereof.

3

## ESTABLISHMENT OF THE BAR DATES

**A.      General Bar Date**

8.      Bankruptcy Rule 3003(c)(3) requires that the Court fix a time by which proofs of claim must be filed.[2]  To that end, within three (3) business days after an order is entered granting this Motion and establishing the Bar Dates (the "Bar Date Order"), the Debtors will serve a notice (the date on which such service is made, the "Service Date") of the Bar Dates and a proof of claim form, in substantially the form attached to the Proposed Order as Exhibit 2, upon all known or reasonably ascertainable entities who may assert a claim against the Debtors.[3]

9.      The Debtors request that the Court establish **December 11, 2020 at 5:00 p.m. (prevailing Eastern time)** as the General Bar Date, which will be at least (30) days after the proposed Service Date and in compliance with Bankruptcy Rule 2002(a) as well as Bankruptcy Rule 2002(p) .  Except as otherwise provided herein and specifically excluding any claims asserted by the indenture trustees and the Holders of the Senior Secured Notes Claims and Convertible Unsecured Notes Claims (each as defined in the Plan), the General Bar Date will apply to all claims of any kind that arose prior to the Petition Date (the "General Claims"), including secured claims, unsecured priority claims (including claims under section 503(b)(9) of the Bankruptcy Code), and unsecured nonpriority claims.  Unless such claims fall within one of the exceptions described below, entities holding General Claims must file proofs of claim with respect to such General Claims by the General Bar Date.

---

[2]  As used in this Motion, the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code.

[3]  As used in this Motion, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code.

10. To the extent that a General Claim is entitled to administrative priority under section 503(b)(9) of the Bankruptcy Code, the Debtors propose that the filing of a proof of claim be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code; provided, however, that all other administrative expense claims under section 503(b) of the Bankruptcy Code, if any, must be asserted for payment in accordance with section 503(a) of the Bankruptcy Code and the Plan.

**B.**     **Governmental Bar Date**

11. Pursuant to section 502(b)(9) of the Bankruptcy Code, a proof of claim filed by a governmental unit in these Chapter 11 Cases is deemed timely if it is filed within 180 days after the Petition Date.[4] The Debtors therefore request that this Court establish the date of **April 10, 2021 at 5:00 p.m. (prevailing Eastern time)**, which is more than 180 days after the Petition Date, as the Governmental Bar Date in these Chapter 11 Cases. The Debtors propose that the Governmental Bar Date apply to all governmental units holding claims against the Debtors (whether secured claims, unsecured priority claims (including claims under section 503(b)(9)), and unsecured nonpriority claims) that arose prior to the Petition Date, including, without limitation, governmental units with claims against the Debtors for unpaid taxes, whether such claims arose from prepetition tax years or periods of prepetition transactions to which the Debtors were a party.

---

[4] As used in this Motion, the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code. Under Bankruptcy Rule 3002(c)(1), "[a] proof of claim filed by a governmental unit . . . is timely filed if it is filed not later than 180 days after the date of the order for relief."

**C.**     **Rejection Bar Date**

12.     To the extent that any entities assert claims in connection with the Debtors' rejection of any executory contracts or unexpired leases pursuant to section 365 of the Bankruptcy Code, the Debtors propose that, for any claim relating to a Court approved rejection of an executory contract or unexpired lease, in accordance with section 365 of the Bankruptcy Code and pursuant to an order of the Court (any such order, a "<u>Rejection Order</u>"), the Rejection Bar Date for such a claim will be the later of (a) the General Bar Date; (b) 30 days after service of the applicable Rejection Order; and (c) any other date set by an order of the Court.

## PERSONS OR ENTITIES REQUIRED TO FILE PROOFS OF CLAIM

13.     Except as otherwise set forth herein and specifically excluding the claims held by the indenture trustees and the Holders of the Senior Secured Notes Claims and Convertible Unsecured Notes Claims, the Debtors propose that the following persons or entities holding claims against the Debtors arising prior to the Petition Date be required to file Proofs of Claim on or before the applicable Bar Date:

a.     any person or entity that desires to share in any distribution made in either of the Debtor's respective Chapter 11 Cases; and

b.     any person or entity that desires to have its claim classified in a different class, allowed in a different amount, or allowed against a different Debtor than identified in the Plan.

## PROCEDURES FOR PROVIDING NOTICE OF AND FILING PROOFS OF CLAIM

14.     The Debtors propose the following procedures for providing notice of the Bar Dates and for filing proofs of claim with respect to General Claims.  The Debtors propose to serve on all known persons or entities holding, or which are reasonably ascertainable to the

6

Debtors as possibly holding, General Claims: (a) a notice of the Bar Dates substantially in the form of the notice attached to the Proposed Order as Exhibit 1 and incorporated herein by reference (the "Bar Date Notice"); and (b) a proof of claim form substantially in the form attached to the Proposed Order as Exhibit 2 (the "Proof of Claim Form," together with the Bar Date Notice, the "Bar Dates Notice Package").

       15.     The Bar Date Notice states, among other things, that proofs of claim on account of prepetition claims must be filed with the Clerk of the Bankruptcy Court for the District of Delaware, on or before the applicable Bar Date.  The Debtors intend to mail the Bar Date Notice Package by first class United States mail, postage prepaid (or equivalent service), to: (a) all known or reasonably ascertainable potential creditors; (b) the U.S. Trustee; (c) all parties that have requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002 as of the date of the Service Date; (d) all parties who are listed as parties to executory contracts and unexpired leases with the Debtors; (e) all parties who are parties to litigation with the Debtors or their counsel (if known); (f) the Internal Revenue Service for this District and all other taxing and regulatory authorities for the jurisdictions in which the Debtors conduct business; (g)  such additional persons and entities as deemed appropriate by the Debtors; and (h) all other parties listed in the Debtors' official matrix of creditors, to the extent not covered by the previous categories (collectively, the "Notice Parties").  The timing of the Bar Dates will ensure that potential claimants known as of the date hereof will receive at least 30 days' notice by mail of the General Bar Date.

16.     For any claim to be validly and properly filed, a claimant must deliver a completed, signed original Proof of Claim Form, together with any accompanying documentation required by Bankruptcy Rules 3001(c) and 3001(d), to the Clerk of the Bankruptcy Court for the District of Delaware, in the manner set forth below and in the Bar Date Notice, so that Clerk of the Bankruptcy Court for the District of Delaware actually receives the Proof of Claim Form by no later than 5:00 p.m., Eastern Time, on the applicable Bar Date. All such filed Proofs of Claim Forms must: (a) be written in English; (b) include a claim amount denominated in lawful currency of the United States; (c) conform substantially with the Proof of Claim Form provided by the Debtor; and (d) be signed by the holder of the claim or by an authorized agent of the holder of the claim. The Debtors propose that claimants may submits Proofs of Claim Forms electronically via the Clerk of the Bankruptcy Court for the District of Delaware at the following website: http://www.deb.uscourts.gov/claims-information  or via U.S. mail or other hand delivery method to the following address:

United States Bankruptcy Court
Attn:  Claims
824 Market Street, 3rd Floor
Wilmington, DE 19801

17.     The Clerk of the Bankruptcy Court for the District of Delaware will not accept Proof of Claim Forms submitted by facsimile or electronic mail. The Debtors shall deem Proof of Claim Forms as filed when the Clerk of the Bankruptcy Court for the District of Delaware actually receives them (as described in the Bar Date Notice) by one of the approved methods of delivery identified herein.

8

18.     The proposed Bar Date Notice notifies the parties of the Bar Dates and contains information regarding who must file a Proof of Claim, the procedures for filing a Proof of Claim, and the consequences of failure to timely file a Proof of Claim.  The Debtor requests the Court approve the use of the Bar Date Notice.

## EFFECT OF FAILURE TO FILE A PROOF OF CLAIM FORM

19.     The Debtor proposes that, pursuant to Bankruptcy Rule 3003(c)(2), any person or entity that is required to file a Proof of Claim Form pursuant to the Bankruptcy Code, the Bankruptcy Rules, or the Bar Date Order with respect to a particular claim against the Debtors, but fails to do so by the applicable Bar Date be forever barred, estopped, and enjoined from asserting such claim(s) against the Debtors (or filing a proof of claim with respect thereto), and the Debtors and the Debtors' property will be forever discharged from any and all indebtedness or liability with respect to such claim(s), and such holder will not be permitted to vote upon or receive distributions under, any chapter 11 plan confirmed in the Chapter 11 Case in respect of such claim(s).

## CLAIMS AGAINST MULTIPLE DEBTOR; FAILURE TO IDENTIFY THE DEBTOR

20.     The Debtors also propose that all persons or entities asserting claims against more than one Debtor must complete and file a separate proof of claim with respect to each such Debtor and identify on each proof of claim the particular Debtor against which the claim is asserted.

9

**BASIS FOR RELIEF**

**A.    Ample Authority Exists to Approve the Bar Dates and the
Proposed Procedures for Filing Proofs of Claim in These Chapter 11 Cases.**

21.     Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of

claim in a chapter 11 case and provides, in relevant part, that "[t]he court shall fix and for cause

shown may extend the time within which proofs of claim or interest may be filed."  Fed. R.

Bankr. P. 3003(c)(3).  Although Bankruptcy Rule 2002(a)(7) generally provides that all parties in

interest must receive, at a minimum, twenty-one days' notice of the time fixed for filing proofs

of claim pursuant to Bankruptcy Rule 3003(c), neither the Bankruptcy Code, the Bankruptcy

Rules, nor the Local Rules specify a time by which proofs of claim must be filed in chapter 11

cases (other than section 502(b)(9) of the Bankruptcy Code relating to governmental units).

22.     It is well recognized that the claims bar date plays an essential role in the

twin goals of bankruptcy—preserving the debtor's going-concern value and maximizing property

available to satisfy creditors.  *See Bank of America Nat'l Trust & Sav. Assoc. v. 203 N. LaSalle

St. Partn.*, 526 U.S. 434, 453 (1999).  The claims bar date allows the debtor and parties in

interest to expeditiously determine and evaluate the liabilities of the estate.  The absence of such

a deadline, in contrast, would prolong creditor uncertainty, increase the costs and expenses

incurred by the debtor in connection with the claims reconciliation process, and delay or even

derail the claims process, thus undercutting one of the principal purposes of bankruptcy law—

"secur[ing] within a limited period the prompt and effectual administration and settlement of the

debtor's estate."  *See Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995).

10

23.     The procedures described herein provide creditors with ample notice and opportunity and a clear process for filing Proofs of Claim and achieve administrative and judicial efficiency.  Indeed, the proposed procedures will provide comprehensive notice and clear instructions to creditors, on the one hand, and allow these Chapter 11 Cases to move forward quickly with a minimum of administrative expense and delay, on the other hand.

24.     The Debtors' proposed procedures provide clear instructions that will help avoid confusion or uncertainty among creditors that might lead them to file unnecessary protective Proofs of Claim or multiple Proofs of Claim that would cause expense and delay in the claims process for all parties.  The proposed procedures are designed to comply with the Bankruptcy Code and provide the Debtors with flexibility in case of the need for supplemental bar dates or situations in which a creditor's claim status may change during these Chapter 11 Cases (such as in the event of contract rejections).

**B.      The Proposed Notice Procedures Are Reasonable and Appropriate.**

25.     Bankruptcy Rule 2002(a)(7) requires that the Debtors provide claimants at least twenty-one (21) days' notice by mail of the Bar Dates pursuant to Bankruptcy Rule 3003(c).

26.     In conjunction with setting deadlines to file Proofs of Claim, the Debtors must give appropriate notice to interested parties.  The Debtors propose to mail the Bar Date Notice to their known creditors.  This procedure is consistent with applicable case law and practice in this district.  *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950); *see also Chemetron*, 72 F.3d at 346 (3d Cir. 1995).  To determine the adequacy of

11

notice given to a creditor, bankruptcy law distinguishes between "known" and "unknown"

creditors. *Chemetron*, 72 F.3d at 346. As the Third Circuit explained in *Chemetron*, "[k]nown

creditors must be provided with actual written notice of the debtor's bankruptcy filing and bar

claims date. For unknown creditors, notification by publication will generally suffice." *Id.*

(citations omitted). A "known" creditor is one whose identity is either known or is "reasonably

ascertainable by the debtor." *Id.* (citing *Tulsa Prof'l Collection Serv., Inc. v. Pope*, 485 U.S. 478,

490 (1988)). An "unknown" creditor is one whose "interests are either conjectural or future or,

although they could be discovered upon investigation, do not in due course of business come to

knowledge [of the debtor]." *Id.* (citing *Mullane*, 339 U.S. at 317).

27.     Where a creditor is known to the debtor, due process requires that the

debtor must take reasonable steps, such as direct mailing, to provide actual notice of the deadline

for filing proofs of claim. A creditor's identity is "reasonably ascertainable" if that creditor can

be identified through "reasonably diligent efforts." *Mennonite Bd. of Missions v. Adams*,

462 U.S. 791, 798 n.4 (1983). But this does not require the debtor to engage in "impracticable

and extended searches . . . in the name of due process." *See Mullane*, 339 U.S. at 317–18.

Rather, the required search is limited to the debtor's "books and records." *See, e.g.*, *Chemetron*,

72 F.3d at 347.

28.     In addition, requiring entities asserting claims pursuant to section

503(b)(9) of the Bankruptcy Code to assert such claims by filing a Proof of Claim on or prior to

the applicable Bar Dates will ensure that the Debtors have complete information regarding the

nature, validity, and amount of such section 503(b)(9) claims while affording parties asserting

12

section 503(b)(9) claims appropriate and adequate notice. Moreover, this approach facilitates a more cost-effective and efficient claims process for such creditors and, by obviating the need for the Debtor to file a response to individual administrative expense requests, helps conserve estate resources to the benefit of the Debtors' creditors.[5]

29.     The Debtors submit that requiring parties to assert section 503(b)(9) claims by proof of claim on or before the General Bar Date is justified and warranted under the circumstances of these Chapter 11 Cases. Indeed, courts in this district routinely fix bar dates for filing claims under section 503(b)(9) of the Bankruptcy Code. *See, e.g.*, *In re True Religion Apparel, Inc.*, No. 17-11460 (CSS) (Bankr D. Del. Aug. 2, 2017) (establishing claims bar date for claims asserted pursuant to section 503(b)(9) of the Bankruptcy Code); *In re Emerald Oil, Inc.*, No. 16-10704 (KG) (Bankr. D. Del. Mar. 22, 2016) (same); *In re Horsehead Holding Corp.*, No. 16-10287 (CSS) (Bankr. D. Del. Mar. 22, 2016) (same); *In re Magnum Hunter Res. Corp.*, No. 15-12533 (KG) (Bankr. D. Del. Jan. 11, 2016) (same); *In re GSE Envtl., Inc.*, No. 14-11126 (MFW) (Bankr. D. Del. June 3, 2014) (same); *In re FAH Liquidating Corp. f/k/a Fisker Automotive Holdings, Inc.*, No. 13-13087 (KG) (Bankr. D. Del. Dec. 30, 2013) (same).

30.     The Debtors submit that the relief requested herein provides for clear notice of the General Bar Date (and other Bar Dates as set forth herein) in satisfaction of the requirements of the Bankruptcy Rules and consistent with the underlying policies of the Bankruptcy Code. Specifically, to the extent the Bar Dates are established, as proposed, the

---

[5] For the avoidance of doubt, parties asserting administrative expense claims under all other sub-parts of section 503(b) of the Bankruptcy Code must make separate requests for payment in accordance with section 503(a) of the Bankruptcy Code or as otherwise specified by any other order of the Court or in any plan confirmed in these Chapter 11 Cases.

13

Debtors intends to cause the Bar Date Notice to be mailed no later than three (3) business days after entry of the Bar Date Order.

31.     In addition, unless otherwise ordered by the Court, and in the event the Debtors reject an executory contract or unexpired lease, holders of claims arising from such rejection, if any, shall file claims on account of such rejection by the later of:  (a) the General Bar Date; (b) 5:00 p.m. prevailing Eastern Time on the date that is thirty days following entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors; and (c) any date that the Court may fix in the applicable order approving such rejection.

32.     The procedures and notice periods described herein afford creditors ample opportunity to file Proofs of Claim while, at the same time, ensuring that the Debtors can achieve certainty with respect to their liabilities in a timely manner.  In fact, the entry of orders granting relief similar to that requested herein is routinely approved in large chapter 11 cases in this district.  *See, e.g.*, *In re True Religion Apparel, Inc.*, No. 17-11460 (CSS) (Bankr D. Del. Aug. 2, 2017) (approving a general bar date that provided for approximately 40 days' notice to creditors); *In re Aquion Energy, Inc.*, No. 17-10500 (KJC) (Bankr. D. Del. Aug. 16, 2017) (approving a general bar date that provided for approximately 40 days' notice to creditors); *In re Horsehead Holding Corp.,* No. 16-10287 (CSS) (Bankr. D. Del. Mar. 22, 2016) (approving a general bar date that provided for approximately 28 days' notice to creditors); *In re Magnum Hunter Res. Corp.*, No. 15-12533 (KG) (Bankr. D. Del. Jan. 11, 2016) (approving a general bar date that provided for approximately 42 days' notice to creditors); *In re GSE Envtl., Inc.*, No. 14-11126 (MFW) (Bankr. D. Del. June 3, 2014) (approving a general bar date that provided for

14

approximately 35 days' notice to creditors); *In re FAH Liquidating Corp. f/k/a Fisker Automotive Holdings, Inc.*, No. 13-13087 (KG) (Bankr. D. Del. Dec. 30, 2013) (approving a general bar date that provided for approximately 28 days' notice to creditors).

33.     Accordingly, the Debtors respectfully submit that the Bar Dates and the form and manner of providing notice thereof are appropriate in light of the circumstances, inure to the benefit of all parties in interest, and should be approved.

## NOTICE

34.     Notice of this Motion shall be provided to the following parties, or their counsel, if known:  (i) the Office of the United States Trustee for the District of Delaware; (ii) the Office of the United States Attorney; (iii) the Debtor's twenty largest unsecured creditors; (iv) counsel to the supporting senior secured noteholders; (v) counsel to the supporting convertible unsecured noteholders; and (vi) counsel to the indenture trustees.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

35.     No prior request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order and grant such other and further relief as may be appropriate.

DOCS_DE:230899.3 23629/001

Dated: October 15, 2020

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*

Richard M. Pachulski (CA Bar No. 62337)
Maxim B. Litvak (CA Bar No. 215852)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail:     rpachulski@pszjlaw.com
            mlitvak@pszjlaw.com
            crobinson@pszjlaw.com

Proposed Counsel for Debtors and Debtors in
Possession

**EXHIBIT A**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RED REEF ALTERNATIVE INVESTMENTS, LLC and | ) | Case No. 20-12602 (___) |
| EMERGENT CAPITAL, INC.,[1] | ) | |
| | ) | Joint Administration Requested |
| Debtors. | ) | |
| | ) | **Re Docket No. __** |

**ORDER (I) ESTABLISHING BAR DATES FOR FILING PROOFS OF
CLAIM AND (II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon the motion (the "Motion"),[2] of the above-captioned debtors and debtors in

possession (collectively, the "Debtors"), for entry of an order, pursuant to sections 105, 501, and

502 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 3003(c)(3),

and Local Rule 2002-1(e), (i) establishing (a) the general bar date (the "General Bar Date") by

which all persons and entities, except as otherwise provided herein, must file proofs of claim in

these Chapter 11 Cases against the Debtors that arose prior to the Petition Date (as defined

below), including, without limitation, requests for payment under section 503(b)(9) of the

Bankruptcy Code, (b) the date by which governmental units must file proofs of claim in these

Chapter 11 Cases (the "Governmental Bar Date"), and (c) the date by which entities must file

proofs of claim relating to the Debtors' rejection of executory contracts or unexpired leases in

these Chapter 11 Cases (the "Rejection Bar Date", and collectively with the General Bar Date,

---

[1]  The last four digits of each Debtor's taxpayer identification number are:  Red Reef Alternative Investments, LLC
(0302) and Emergent Capital, Inc. (3473).  The location of the Debtors' service address for purposes of these cases
is 1200 North Federal Highway, Suite 200, Boca Raton, FL 33432.

[2]  All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the
Motion.

DOCS_DE:230899.3 23629/001

the Governmental Bar Date, and the Rejection Bar Date, the "Bar Dates"); and (ii) approving the

form and manner of notice of the Bar Dates, as more fully set forth in the Motion; and the Court

having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C.

§§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District*

*Court for the District of Delaware* dated February 29, 2012; and consideration of the Motion and

the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Motion having been provided to the parties listed therein, and it appearing that no other or

further notice need be provided; and the Court having reviewed the Motion; and all objections, if

any, to the Motion having been withdrawn, resolved or overruled; and the Court having

determined that the legal and factual bases set forth in the Motion establish just cause for the

relief granted herein; and it appearing that the relief requested in the Motion is in the best

interests of Debtor and its estates and creditors; and upon all of the proceedings had before the

Court and after due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT:

1.    The Motion is granted, as set forth herein.

2.    As used herein, (a) the term "claim" has the meaning given to it in

section 101(5) of the Bankruptcy Code, (b) the term "person" has the meaning given to it in

section 101(41) of the Bankruptcy Code, (c) the term "entity" has the meaning given to it in

section 101(15) of the Bankruptcy Code and (d) the term "governmental unit" has the meaning

given to it in section 101(27) of the Bankruptcy Code.

2

3.      The forms of the Bar Date Notice and the Proof of Claim Form, attached

hereto as **Exhibit 1** and **Exhibit 2**, respectively, and the manner of providing notice of the Bar

Dates proposed in the Motion, are approved in all respects.  The form and manner of notice of

the Bar Dates approved herein satisfy the notice requirements of the Bankruptcy Code, the

Bankruptcy Rules, the Local Rules and any orders of this Court, are fair and reasonable, and

provide good, sufficient, and due notice to all creditors of their rights and obligations in

connection with the claims they may assert against the Debtors' estates in these Chapter 11

Cases.  As such, the Debtors are authorized to serve the Bar Dates Notice Package in the manner

described below.

4.      The General Bar Date.  Except as otherwise provided herein and

specifically excluding any claims asserted by the indenture trustees and the Holders of the Senior

Secured Notes Claims and Convertible Unsecured Notes Claims (each as defined in the Plan), all

persons or entities holding claims against the Debtors that arose before the Petition Date, shall

file a proof of claim so that it is actually received **on or before the General Bar Date of**

**December 11, 2020 at 5:00 p.m. (prevailing Eastern time)**.  The General Bar Date applies to

all types of claims against the Debtors that arose prior to the Petition Date, including secured

claims, unsecured priority claims (including claims under section 503(b)(9) of the Bankruptcy

Code) and unsecured nonpriority claims, except as noted herein or in the Motion.

5.      The Governmental Bar Date.  Pursuant to section 502(b)(9) of the

Bankruptcy Code, all governmental units holding claims against the Debtor (whether secured

claims, unsecured priority claims (including claims under section 503(b)(9)), or unsecured

3

nonpriority claims) that arose prior to the Petition Date, must file proofs of claim so as to be actually received **on or before the Governmental Bar Date of April 3, 2021 at 5:00 p.m. (prevailing Eastern time).**

6.  The Rejection Bar Date.  Any person or entity whose claims arise out of the Court approved rejection of an executory contract or unexpired lease, in accordance with section 365 of the Bankruptcy Code and pursuant to an order of this Court (any such order, a "Rejection Order"), must file a proof of claim so as to be actually received on or before the later of (a) the General Bar Date; (b) thirty (30) days after service of the applicable Rejection Order; and (c) any other date set by an order of this Court.  The later of these dates is referred to in this Order as the "Rejection Bar Date."

7.  The following categories of claimants shall be required to file a Proof of Claim by the applicable Bar Date:

  a.  any person or entity that desires to share in any distribution made in the Debtors' respective Chapter 11 Cases; and

  b.  any person or entity that (i) believes that its prepetition claim against the Debtors is improperly classified in the Plan, and (ii) desires to have its claim classified in a different class or allowed in a different amount.

8.  The following persons or entities, whose claims otherwise would be subject to the General Bar Date or the Governmental Bar Date, are not required to file Proofs of Claim:

  a.  Indenture trustees and the Holders of the Senior Secured Notes Claims and Convertible Unsecured Notes Claims;

  b.  any person or entity that already has filed a signed proof of claim against the Debtor in a form substantially similar to Official Bankruptcy Form No. 410 with the Clerk of the Bankruptcy Court for the District of Delaware;

4

c.     any holder of a claim that previously has been allowed by the Court;

d.     any holder of a claim that has been paid in full by the Debtors in accordance with the Bankruptcy Code or in accordance with an order of the Court;

e.     any person or entity holding a claim for which a separate deadline for filing a proof of claim is fixed by this Court; and

f.     claims for fees and expenses of professionals retained in these Chapter 11 Cases.

9.     Parties asserting claims against the Debtors that accrued before the

Petition Date must use the Proof of Claim Form substantially in the form attached hereto as

**Exhibit 2**, or a form that conforms to Official Form 410.

10.     The following procedures for the filing of a Proof of Claim Form shall

apply:

a.     Persons or entities shall file a Proof of Claim Form so that it is actually received on or before the applicable Bar Date either:

(1)     Electronically with Clerk of the Bankruptcy Court for the District of Delaware via the interface available at https://www.deb.uscourts.gov/claims-information; or

(2)     Via U.S. mail or other hand delivery method to the following address:

United States Bankruptcy Court
Attn:  Claims
824 Market Street, 3rd Floor
Wilmington, DE 19801

b.     Proofs of Claim Forms will be deemed filed when actually received by the Clerk of the Bankruptcy Court for the District of Delaware.  Proofs of Claim Forms may not be delivered via facsimile or electronic mail transmission.

c.     Proofs of Claim Forms will be collected, docketed and maintained by Clerk of the Bankruptcy Court for the District of Delaware.

d.     All Proofs of Claim Forms shall (i) be written in English; (ii) include a claim amount denominated in United States currency; (iii) conform substantially with the Proof of Claim Form provided by the Debtors; and

5

(iv) be signed by the holder of the claim or by an authorized agent of the holder of the claim.  Claimants should attach to the completed form any documents on which the claim is based (or, if such documents are voluminous, attach a summary) or an explanation as to why the documents are not available.

11.     The Debtors shall retain the right to dispute, or assert offsets or defenses against, any filed proofs of claim, as to nature, amount, liability, classification or otherwise. Nothing contained herein shall preclude the Debtors or any other party in interest, from objecting to any claim (excluding the claims of the indenture trustees and the Holders of the Senior Secured Notes Claims and Convertible Unsecured Notes Claims), whether scheduled or filed, on any grounds.

12.     Any person or entity who is required to file a Proof of Claim Form pursuant to the Bankruptcy Code, Bankruptcy Rules, or the Bar Date Order with respect to a particular claim against the Debtors, but fails to do so by the applicable Bar Date in accordance with this Order is hereby forever barred, estopped, and enjoined from asserting such claim(s) against the Debtors (or filing a proof of claim with respect thereto), and the Debtors and the Debtors' property will be forever discharged from any and all indebtedness or liability with respect to such claim(s), and such holder will not be permitted to vote upon, or receive distributions under, any chapter 11 plan confirmed in the Chapter 11 Cases in respect of such claim(s).

13.     No later than three (3) business days after the entry of this Order, the Debtors shall serve the Bar Dates Notice Package, including a copy of the Bar Date Notice and the Proof of Claim Form substantially in the forms attached hereto as **Exhibit 1** and **Exhibit 2**, respectively, by first-class mail, postage prepaid, on:  (a) all known or reasonably ascertainable

6

potential creditors; (b) the U.S. Trustee; (c)  all parties that have requested notice in these

Chapter 11 Cases pursuant to Bankruptcy Rule 2002 as of the date of the Service Date; (c) all

parties who are listed as parties to executory contracts and unexpired leases with the Debtors;

(d) all parties who are parties to litigation with the Debtors or their counsel (if known); (e) the

Internal Revenue Service for this District and all other taxing and regulatory authorities for the

jurisdictions in which the Debtors conduct business; (f)  such additional persons and entities as

deemed appropriate by the Debtors; and (g) all other parties listed in the Debtors' official matrix

of creditors, to the extent not covered by the previous categories (collectively, the "Notice

Parties").

14.     The Debtors are authorized and empowered to take such steps and perform

such acts as may be necessary to implement and effectuate the terms of this Order.

15.     The entry of this Order is without prejudice to the right of the Debtors to

seek a further order of this Court fixing a date by which holders of claims or interests not subject

to the Bar Dates established herein must file proofs of claim or interest.

16.     This Court shall retain jurisdiction with respect to all matters arising from

or related to the implementation and/or interpretation of this Order.

DOCS_DE:230899.3 23629/001

# EXHIBIT 1

**Form of Bar Date Notice**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RED REEF ALTERNATIVE INVESTMENTS, LLC and<br>EMERGENT CAPITAL, INC.,[1]<br><br>Debtors. | )  Chapter 11<br>)<br>)  Case No. 20-_____ (___)<br>)<br>)  Joint Administration Requested<br>)<br>)  **Re Docket No. __** |

**NOTICE OF ESTABLISHMENT OF BAR DATES FOR FILING PROOFS OF CLAIM**

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST EITHER OF THE ABOVE-CAPTIONED DEBTOR ENTITIES (COLLECTIVELY, THE "DEBTORS"):**

> **YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY BE HOLDING A CLAIM AGAINST ONE OR BOTH OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES (THE "CHAPTER 11 CASES"). THEREFORE, YOU SHOULD READ THIS NOTICE CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

On [_____], 2020, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (Docket No. ___) (the "Bar Date Order") in the Chapter 11 Case establishing various bar dates for filing Proofs of Claim.

Pursuant to the Bar Date Order, the Court has established **December __, 2020 at 5:00 p.m. (prevailing Eastern time)** as the general bar date (the "General Bar Date") for filing proofs of claim in the Debtors' Chapter 11 Cases.

As used in this Notice, "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), and includes all persons, estates, trusts, governmental units and the United States Trustee. In addition, the terms "persons" and "governmental units" are defined as set forth in sections 101(41) and 101(27) of the Bankruptcy Code, respectively. As used in this notice, the term "claim" means, as to or against any of the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (i) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (ii) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

---

[1] The last four digits of each Debtor's taxpayer identification number are: Red Reef Alternative Investments, LLC (0302) and Emergent Capital, Inc. (3473). The location of the Debtors' service address for purposes of these cases is 1200 North Federal Highway, Suite 200, Boca Raton, FL 33432.

DOCS_DE:230899.3 23629/001

## THE BAR DATES

The Bar Date Order established the following bar dates for filing proofs of claim in these Chapter 11 Cases (collectively, the "Bar Dates"):

    a.    <u>The General Bar Date</u>.  Except as otherwise provided herein and specifically excluding any claims asserted by the indenture trustees and the Holders of the Senior Secured Notes Claims and Convertible Unsecured Notes Claims, all persons or entities holding claims against the Debtors that arose before October 15, 2020 (the "Petition Date"), shall file a proof of claim by the General Bar Date.  The General Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including claims that would be legally classified as secured, priority (including claims under section 503(b)(9) of the Bankruptcy Code) and unsecured nonpriority claims.  Unless such claims fall within one of the exceptions described below, persons or entities holding any such claims must file a proof of claim with respect to such claims by the General Bar Date.

    b.    <u>The Governmental Bar Date</u>.  Pursuant to section 502(b)(9) of the Bankruptcy Code, all governmental units holding claims against the Debtor (whether secured claims, unsecured priority claims (including claims under 503(b)(9) of the Bankruptcy Code), and unsecured nonpriority claims) that arose prior to the Petition Date, must file a proof of claim on or before the Governmental Bar Date of **April 3, 2021 at 5:00 p.m. (prevailing Eastern time).**

    c.    <u>The Rejection Bar Date</u>.  Any entity whose claims arise out of the Court approved rejection of an executory contract or unexpired lease, in accordance with section 365 of the Bankruptcy Code and pursuant to an order of this Court (any such order, a "Rejection Order"), must file a proof of claim on or before the later of (a) the General Bar Date; (b) thirty (30) days after service of the Rejection Order; and (c) any other date set by an order of this Court.  The later of these dates is referred to in this Notice as the "Rejection Bar Date."

## FILING CLAIMS

## 1. WHO MUST FILE

Subject to the terms described above for holders of claims subject to the Governmental Bar Date, and the Rejection Bar Date, and specifically excluding any claims asserted by the indenture trustees and the Holders of the Senior Secured Notes Claims and Convertible Unsecured Notes Claims (each as defined in the Plan), the following entities MUST file a proof of claim on or before the General Bar Date:

    a.    any person or entity that desires to share in any distribution made in any of the Debtors' Chapter 11 Case; and

    b.    any person or entity that (i) believes that its prepetition claim against the Debtors is improperly classified in the Plan and (ii) desires to have its claim classified in a different class or allowed in a different amount.

## 2. WHAT TO FILE

The Debtors are enclosing a proof of claim form for use in these Chapter 11 Cases, or you may use another proof of claim form that conforms substantially to Official Bankruptcy Form No. 410.

You may utilize the proof of claim form(s) provided by the Debtors to file your claim.  Additional proof of claim forms may be obtained at the following website:  www.uscourts.gov/forms/bankruptcy-forms/proof-claim.

All proof of claim forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. The proof of claim form must be written in English, signed, and include a claim amount denominated in United States currency.  You should attach to your completed proof of claim form any documents on which the claim is based (or, if such documents are voluminous, attach a summary) or an explanation as to why the documents are not available.

Under the Bar Date Order, the filing of a proof of claim form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code.  All other administrative expense claims under section 503(b) of the Bankruptcy Code must be made by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code and shall not be deemed proper if made by proof of claim.  Claims under section 503(b)(9) must be filed by the General Bar Date.

## 3. WHEN AND WHERE TO FILE

Entities must file each Proof of Claim Form so they are received **on or before the applicable Bar Dates** either (i) electronically with the Clerk of the Bankruptcy Court for the District of Delaware via the interface available at www.deb.uscourts.gov/claims-information or (ii) via U.S. mail or other hand delivery method to the following address:

United States Bankruptcy Court
Attn:  Claims
824 Market Street, 3rd Floor
Wilmington, DE 19801

Proofs of claim forms will be deemed filed when **actually received** by the Clerk for the Bankruptcy Court for the District of Delaware ("Clerk"), on or before the applicable Bar Date.  **Proofs of claim forms submitted by facsimile or electronic mail transmission will not be accepted**.

Proofs of claim forms will be collected, docketed and maintained by the Clerk.  If you want to receive acknowledgement of the Clerk's receipt of a proof of claim form, you must submits by the applicable Bar Date and concurrently with submitting your original proof of claim form (i) a copy of the original proof of claim form and (ii) a self-addressed, postage prepaid return envelope.

## 4. ENTITIES NOT REQUIRED TO FILE A CLAIM

The Bar Date Order further provides that the following entities need **not** file proofs of claim in these Chapter 11 Cases:

   a.   Indenture trustees and the Holders of the Senior Secured Notes Claims and Convertible Unsecured Notes Claims;

3

b. any person or entity that already has filed a signed proof of claim against the Debtors in a form substantially similar to Official Bankruptcy Form No. 410 with the Clerk of the Bankruptcy Court for the District of Delaware;

c. any holder of a claim that previously has been allowed by the Court;

d. any holder of a claim that has been paid in full by either of the Debtors in accordance with the Bankruptcy Code or in accordance with an order of the Court;

e. any person or entity holding a claim for which a separate deadline for filing a proof of claim is fixed by this Court; and

f. claims for fees and expenses of professionals retained in these Chapter 11 Cases.

## CONSEQUENCES OF FAILURE TO FILE A CLAIM

*Any person or entity who is required to file a Proof of Claim pursuant to the Bankruptcy Code, the Bankruptcy Rules, or the Bar Date Order with respect to a particular claim against the Debtors, but fails to do so by the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim(s) against the Debtors (or filing a proof of claim with respect thereto), and the Debtors and the Debtors' property will be forever discharged from any and all indebtedness or liability with respect to such claim(s), and such holder will not be permitted to vote upon or receive distributions under, any chapter 11 plan confirmed in the Chapter 11 Cases in respect of such claim(s).*

## RESERVATION OF RIGHTS

The Debtors shall retain the right to dispute, or assert offsets or defenses against, any filed proofs of claim, as to nature, amount, liability, classification or otherwise. Notwithstanding the foregoing, nothing contained herein shall preclude the Debtors or any other party in interest, from objecting to any claim (other than the claims of the Holders of the Senior Secured Claims and Convertible Unsecured Claims), whether scheduled or filed, on any grounds.

## ADDITIONAL INFORMATION

Copies of the Bar Date Order and other information regarding the Debtors' Chapter 11 Cases is available upon request sent to counsel for the Debtors, Colin R. Robinson, Esq. via email (crobinson@pszjlaw.com) or by contacting counsel to the Debtors at (302) 652-4100 or by visiting PACER/CM/ECF at https://ecf.deb.uscourts.gov/.

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT ITS OWN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM. NEITHER THE COURT NOR COUNSEL TO THE DEBTORS CAN ADVISE CREDITORS WHETHER THEY SHOULD FILE A PROOF OF CLAIM.**

4

Dated: _____, 2020

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*

Richard M. Pachulski (CA Bar No. 62337)
Maxim B. Litvak (CA Bar No. 215852)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
E-mail:        rpachulski@pszjlaw.com
                   mlitvak@pszjlaw.com
                   crobinson@pszjlaw.com

Proposed Counsel for Debtors and Debtors in
Possession

5

**<u>EXHIBIT 2</u>**

**Proof of Claim Form**

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor 1</td><td></td></tr>
<tr><td>Debtor 2<br>(Spouse, if filing)</td><td></td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>_____ District of _____</td></tr>
<tr><td>Case number</td><td></td></tr>
</table>

## Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense.** Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

### Part 1: Identify the Claim

| 1. | **Who is the current creditor?** | Name of the current creditor (the person or entity to be paid for this claim) |
|----|----|----|
| | | Other names the creditor used with the debtor |

| 2. | **Has this claim been acquired from someone else?** | ☐ No<br>☐ Yes. From whom? |
|----|----|----|

<table>
<tr>
<td>3.</td>
<td><strong>Where should notices and payments to the creditor be sent?</strong><br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)</td>
<td><strong>Where should notices to the creditor be sent?</strong><br><br>Name<br><br>Number    Street<br><br>City    State    ZIP Code<br><br>Contact phone<br><br>Contact email</td>
<td><strong>Where should payments to the creditor be sent?</strong> (if different)<br><br>Name<br><br>Number    Street<br><br>City    State    ZIP Code<br><br>Contact phone<br><br>Contact email</td>
</tr>
<tr>
<td></td>
<td></td>
<td colspan="2">Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br><br>__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __</td>
</tr>
</table>

| 4. | **Does this claim amend one already filed?** | ☐ No<br>☐ Yes. Claim number on court claims registry (if known) _____     Filed on _____<br>MM / DD / YYYY |
|----|----|----|

| 5. | **Do you know if anyone else has filed a proof of claim for this claim?** | ☐ No<br>☐ Yes. Who made the earlier filing? _____ |
|----|----|----|

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

❑ No
❑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$_____. **Does this amount include interest or other charges?**

❑ No
❑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9. Is all or part of the claim secured?**

❑ No
❑ Yes. The claim is secured by a lien on property.

**Nature of property:**

❑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
❑ Motor vehicle
❑ Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____
**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)_____%
❑ Fixed
❑ Variable

**10. Is this claim based on a lease?**

❑ No

❑ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

❑ No

❑ Yes. Identify the property: _____

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☐ No | |
|---|---|---|
| | ☐ Yes. *Check one:* | **Amount entitled to priority** |

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).    $_____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).    $_____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).    $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).    $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).    $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.    $_____

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | | | |
|---|---|---|---|
| | First name | Middle name | Last name |

| Title | |
|---|---|

| Company | |
|---|---|
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |

| Address | |
|---|---|
| | Number        Street |
| | City                                State        ZIP Code |

Contact phone _____    Email _____

---