IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| RED REEF ALTERNATIVE INVESTMENTS, LLC and EMERGENT CAPITAL, INC.,[1] | ) Case No. 20-12602 (BLS) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**DECLARATION OF RICHARD M. PACHULSKI IN SUPPORT OF APPLICATION PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 2014-1 FOR AUTHORIZATION TO EMPLOY AND RETAIN PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE**

I, RICHARD M. PACHULSKI, ESQUIRE, declare under penalty of perjury as follows:

1.      I am a partner in the law firm of Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), located at 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067, and have been duly admitted to practice law in the United States District Court for the Central District of California.  This Declaration is submitted in support of the *Debtors' Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtors and Debtors in Possession*

---

[1]  The last four digits of each Debtor's taxpayer identification number are:  Red Reef Alternative Investments, LLC (0302) and Emergent Capital, Inc. (3473).  The location of the Debtors' service address for purposes of these cases is 1200 North Federal Highway, Suite 200, Boca Raton, FL 33432.

*Effective as of the Petition Date* (the "<u>Application</u>"), which is being submitted concurrently herewith.[2]

2.       Neither I, PSZ&J, nor any partner, of counsel or associate thereof, insofar as I have been able to ascertain, has any connection with the above-captioned debtors (the "<u>Debtors</u>"), their creditors or any other parties in interest herein, or their respective attorneys, except as set forth below.

3.       PSZ&J previously represented certain subsidiaries of the Debtors, Lamington Road Designated Activity Company, White Eagle General Partner, LLC, and White Eagle Asset Portfolio, LP, in prior bankruptcy proceedings.

4.       The Debtors may retain other professionals after the date hereof (the "<u>Petition Date</u>").  PSZ&J has previously worked and will continue to work with these referenced professionals on various representations, at times representing the same parties and at other times representing parties with similar interests or parties with adverse interests.

5.       PSZ&J represents many committees whose members may be creditors in the Debtors' chapter 11 cases.  However, PSZ&J is not representing any of those entities in these cases and will not represent any members of the committees it currently represents in any claims that they may have collectively or individually against the Debtors.

6.       PSZ&J is a "disinterested person" as that term is defined in section 101(14) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in that PSZ&J, its partners, of counsel and associates:

---

[2]  Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the Application.

a.    are not creditors, equity security holders or insiders of the Debtors;

b.    are not and were not, within 2 years before the date of the filing of the petition, a director, officer or employee of the Debtors; and

c.    do not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

7.    To the best of my knowledge, neither I, nor any partner or associate of PSZ&J, insofar as I have been able to ascertain, has any connection with the U.S. Trustee or any person employed in the office of the U.S. Trustee or any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the District of Delaware.

8.    PSZ&J received payment from Emergent Capital, Inc. during the year prior to the Petition Date in the amount of $598,964 in connection with its representation of the Debtors.  PSZ&J is current as of the Petition Date, but has not yet completed a final reconciliation of its prepetition fees and expenses.  Upon final reconciliation of the amount actually expended prepetition, any balance remaining from the prepetition payment to PSZ&J will be credited to the Debtors and utilized as PSZ&J's retainer to apply to postpetition fees and expenses pursuant to the compensation procedures approved by this Court in accordance with the Bankruptcy Code.  In addition, PSZJ is holding $150,000 received from Imperial Finance on retainer in the Firm's trust account.

9.    Bankruptcy Rule 2014 requires that an application for employment under section 327 disclose all connections with the Debtors, the estates, the professionals and the Office of the Trustee.  PSZ&J, therefore, discloses its known connections herein.

10.     PSZ&J and certain of its partners, of counsel and associates may have in the past represented, and may currently represent and likely in the future will represent, creditors of the Debtors in connection with matters unrelated to the Debtors and these cases.  At this time, PSZ&J is not aware of any other adverse interest or other connection with the Debtors, their creditors, the U.S. Trustee or any party-in-interest herein in the matters upon which PSZ&J is to be retained.  Upon further and continuing review of lists of all creditors and interested parties, PSZ&J will make any further disclosures as may be appropriate.

11.     PSZ&J intends to apply for compensation for professional services rendered in connection with this chapter 11 case, subject to approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by PSZ&J.  The Firm's allowed fees will be paid by Imperial Finance & Trading, LLC, a non-Debtor wholly owned subsidiary of Debtor Emergent Capital, Inc.  The current standard hourly rates of PSZ&J's professionals are:

| | | |
|---|---|---|
| a. | Partners | $725.00 to $1,495.00 |
| b. | Of Counsel | $650.00 to $1,125.00 |
| c. | Associates | $625.00 to $650.00 |
| d. | Paraprofessionals | $350.00 to $450.00 |

12.     The hourly rates set forth above are PSZ&J's standard hourly rates for work of this nature and are subject to periodic adjustment.  These rates are set at a level designed to fairly compensate PSZ&J for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  It is PSZ&J's policy to charge its clients in all areas of practice for

4

all other expenses incurred in connection with the clients' cases.  The expenses charged to clients include, among other things, conference call and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval charges, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by PSZ&J to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime.  PSZ&J will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to PSZ&J's other clients and in compliance with this Court's rules.

13.     Pursuant to the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases* (the "2013 UST Guidelines"), the Firm makes certain disclosures herein.

14.     Pursuant to Part D1 of the 2013 UST Guidelines, PSZ&J is seeking employment as counsel for the Debtors under section 327 of the Bankruptcy Code and it hereby provides the following responses set forth below:

| Questions required by Part D1 of 2013 UST Guidelines: | Answer: | Further explanation: |
|---|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? | No. | N/A |
| Do any of the professionals included in this engagement vary their rate based on the geographic location of the | No. | N/A |

5

| Questions required by Part D1 of 2013 UST Guidelines: | Answer: | Further explanation: |
|---|---|---|
| bankruptcy case? | | |
| If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition.  If your billing rates and material financial terms have changed post-petition, explain the difference and reasons for the difference. | PSZ&J represented the client in the 12 month period prepetition.  During such representation, the billing rates for PSZ&J remained the same as the billing rates disclosed in the Application, except for regular annual adjustments.  The material financial terms for the prepetition engagement remained the same as the engagement was hourly-based.<br><br>The billing rates and material financial terms for the post-petition period remain the same as the prepetition period.  The standard hourly rates of PSZ&J are subject to periodic adjustment in accordance with the Firm's practice. | None. |
| Has your client approved your respective budget and staffing plan, and, if so, for what budget period? | Yes.  Client has approved budget and staffing plan for approximately the first 13 weeks of the case. | In accordance with the 2013 UST Guidelines, the budget may be amended as necessary to reflect changed circumstances or unanticipated developments. |

15.     No promises have been received by PSZ&J or by any partner, of counsel or associate thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.  PSZ&J has no agreement with any other entity to share with such entity any compensation received by PSZ&J in connection with this chapter 11 case, except among the partners, of counsel and associates of PSZ&J.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  October 26, 2020                        */s/ Richard M. Pachulski*
                                                 Richard M. Pachulski

7