## **EXHIBIT B**

**Thompson Declaration**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| RED REEF ALTERNATIVE INVESTMENTS, LLC and EMERGENT CAPITAL, INC.,[1] | ) Case No. 20-12602 (BLS) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**DECLARATION OF KENTON THOMPSON IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING DEBTOR EMERGENT CAPITAL, INC. TO EMPLOY AND RETAIN RSM US, LLP AS VALUATION ADVISOR EFFECTIVE AS OF THE PETITION DATE**

I, Kenton Thompson, being duly sworn, state the following under penalty of perjury:

1.    I am a Senior Director, Valuation Services for RSM US, LLP ("RSM"), whose offices are located at 300 S. Tryon St., Suite 1500, Charlotte, North Carolina 28202. Except as otherwise noted, I have personal knowledge of the matters set forth herein, and if called and sworn as a witness, I could and would testify competently thereto.

2.    This declaration (this "Declaration") is made in support of the *Debtor Emergent Capital, Inc.'s Application for Authorization to Employ and Retain RSM US, LLP as Valuation Advisor Effective as of the Petition Date* (the "Application").[2]

3.    As valuation advisor, RSM will perform the services specified in the Application and the Engagement Letter.

---

[1]   The last four digits of each Debtor's taxpayer identification number are:   Red Reef Alternative Investments, LLC (0302) and Emergent Capital, Inc. (3473).   The location of the Debtors' service address for purposes of these cases is 1200 North Federal Highway, Suite 200, Boca Raton, FL 33432.

[2]   Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Application.

4.      RSM is a leading professional services firm that provides valuation, tax advisory, consulting and auditing services to complain in various industries, including the life settlements industry, many of which are large, complex business entities.   RSM also has prior experience with the Debtor having performed similar valuation work for the Debtor in the past. Accordingly, the Debtor believes that the retention of RSM is in the best interests of the Debtor and its estate, and this Application should be approved.

5.      Prior to the Petition Date, RSM was paid a retainer of $7,000 and payment of $17,200 for valuation services by Imperial Finance.

6.      RSM is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that RSM and its professional personnel:

a.      are not creditors, equity security holders or insiders of the Debtor;

b.      are not and were not, within two years before the date of the filing of this chapter 11 case, directors, officers or employees of the Debtor; and

c.      do not have an interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtor.

7.      I caused to be submitted for review by our conflicts system the names of all known potential parties-in-interest (the "Potential Parties in Interest") in this chapter 11 case.   The list of Potential Parties in Interest was provided by the Debtor and included, among other things, the Debtor, non-debtor affiliates, significant equity holders, the Debtor's current and former

2

directors and officers, secured creditors, top unsecured creditors, vendors, and other parties.   The

results of the conflict check were compiled and reviewed by RSM professionals under my

supervision.   At this time, and as set forth in further detail herein, RSM is not aware of any

relationship that would present a disqualifying conflict of interest.   Should RSM discover any

new relevant facts or relationships bearing on the matters described herein during the period of its

retention, RSM will use reasonable efforts to promptly file a supplemental declaration.   A listing

of RSM's relationships with the Potential Parties in Interest in this case, prepared based upon the

results of RSM's conflicts search, is attached hereto as **Exhibit 1**.

        8.      The Debtor has a number of creditors and, accordingly, RSM may have

rendered and may continue to render services to certain of these creditors in matters unrelated to

this chapter 11 case.   RSM has not and will not represent the separate interests of any such

creditor in this chapter 11 case.   To the best of my knowledge, neither RSM, nor any of its

professional personnel, has any relationship with the Debtor that would impair RSM's ability to

serve as valuation advisor.   RSM has working relationships with certain of the professionals

retained by the Debtor and other parties herein, but such relationships, except to the extent that

RSM and counsel to the Debtor have communicated concerning the preparations for this chapter

11 case, are unrelated to this chapter 11 case.   In addition, RSM personnel may have relationships

with some of the Debtor's creditors.   Such relationships are, however, of a personal or financial

nature and are unrelated to this chapter 11 case.   RSM has and will continue to represent clients in

matters unrelated to this chapter 11 case and has and will continue to have relationships in the

ordinary course of its business with certain vendors and professionals in connection with matters unrelated to this chapter 11 case.

9.      To the best of my knowledge, and except as disclosed herein, RSM neither holds nor represents any interest materially adverse to the Debtor's estate in connection with any matter on which it would be employed and that it is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as would be required by section 327(a) of the Bankruptcy Code.

10.      RSM has informed the Debtor that, subject to Court approval, it will invoice the Debtor at its standard hourly rates, which are set forth in the Engagement Letter.

[*Remainder of page intentionally left blank*]

4

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge and belief.

Dated: October _23_, 2020

*Kenton Thompson*

Kenton Thompson

5

## <u>EXHIBIT 1</u>

**Disclosure of Conflicts Search Results**

**Exhibit 1**

**<u>Debtors</u>**
Emergent Capital, Inc.
Red Reef Alternative Investments, LLC
Key subsidiary (non-Debtor):  Lamington Road Designated Activity Company

**<u>Board Members</u>**
James G. Wolf
James Hua
Joseph E. Sarachek
Matthew D. Houk
Matthew Epstein
Patrick Brennan
Patrick J. Curry
Robert C. Knapp
Roy J. Patterson

**<u>Depository Banks / Indenture Trustees</u>**

Bank of America
First National Bank
Regions Bank
US Bank NA (indenture trustee)
Wilmington Trust, NA (indenture trustee)

**<u>Senior Secured Noteholders</u>**

Band & Co
Brennan Opportunities Fund I LP
Calapasas West Partners LP
Evermore Global Value Fund
Full Value Partners LP
Full Value Special Situations Fund LP
Ironsides Partners Special Situations Master Fund III L.P.
MCM Opportunity Partners LP
Mercury Partners LP
Mimesis Capital Partners LLC
Opal Sheppard Opportunities Fund I LP
Opportunity Partners LP
Regents of the University of Michigan
Sirius International Insurance Corp
Special Opportunities Fund, Inc.
Steady Gain Partners LP

**Convertible Unsecured Noteholders (excluding Ironsides listed above)**

Bulldog Investors, LLC
Joel Lusman Irrevocable Trust U/A Dated 05/20/1992
Millennium Management, LLC
Northstar Partners, LP
NS Advisors, LLC
Rangeley Capital, LLC

**Common Stockholders (excluding public holders and those holders listed above)**

Harvey Werblowsky
InvestCo 1, LLC
Jack Simony
JSarco, LLC
Miriam Martinez
PJC Investments, LLC

**Counsel**

Arthur Cox (Irish counsel to Lamington)
Bilzin Sumberg Baena Price & Axelrod LLP (Florida counsel to Debtors)
Carey Olsen (Cayman counsel)
Faegre Drinker Biddle & Reath LLP (counsel to holders of certain senior secured notes)
Foley & Lardner (counsel to US Bank)
K&L Gates LLP (counsel to Wilmington Trust)
Kelley Drye & Warren LLP (general counsel to Debtors)
Meenan P.A. (Florida regulatory counsel)
Pachulski Stang Ziehl & Jones LLP (bankruptcy counsel to Debtors)
Stroock Stroock & Lavan LLP (counsel to holders of certain convertible notes)
Winston & Strawn LLP (tax counsel to Debtors)

**Other Professionals**

Alvarez & Marsal (tax professionals for Debtors)
Intertrust Group Servicer (provider of management services to Lamington)
Kurtzman Carson Consultants LLC (solicitation and noticing agent to Debtors)
RSM US LLP (valuation professionals to Debtors)

**Delaware Bankruptcy Judges and Clerks**
Cacia Batts
Catherine Farrell
Cheryl Szymanski
Claire Brady
Danielle Gadson
Honorable Ashley M. Chan
Honorable Brendan L. Shannon
Honorable Christopher S. Sontchi
Honorable John T. Dorsey
Honorable Karen B. Owens
Honorable Laurie Selber Silverstein

Honorable Mary F. Walrath
Jill Walker
Joan Ranieri
Laura Haney
Laurie Capp
Lora Johnson
Marquietta Lopez
Rachel Bello
Robert Cavello

**<u>Delaware Office of the United States Trustee</u>**
Benjamin Hackman
Christine Green
David Buchbinder
David Villagrana
Denis Cooke
Diane Giordano
Dion Wynn
Edith A. Serrano
Hannah M. McCollum
Holly Dice
James R. O'Malley
Jane Leamy
Joseph McMahon
Juliet Sarkessian
Karen Starr
Lauren Attix
Linda Casey
Linda Richenderfer
Michael Panacio
Nyanquoi Jones
Ramona Vinson
Richard Schepacarter
Rosa Sierra
Shakima L. Dortch
T. Patrick Tinker
Timothy J. Fox, Jr.