IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| RED REEF ALTERNATIVE INVESTMENTS, LLC and EMERGENT CAPITAL, INC.,[1] | ) Case No. 20-12602 (BLS) |
| Debtors. | ) Jointly Administered |
| | ) **Re: Docket No. 66** |

**ORDER PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF CURTIS, MALLET-PREVOST, COLT & MOSLE LLP AS DEBTORS' SPECIAL LITIGATION COUNSEL EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (the "Debtors") seeking authorization to retain and employ Curtis, Mallet-Prevost, Colt & Mosle LLP ("Curtis Mallet") as special litigation counsel in these chapter 11 cases; and upon the original and supplemental declarations of Gabriel Hertzberg in support of the Application (together, the "Hertzberg Declarations") and the *Statement Under Rule 2016 of the Federal Rules of Bankruptcy Procedure and Section 329 of the Bankruptcy Code* (the "Statement"); and the Court being satisfied based on the representations made in the Application, the Hertzberg Declarations, and the Statement that Curtis Mallet neither represents nor holds any interest adverse to the Debtors or to the estates with respect to the matters on which Curtis Mallet is to be employed, and that the employment of Curtis Mallet as special litigation counsel to the Debtors are necessary and in the best interests of the Debtors and their estate; and it appearing

---

[1] The last four digits of each Debtor's taxpayer identification number are:  Red Reef Alternative Investments, LLC (0302) and Emergent Capital, Inc.'s (3473).  The location of the Debtors' service address for purposes of these cases is 1200 North Federal Highway, Suite 200, Boca Raton, FL 33432.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

that the Court has jurisdiction to consider the Application; and it appearing that due notice of the Application has been given and no further notice need be given; and upon the proceedings before the Court; and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. Pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, the Debtors are authorized to retain and employ Curtis Mallet as special litigation counsel in connection with the defense, prosecution, estimation, or resolution of the claims asserted by or against the Debtors in the Pohl Litigation in these chapter 11 cases, effective as of the Petition Date, pursuant to the terms set forth in the Application.

3. Curtis Mallet shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and any other applicable procedures and orders of the Court.  Curtis Mallet also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, both in connection with this Application and the interim and final fee applications to be filed by Curtis Mallet in these chapter 11 cases.

4. The Court shall retain exclusive jurisdiction during the course of these bankruptcy cases over any and all matters arising from or relating to the implementation, interpretation or enforcement of this order, or the Debtors' engagement of Curtis Mallet.

5. Curtis Mallet shall provide ten (10) business days' notice to the Debtors and the U.S. Trustee in connection with any increase of the hourly rates listed in the Application. The U.S. Trustee and the Debtors retain all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code

6. Notwithstanding anything to the contrary in any engagement letter or otherwise, any waiver by the Debtors of conflict of interests of Curtis Mallet shall not be enforceable during the course of these bankruptcy cases.

**Dated: November 12th, 2020 Wilmington, Delaware**

**BRENDAN L. SHANNON UNITED STATES BANKRUPTCY JUDGE**

DOCS_DE:231307.3 23629/002