IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RED REEF ALTERNATIVE INVESTMENTS, LLC and EMERGENT CAPITAL, INC.,[1]<br><br>　　　　　　　　　　Debtors. | ) Chapter 11<br>)<br>) Case No. 20-12602 (BLS)<br>)<br>) Jointly Administered<br>)<br>) **Ref. Docket Nos. 68, 105**<br>) |

**ORDER PURSUANT TO SECTION 327(e) OF THE
BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE AND LOCAL RULE 2014-1 AUTHORIZING
THE EMPLOYMENT AND RETENTION OF KELLEY DRYE & WARREN LLP
AS GENERAL NON-BANKRUPTCY COUNSEL FOR THE DEBTORS AND
DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (the "Debtors") seeking authorization to retain and employ Kelley Drye & Warren LLP ("KDW") as general non-bankruptcy counsel in these chapter 11 cases; and upon the Carr Declaration in support of the Application; and upon the Martinez Declaration in support of the Application; and upon the Rule 2016 Statement submitted concurrently with the Application; and upon the Supplemental Declaration in support of the Application; and the Court being satisfied based on the representations made in the Application, the Carr Declaration, the Martinez Declaration, the Rule 2016 Statement, and the Supplemental Declaration that KDW neither represents nor holds any interest adverse to the Debtors or to the estates with respect to the matters

---

[1] The last four digits of each Debtor's taxpayer identification number are: Red Reef Alternative Investments, LLC (0302) and Emergent Capital, Inc. (3473). The location of the Debtors' service address for purposes of these cases is 1200 North Federal Highway, Suite 200, Boca Raton, FL 33432.

[2] Capitalized terms used but not defined herein shall have the meanings set forth in the Application and the Supplemental Declaration, as applicable.

on which KDW is to be employed, and that the employment of KDW as general non-bankruptcy counsel to the Debtors is necessary and in the best interests of the Debtors and their estates; and it appearing that the Court has jurisdiction to consider the Application; and it appearing that due notice of the Application has been given and no further notice need be given; and upon the proceedings before the Court; and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. Pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, the Debtors are authorized to retain and employ KDW as counsel to provide legal services concerning corporate and transactional matters, labor and employment matters, employee benefit/compensation matters, and securities matters in these chapter 11 cases, effective as of the Petition Date, pursuant to the terms set forth in the Application.

3. KDW shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and any other applicable procedures and orders of the Court. KDW also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in*

*Larger Chapter 11 Cases*, both in connection with this Application and the interim and final fee applications to be filed by KDW in these chapter 11 cases.

4. KDW shall exhaust the retainer it is holding in satisfaction of allowed compensation and reimbursement awarded before seeking additional payments from the Debtors on account of such allowed awards.

5. KDW shall provide ten (10) business days' notice to the Debtors and the U.S. Trustee in connection with any increase of the hourly rates listed in the Application. The U.S. Trustee and the Debtors retain all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

6. Notwithstanding anything to the contrary in any engagement letter or otherwise, any waiver by the Debtors of conflict of interests of KDW shall not be enforceable during the course of these bankruptcy cases.

7. The Court shall retain exclusive jurisdiction during the course of these bankruptcy cases over any and all matters arising from or relating to the implementation, interpretation or enforcement of this order, or the Debtors' engagement of KDW.

**Dated:** November 13th, 2020 Wilmington, Delaware

**BRENDAN L. SHANNON UNITED STATES BANKRUPTCY JUDGE**