IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RED REEF ALTERNATIVE INVESTMENTS, LLC and EMERGENT CAPITAL, INC.,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 20-12602 (BLS)<br>)<br>) Jointly Administered<br>)<br>) **Re Docket No. 65** |

### ORDER AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN KURTZMAN CARSON CONSULTANTS LLC AS ADMINISTRATIVE ADVISOR EFFECTIVE AS OF THE PETITION DATE

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for entry of an order (this "Order") authorizing the Debtors to employ and retain Kurtzman Carson Consultants LLC ("KCC") as Administrative Advisor in the Debtors' chapter 11 cases, effective as of the Petition Date, as more fully described in the Application; and upon the Gershbein Declaration and the Supplemental Gershbein Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief set forth in this Order is in the best interests of the

---

[1] The last four digits of each Debtor's taxpayer identification number are: Red Reef Alternative Investments, LLC (0302) and Emergent Capital, Inc. (3473). The location of the Debtors' service address for purposes of these cases is 1200 North Federal Highway, Suite 200, Boca Raton, FL 33432.

[2] Capitalized terms used, not otherwise defined herein shall have the meanings ascribed to them in the Application.

1

Debtors' and their estates; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The relief requested in the Application is hereby GRANTED as set forth herein.

2. The Debtors are authorized under section 327(a) of the Bankruptcy Code to employ and retain KCC as its Administrative Advisor in accordance with the terms set forth in the Application and the Services Agreement, as modified by this Order, effective as of the Petition Date.   Notwithstanding the terms of the Services Agreement, attached hereto as **<u>Exhibit 1</u>**, the Application is approved solely as set forth in this Order.

3. KCC is authorized to perform the Administrative Services set forth in paragraph 7 of the Application, and in the Services Agreement, and to take such other action to comply with all duties set forth in the Application and the Services Agreement; provided, however, that notwithstanding anything to the contrary in the Application or the Services Agreement, KCC shall not perform any services of the kind set forth in 28 U.S.C. § 156(c) absent further order of the Court upon motion on notice to parties in interest in these cases.

4. KCC shall apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in accordance with §§ 330 and 331 of the Bankruptcy Code, and the applicable Bankruptcy Rules, the Local Rules and any orders entered in these chapter 11 cases regarding professional compensation and reimbursement of expenses.

5. KCC seeks to first apply its retainer to all pre-petition invoices, and thereafter, to hold the retainer under the Services Agreement during the cases as security for the payment of fees and expenses incurred under the Services Agreement. KCC shall apply any retainer remaining at the time of allowance of its final fee application in satisfaction of compensation and reimbursement awarded with respect to such application, and promptly pay to the Debtors' estates any retainer remaining after such application.

6. The indemnification provisions included in the Services Agreement are approved, subject to the following:

a. KCC shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Services Agreement for services other than the services provided under the Services Agreement unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court.

b. Notwithstanding anything to the contrary in the Services Agreement, the Debtors shall have no obligation to indemnify KCC, or provide contribution or reimbursement to KCC, for any losses, claims, damages, judgments, liabilities or expense that are either: (a) judicially determined (the determination having become final) to have arisen from

KCC's gross negligence, bad faith, willful misconduct, or fraud; (b) for a contractual dispute in which the Debtors allege the breach of KCC's contractual obligations, unless if the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *United Artists Theatre Co. v. Walton (In re United Artists Theatre Co.)*, 315 F.3d 217 (3d Cir. 2003); or (c) settled prior to a judicial determination under (a) or (b), but determined by this Court, after notice and a hearing, to be a claim or expense for which KCC should not receive indemnity, contribution, or reimbursement under the terms of the Services Agreement as modified by this Order.

        c.      Before the earlier of:   (a) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal) and (b) the entry of an order closing these chapter 11 cases, should KCC believe that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, or reimbursement obligations under the Services Agreement (as modified by this Order), including, without limitation, the advancement of defense costs, KCC must file an application in this Court, and the Debtors may not pay any such amounts to KCC before the entry of an order by this Court approving such application and the payment requested therein.   This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by KCC for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify KCC or to provide contribution or reimbursement to KCC.

All parties in interest shall retain the right to object to any demand by KCC for indemnification, contribution or reimbursement.

7. During the course of the bankruptcy cases, any limitations of liability provisions in the Services Agreement shall have no force or effect.

8. The Debtors and KCC are authorized to take all steps necessary or appropriate to carry out this Order.

9. Notwithstanding anything to the contrary in the Services Agreement, in the event that any of these cases convert to a case under chapter 7 of the Bankruptcy Code, the chapter 7 trustee appointed to such case or cases shall have no obligation to continue the engagement of KCC.

10. Notwithstanding anything to the contrary in the Services Agreement, KCC cannot assign any tasks to be performed under the Services Agreement to any subsidiary or affiliate of KCC absent Court order allowing the same, after such subsidiary or affiliate files all disclosures required under Bankruptcy Rule 2014 regarding any connections they may have with parties in interest in these cases, as well as disclosure regarding their disinterestedness.

11. Notwithstanding anything to the contrary in the Services Agreement, KCC shall not seek reimbursement of any fees incurred defending any of KCC's fee applications in these cases.

12. Notwithstanding anything to the contrary in the Services Agreement, there shall not be any late charges assessed on any of KCC's fees or expenses during the course of the bankruptcy cases.

13. In the event of any inconsistency between the Services Agreement, the Application, and this Order, the terms of this Order shall govern.

14. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

15. Notwithstanding any term in the Services Agreement to the contrary, this Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order, or the Debtors' engagement of KCC during the course of these chapter 11 cases.

**Dated: November 13th, 2020 Wilmington, Delaware**

**BRENDAN L. SHANNON UNITED STATES BANKRUPTCY JUDGE**