IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| RED REEF ALTERNATIVE INVESTMENTS, LLC and EMERGENT CAPITAL, INC.,[1] | ) Case No. 20-12602 (BLS) |
| | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) **Re Docket No. 104** |

## NOTICE OF ESTABLISHMENT OF BAR DATES FOR FILING PROOFS OF CLAIM

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST EITHER OF THE ABOVE-CAPTIONED DEBTOR ENTITIES (COLLECTIVELY, THE "DEBTORS"):**

> **YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY BE HOLDING A CLAIM AGAINST ONE OR BOTH OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES (THE "CHAPTER 11 CASES"). THEREFORE, YOU SHOULD READ THIS NOTICE CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

On November 12, 2020, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (Docket No. 104) (the "Bar Date Order") in the Chapter 11 Case establishing various bar dates for filing Proofs of Claim.

Pursuant to the Bar Date Order, the Court has established **December 11, 2020 at 5:00 p.m. (prevailing Eastern time)** as the general bar date (the "General Bar Date") for filing proofs of claim in the Debtors' Chapter 11 Cases.

As used in this Notice, "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), and includes all persons, estates, trusts, governmental units and the United States Trustee. In addition, the terms "persons" and "governmental units" are defined as set forth in sections 101(41) and 101(27) of the Bankruptcy Code, respectively. As used in this notice, the term "claim" means, as to or against any of the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (i) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (ii) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

---

[1] The last four digits of each Debtor's taxpayer identification number are: Red Reef Alternative Investments, LLC (0302) and Emergent Capital, Inc. (3473). The location of the Debtors' service address for purposes of these cases is 1200 North Federal Highway, Suite 200, Boca Raton, FL 33432.

## THE BAR DATES

The Bar Date Order established the following bar dates for filing proofs of claim in these Chapter 11 Cases (collectively, the "Bar Dates"):

a.  The General Bar Date. Except as otherwise provided herein and specifically excluding any claims asserted by the indenture trustees and the Holders of the Senior Secured Notes Claims and Convertible Unsecured Notes Claims, all persons or entities holding claims against the Debtors that arose before October 15, 2020 (the "Petition Date"), shall file a proof of claim so as to be received by the General Bar Date of **December 11, 2020 at 5:00 p.m. (prevailing Eastern time).** The General Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including claims that would be legally classified as secured, priority (including claims under section 503(b)(9) of the Bankruptcy Code)[2] and unsecured nonpriority claims. Unless such claims fall within one of the exceptions described below, persons or entities holding any such claims must file a proof of claim with respect to such claims by the General Bar Date.

b.  The Governmental Bar Date. Pursuant to section 502(b)(9) of the Bankruptcy Code, all governmental units holding claims against the Debtor (whether secured claims, unsecured priority claims (including claims under 503(b)(9) of the Bankruptcy Code), and unsecured nonpriority claims) that arose prior to the Petition Date, must file a proof of claim on or before the Governmental Bar Date of **April 13, 2021 at 5:00 p.m. (prevailing Eastern time).**

c.  The Rejection Bar Date. Any entity whose claims arise out of the Court approved rejection of an executory contract or unexpired lease, in accordance with section 365 of the Bankruptcy Code and pursuant to an order of this Court (any such order, a "Rejection Order"), must file a proof of claim on or before the later of (a) the General Bar Date; (b) thirty (30) days after service of the Rejection Order; and (c) any other date set by an order of this Court. The later of these dates is referred to in this Notice as the "Rejection Bar Date."

## FILING CLAIMS

## 1.  WHO MUST FILE

Subject to the terms described above for holders of claims subject to the Governmental Bar Date, and the Rejection Bar Date, and specifically excluding any claims asserted by the indenture trustees and the Holders of the Senior Secured Notes Claims and Convertible Unsecured Notes Claims (each as defined in the Plan), the following entities MUST file a proof of claim on or before the General Bar Date:

a.  any person or entity whose prepetition claim against a Debtor is not listed in the applicable Debtor's Schedules, or is listed as either disputed, contingent, or unliquidated and that desires to share in any distribution made in any of the Debtors' Chapter 11 Case; and

---

[2] Claim Pursuant to 11 U.S.C. §503(b)(9): A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business.

b.     any person or entity that (i) believes its prepetition claim against a Debtor is improperly classified in the Schedules, is listed in an incorrect amount, is listed with an incorrect priority, or is listed against the wrong Debtor and (ii) desires to have its claim classified in a different class, allowed in a different amount, or allowed against a different Debtor than identified in the Schedules; and

c.     any person or entity who believes that its claim against a Debtor is or may be an administrative expense that arises pursuant to section 503(b)(9) of the Bankruptcy Code, regardless of whether such claims in included in the applicable Debtor's Schedules.

## 2.   WHAT TO FILE

The Debtors are enclosing a proof of claim form for use in these Chapter 11 Cases, or you may use another proof of claim form that conforms substantially to Official Bankruptcy Form No. 410.

You may utilize the proof of claim form(s) provided by the Debtors to file your claim. Additional proof of claim forms may be obtained at the following website:  www.uscourts.gov/forms/bankruptcy-forms/proof-claim.

For purposes of filing your proof of claim form(s), you can select one or both of the Debtors: (i) Emergent Capital, Inc., Case No 20-16202; or (ii) Red Reef Alternative Investments, LLC, Case No. 20-16201.

All proof of claim forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. The proof of claim form must be written in English, signed, and include a claim amount denominated in United States currency.  You should attach to your completed proof of claim form any documents on which the claim is based (or, if such documents are voluminous, attach a summary) or an explanation as to why the documents are not available.

Under the Bar Date Order, the filing of a proof of claim form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code.  All other administrative expense claims under section 503(b) of the Bankruptcy Code must be made by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code and shall not be deemed proper if made by proof of claim.  Claims under section 503(b)(9) must be filed by the General Bar Date.

## 3.   WHEN AND WHERE TO FILE

Entities must file each Proof of Claim Form so they are received **on or before the applicable Bar Dates** either (i) electronically with the Clerk of the Bankruptcy Court for the District of Delaware via the interface available at www.deb.uscourts.gov/claims-information or (ii) via U.S. mail or other hand delivery method to the following address:

United States Bankruptcy Court
Attn:  Claims
824 Market Street, 3rd Floor
Wilmington, DE 19801

Proofs of claim forms will be deemed filed when **actually received** by the Clerk for the Bankruptcy

Court for the District of Delaware ("Clerk"), on or before the applicable Bar Date.  It is **NOT** sufficient for the Proof of Claim to be post-marked by the applicable Bar Date.  It must be **RECEIVED** by the applicable Bar Date.  **Proofs of claim forms submitted by facsimile or electronic mail transmission will not be accepted**.

Proofs of claim forms will be collected, docketed and maintained by the Clerk.  If you want to receive acknowledgement of the Clerk's receipt of a proof of claim form, you must submits by the applicable Bar Date and concurrently with submitting your original proof of claim form (i) a copy of the original proof of claim form and (ii) a self-addressed, postage prepaid return envelope.

## 4.   ENTITIES NOT REQUIRED TO FILE A CLAIM

The Bar Date Order further provides that the following entities need **not** file proofs of claim in these Chapter 11 Cases:

a.   Indenture trustees and the Holders of the Senior Secured Notes Claims and Convertible Unsecured Notes Claims;

b.   any person or entity that already has filed a signed proof of claim against the Debtors in a form substantially similar to Official Bankruptcy Form No. 410 with the Clerk of the Bankruptcy Court for the District of Delaware;

c.   any holder of a claim that previously has been allowed by the Court;

d.   any holder of a claim that has been paid in full by either of the Debtors in accordance with the Bankruptcy Code or in accordance with an order of the Court;

e.   any person or entity holding a claim for which a separate deadline for filing a proof of claim is fixed by this Court;

f.   claims for fees and expenses of professionals retained in these Chapter 11 Cases; and

g.   any other administrative claims arising under section 503(b) of the Bankruptcy Code, other than claims arising under 503(b)(9).

## CONSEQUENCES OF FAILURE TO FILE A CLAIM

*Absent further order of the Court to the contrary, any person or entity who is required to file a Proof of Claim pursuant to the Bankruptcy Code, the Bankruptcy Rules, or the Bar Date Order with respect to a particular claim against the Debtors, but fails to do so by the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim(s) against the Debtors (or filing a proof of claim with respect thereto) in these Chapter 11 Cases, and, upon the effective date of a confirmed chapter 11 reorganization plan in these Chapter 11 Cases,  the Debtors and the Debtors' property will be forever discharged from any and all indebtedness or liability with respect to such claim(s), and such holder will not be permitted to vote upon or receive distributions under, any chapter 11 plan confirmed in the Chapter 11 Cases in respect of such claim(s), provided, however, that a holder of a claim shall be able to assert any undisputed, noncontingent and liquidated claim identified in the Debtors' Schedules on behalf of such holder, in the amount set forth in the Schedules, and receive distributions under any plan of reorganization or liquidation in these Chapter 11 Cases on account of such scheduled claim.*
.

## RESERVATION OF RIGHTS

The Debtors shall retain the right to dispute, or assert offsets or defenses against, any filed proofs of claim, as to nature, amount, liability, classification or otherwise.  Notwithstanding the foregoing, nothing contained herein shall preclude the Debtors or any other party in interest, from objecting to any claim (other than the claims of the Holders of the Senior Secured Claims and Convertible Unsecured Claims), whether scheduled or filed, on any grounds.

## ADDITIONAL INFORMATION

Copies of the Bar Date Order, the Debtors' Schedules and other information regarding the Debtors' Chapter 11 Cases is available upon request sent to counsel for the Debtors, Colin R. Robinson, Esq. via email (crobinson@pszjlaw.com) or by contacting counsel to the Debtors at (302) 652-4100 or, for a fee, by visiting PACER/CM/ECF at https://ecf.deb.uscourts.gov/.

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT ITS OWN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.  NEITHER THE COURT NOR COUNSEL TO THE DEBTORS CAN ADVISE CREDITORS WHETHER THEY SHOULD FILE A PROOF OF CLAIM.**

Dated:  November 16, 2020         PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
Richard M. Pachulski (CA Bar No. 62337)
Maxim B. Litvak (CA Bar No. 215852)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
E-mail:        rpachulski@pszjlaw.com
                   mlitvak@pszjlaw.com
                   crobinson@pszjlaw.com

*Counsel for Debtors and Debtors in Possession*