IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| RED REEF ALTERATIVE INVESTMENTS, | ) | |
| and EMERGENT CAPITAL, INC., | ) | Case No. 20-12602 (BLS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| IMPERIAL PREMIUM FINANCE, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Case No. 20-12694 (BLS) |
| _____ | ) | |

**ESTIMATE POHL LITIGATION CLAIMANTS' OBJECTION TO PLAN OF REORGANIZATION**

Allan J. Pohl ("Allan"), individually, as Representative of Phyllis Pohl, and as Trustee of the Phyllis Pohl Irrevocable Trust, and Kimberly Seris ("Kimberly" and together with Allan, "the Pohls"), creditors and parties in interest these cases, by and through their undersigned counsel, respectfully submit their Opposition to the Proposed Plan of Reorganization, as supplemented, (the "Plan") filed by Emergent Capital, Inc. ("Emergent" or the "Debtor").

1. The Plan is an improper and unjustified attempt to prevent the Pohls from voting on the Plan, or participating in any distribution, by pre-emptively providing that the Pohls' claims are estimated at zero for distribution (and therefore voting) purposes. The Plan makes the quantum leap that even though there has been no determination by any court that the Pohl's do not have a valid claim (notwithstanding the Debtors actual knowledge of it by virtue of litigation that has been pending in Florida state court for in excess of one year and participating in this litigation), the Pohls are not impaired. This pre-empts the Pohls from voting, and in turn attempts to eliminate the requirement of proper voting of an unsecured class of creditors. This is a

transparent attempt to perform an "end run" around the essential confirmation requirements set forth in 11. U.S.C. §1129 and should not be countenanced.

2. The Pohls are not concerned with the arrangements made between the Debtor and its noteholders (while leaving the Pohls out in the cold). The Debtor has a fiduciary obligation to all creditors who have claims. To be sure, the Pohls have a claim as defined in 11 U.S.C§ 101 (5) of the Bankruptcy Code.

3. Given that an estimation hearing on the Pohls' claim is set for December 17th, the deadline to vote on the Plan should be extended until Pohl's claim is estimated. In the event there is value attributed to the Pohls' claim, they should permitted to vote on the Plan. To provide otherwise will condone such a scenario and constitute a violation of both 11 U.S.C. 1129(a)(3) (good faith) and a more fundamental violation of the Pohls' due process rights to participate in the Debtor's attempted efforts to reorganize.

4. In view of the foregoing, the Plan should either not be confirmed, or should be amended after this Court estimates the value of the Pohls' claim, provided it attributes value to the claim.

Respectfully submitted,

**THE ROSNER LAW GROUP LLC**
*/s/ Jason A. Gibson*
Frederick B. Rosner (DE 3995)
Jason A. Gibson (DE 6091)
824 Market Street, Suite 810
Wilmington, DE 19801
Telephone: (302) 777-1111
E-mail: gibson@teamrosner.com

- **a n d** -

**FOWLER WHITE BURNETT, P.A.**

Eric A. Rosen (FL-36426)
Northbridge Center
515 North Flagler Drive, Suite 2100
West Palm Beach, Florida 33401
Telephone: (561) 802-9044
E-mail: ERosen@fowler-white.com

**- a n d -**

CIKLIN LUBITZ
Jonathan Brennan Butler, Esq.
515 N. Flagler Drive – 20th Floor
West Palm Beach, Florida 33401
Tel:  (561) 832-5900
E-mail:jbutler@ciklinlubitz.com

*Counsel for Pohl Litigation Claimants*