IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RED REEF ALTERNATIVE INVESTMENTS, LLC and EMERGENT CAPITAL, INC.,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 20-12602 (BLS)<br>)<br>) Jointly Administered<br>)<br>) **Re Docket No. 72** |

**ORDER AUTHORIZING DEBTOR EMERGENT CAPITAL, INC. TO EMPLOY AND RETAIN RSM US, LLP AS VALUATION ADVISOR EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "Application")[2] of Emergent Capital, Inc., one of the above-captioned debtors and debtors in possession (the "Debtor") for entry of an order (this "Order") authorizing the Debtor to employ and retain RSM US, LLP ("RSM") as valuation advisor in the Debtor's chapter 11 case, effective as of the Petition Date, as more fully described in the Application; and upon the Thompson Declaration and the *Supplemental Declaration of Kenton Thompson in Support of Application for Order Authorizing Debtor Emergent Capital, Inc. to Employ and Retain RSM US, LLP as Valuation Advisor Effective as of the Petition Date* (the "Supplemental Declaration", together, the "Declarations"; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and that this Court may enter a final order consistent with Article III of the United States

---

[1] The last four digits of each Debtor's taxpayer identification number are: Red Reef Alternative Investments, LLC (0302) and Emergent Capital, Inc. (3473). The location of the Debtors' service address for purposes of these cases is 1200 North Federal Highway, Suite 200, Boca Raton, FL 33432.

[2] Capitalized terms used, not otherwise defined herein shall have the meanings ascribed to them in the Application.

DOCS_LA:327993.6 23629/001

Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief set forth in this Order is in the best interests of the Debtor and it's estate, and there is good and sufficient cause for the same; and this Court having found that the Debtor's notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The relief requested in the Application is hereby GRANTED as set forth herein.

2. The Debtor is authorized under section 327(a) of the Bankruptcy Code to employ and retain RSM as valuation advisor in accordance with the terms set forth in the Engagement Letter, as modified by this Order, effective as of the Petition Date.

3. RSM is authorized to perform the valuation services set forth in the Application and the Engagement Letter, and to take such other action to comply with all duties set forth in the Application and the Engagement Letter.

4. RSM shall apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in accordance with §§330 and 331 of

the Bankruptcy Code, the applicable Bankruptcy Rules, the Local Rules, including but not limited to the information and time keeping requirements of Local Rule 2016-2(d) and (e), and any orders entered in this chapter 11 case regarding professional compensation and reimbursement of expenses.

5. The Debtor indemnification provisions included in the Engagement Letter are approved, subject to the following:

a. RSM shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter for services other than the services provided under the Engagement Letter unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court.

b. Notwithstanding anything to the contrary in the Engagement Letter, the Debtor shall have no obligation to indemnify RSM, or provide contribution or reimbursement to RSM, for any losses, claims, damages, judgments, liabilities or expense that are either: (a) judicially determined (the determination having become final) to have arisen from RSM's gross negligence, bad faith, willful misconduct, or fraud; (b) for a contractual dispute in which the Debtor alleges the breach of RSM's contractual obligations, unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *United Artists Theatre Co. v. Walton (In re United Artists Theatre Co.)*, 315 F.3d 217 (3d Cir. 2003); or (c) settled prior to a judicial determination under (a) or (b), but determined by this Court, after notice and a hearing, to be a claim or expense for which RSM should not receive

indemnity, contribution, or reimbursement under the terms of the Engagement Letter as modified by this Order.

    c. Before the earlier of: (a) the entry of an order confirming a chapter 11 plan in this chapter 11 case (that order having become a final order no longer subject to appeal) and (b) the entry of an order closing this chapter 11 case, should RSM believe that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution, or reimbursement obligations under the Engagement Letter Agreement (as modified by this Order), including, without limitation, the advancement of defense costs, RSM must file an application in this Court, and the Debtor may not pay any such amounts to RSM before the entry of an order by this Court approving such application and the payment requested therein.   This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by RSM for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtor's obligation to indemnify, or make contributions or reimbursements to, RSM.   All parties in interest shall retain the right to object to any demand by RSM for indemnification, contribution or reimbursement.

    6. During the course of the bankruptcy cases, any limitations of liability provisions in the Engagement Letter shall have no force or effect.

    7. During the course of the bankruptcy cases, the provisions in the Engagement Letter requiring the payment of a percentage of fees as expense reimbursement shall

4

have no force or effect. RSM shall request reimbursement of only its actual expenses incurred, and all such expense requests shall comply with Local Rule 2016-2(e).

8. In the event that, during the pendency of the Chapter 11 Cases, RSM seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in RSM's fee applications and shall be in compliance with Local Rule 2016-2(f), and shall be subject to the U.S. Trustee Guidelines and approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under 327 of the Bankruptcy Code, and without regard to whether such attorney's services satisfy section 330(a)(3)(C) of the Bankruptcy Code; provided, however, that RSM shall not seek reimbursement of any fees incurred defending any of RSM's fee applications in these cases.

9. RSM shall apply any retainer remaining at the time of allowance of its final fee application in satisfaction of compensation and reimbursement awarded with respect to such application, and promptly pay to the Debtor's estates any retainer remaining after such application.

10. The Debtor and RSM are authorized to take all steps necessary or appropriate to carry out this Order.

11. In the event of any inconsistency between the Engagement Letter Agreement, the Application, and this Order, the terms of this Order shall govern.

12.	Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

13.	Notwithstanding any term in the Engagement Letter to the contrary, this Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order, and during the course of the Debtor's bankruptcy case, the Debtor's engagement of RSM.

**Dated: December 16th, 2020 Wilmington, Delaware**

**BRENDAN L. SHANNON UNITED STATES BANKRUPTCY JUDGE**