IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| RED REEF ALTERNATIVE INVESTMENTS, LLC and EMERGENT CAPITAL, INC.,[1] | Case No. 20-12602 (BLS) |
| | (Jointly Administered) |
| Debtors. | |

**Objection Deadline:  May 27, 2021 at 4:00 p.m. (ET)**
**Hearing Date:  June 16, 2021 at 9:00 a.m. (ET)**

**FIRST AND FINAL APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL
FOR THE DEBTORS AND DEBTORS IN POSSESSION,
FOR THE PERIOD FROM OCTOBER 15, 2020 THROUGH APRIL 7, 2021**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | Effective as of October 15, 2020 by order signed November 12, 2020 |
| Period for which Compensation and Reimbursement is Sought: | October 15, 2020 through April 7, 2021[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $600,713.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $ 14,260.58 |
| Rates are Higher than those Approved or Disclosed at Retention?  Yes__  No _X_ If yes, Total Compensation Sought Using Rates Disclosed in Retention Application: | As disclosed in its retention application the Firm's standard hourly rates are subject to periodic adjustment.  The actual rates charged are disclosed herein and in the attached invoice. |
| Compensation Sought in this Application Already Paid Pursuant to a Monthly Compensation Order but not yet Allowed: | $0.00 |

---

[1]  The last four digits of each Debtor's taxpayer identification number are:  Red Reef Alternative Investments, LLC (0302) and Emergent Capital, Inc. (3473).  The location of the Debtors' service address for purposes of these cases is 1200 North Federal Highway, Suite 200, Boca Raton, FL 33432.

[2]  The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

| | |
|---|---|
| Expenses Sought in this Application Already Paid Pursuant to a Monthly Compensation Order but not yet Allowed: | $0.00 |
| Number of Professionals Included in this Application: | 16 |
| If Applicable, Number of Professionals in this Application not Included in Staffing Plan Approved by Client: | 0 |
| If Applicable, Difference Between Fees Budgeted and Compensation Sought for this Period: | N/A |
| Number of Professionals Billing Fewer than 15 Hours to the Case During this Period: | 11 |

This is a:        monthly        interim    _x_ final application.

The total time expended for fee application preparation is approximately 10 hours

and the corresponding compensation requested is approximately $20,000.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| | | | | | |

No prior fee applications have been filed.

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Richard M. Pachulski | Partner 1983; Member of CA Bar since 1979 | $1,595.00<br>$1,445.00 | 4.20<br>126.50 | $   6,699.00<br>$182,792.50 |
| Ira D. Kharasch | Partner 1987; Member of CA Bar since 1982; Member of NY Bar since 2011 | $1,145.00 | 0.40 | $      458.00 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $1,125.00<br>$   950.00 | 13.90<br>218.50 | $  15,637.50<br>$207,575.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Colin R. Robinson | Of Counsel 2012; Member of NY Bar since 1997; Member of NJ & PA Bars since 2001; Member of DE Bar since 2010 | $ 925.00<br>$ 825.00 | 9.20<br>161.30 | $ 8,510.00<br>$133,072.50 |
| Cia H. Mackle | Of Counsel 2007; Member of FL Bar since 2006 | $ 675.00 | 10.10 | $ 6,817.50 |
| Leslie A. Forrester | Law Library Director 2003 | $ 450.00 | 5.10 | $ 2,295.00 |
| Patricia J. Jeffries | Paralegal 1999 | $ 425.00 | 6.80 | $ 2,890.00 |
| Karina K. Yee | Paralegal 2000 | $ 425.00 | 1.20 | $ 510.00 |
| Patricia E. Cuniff | Paralegal 2000 | $ 425.00 | 2.10 | $ 892.50 |
| Elizabeth C. Thomas | Paralegal 2016 | $ 460.00<br>$ 425.00 | 2.80<br>40.20 | $ 1,288.00<br>$ 17,085.00 |
| Cheryl A. Knotts | Paralegal 2000 | $ 395.00 | 3.40 | $ 1,343.00 |
| Sheryle L. Pitman | Case Management Assistant 2001 | $ 375.00<br>$ 350.00 | 5.30<br>14.70 | $ 1,987.50<br>$ 5,145.00 |
| Beatrice M. Koveleski | Case Management Assistant 2009 | $ 375.00<br>$ 350.00 | 0.40<br>2.80 | $ 150.00<br>$ 980.00 |
| Andrea R. Paul | Case Management Assistant 2001 | $ 350.00 | 8.30 | $ 2,905.00 |
| Charles J. Bouzoukis | Case Management Assistant 2001 | $ 350.00 | 1.00 | $ 350.00 |
| Karen S. Neil | Case Management Assistant 2003 | $ 350.00 | 3.80 | $ 1,330.00 |

**Grand Total:** $600,713.00
**Total Hours:** 642.00
**Blended Rate:** $935.69

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Bankruptcy Litigation | 210.20 | $208,738.00 |
| Case Administration | 42.50 | $ 18,673.00 |
| Claims Admin./Objections | 22.60 | $ 20,047.00 |
| Compensation of Professional | 1.10 | $ 1,167.50 |
| Employee Benefit/Pension | 0.40 | $ 578.00 |
| Executory Contracts | 4.20 | $ 3,732.50 |
| Financial Filings | 27.10 | $ 20,102.00 |
| Financing | 1.10 | $ 785.00 |
| Hearing | 58.50 | $ 46,179.50 |
| Meeting of Creditors | 14.20 | $ 12,152.50 |
| Plan & Disclosure Statement | 198.50 | $211,422.00 |
| Plan Implementation | 14.40 | $ 18,239.50 |
| Retention of Professional | 9.50 | $ 7,930.00 |
| Retention of Prof./Others | 35.60 | $ 28,674.50 |
| Stay Litigation | 0.10 | $ 95.00 |
| Tax Issues | 2.00 | $ 2,197.00 |

## EXPENSE SUMMARY

| Expense Category | Service Provider[3] (if applicable) | Total Expenses |
|---|---|---|
| Conference Call | CourtCall; AT&T Conference Call | $1,856.33 |
| Delivery/Courier Service | Advita | $ 267.50 |
| Express Mail | Federal Express | $ 439.45 |
| Filing Fee | USBC; USDC | $1,826.25 |
| Fax Transmittal | Outgoing only | $ 3.00 |
| Legal Research | Lexis/Nexis | $ 177.23 |
| Court Research | Pacer | $ 412.10 |
| Postage | | $ 572.80 |
| Reproduction Expense | | $3,905.60 |
| Reproduction/ Scan Copy | | $2,520.00 |
| Overtime | H. Phan | $ 65.82 |
| Transcript | Reliable Companies | $2,214.50 |

---

[3] PSZ&J may use one or more service providers.  The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| RED REEF ALTERNATIVE INVESTMENTS, LLC and EMERGENT CAPITAL, INC.,[1] | Case No. 20-12602 (BLS) |
| | (Jointly Administered) |
| Debtors. | |

**Objection Deadline:  May 27, 2021 at 4:00 p.m. (ET)**
**Hearing Date:  June 16, 2021 at 9:00 a.m. (ET)**

**FIRST AND FINAL APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL
FOR THE DEBTORS AND DEBTORS IN POSSESSION,
FOR THE PERIOD FROM OCTOBER 15, 2020 THROUGH APRIL 7, 2021**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), counsel for the debtors and debtors in possession ("Debtors"), hereby submits its First and Final Application for Compensation and for Reimbursement of Expenses for the Period from October 15, 2020 through April 7, 2021 (the "Application").

By this Application PSZ&J seeks a final allowance of compensation in the amount of $600,713.00 and actual and necessary expenses in the amount of $14,260.58 for a total final allowance of $614,973.58 and payment of the unpaid portion of such fees and expenses for the period October 15, 2020 through April 7, 2021 (the "Fee Period"), and further

---

[1]  The last four digits of each Debtor's taxpayer identification number are:  Red Reef Alternative Investments, LLC (0302) and Emergent Capital, Inc. (3473).  The location of the Debtors' service address for purposes of these cases is 1200 North Federal Highway, Suite 200, Boca Raton, FL 33432.

seeks the final allowance and payment of fees and costs incurred after April 7, 2021 through the

date of the hearing on this Application, in the estimated amount of $20,000.00:

**<u>Background</u>**

1.      On October 15, 2020 (the "<u>Petition Date</u>"), the Debtors commenced these

cases by each Debtor filing a voluntary petition for relief under chapter 11 of the Bankruptcy

Code.  The Debtors have continued in the possession of their property and have continued to

operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these Chapter 11

Cases.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      The retention of PSZ&J, as counsel for the Debtors, was approved

effective as of October 15, 2020 by this Court's "Order Pursuant to Section 327(a) of the

Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule

2014-1 Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as

Counsel for the Debtors and Debtors in Possession Effective as of the Petition Date," signed on

or about November 12, 2020 (the "Retention Order").  The Retention Order authorized PSZ&J to

be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket

expenses.

4.      Attorneys retained pursuant to sections 327 or 1103 of the Bankruptcy

Code must comply with certain requirements of the United States Trustee's Guidelines for

Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11

U.S.C. §330 by Attorneys in Larger Chapter 11 Cases (the "Revised UST Guidelines").  The

Office of the United States Trustee has promulgated forms to aid in compliance with the Revised

UST Guidelines.  Charts and tables based on such forms are attached hereto as exhibits and filled

out with data to the extent relevant to these cases:  Exhibit "A", Customary and Comparable

Compensation Disclosures with Fee Applications; Exhibit "B", Summary of Timekeepers

Included in this Fee Application, Exhibit "C-1", Budget; Exhibit "C-2", Staffing Plan; Exhibit

"D-1", Summary of Compensation Requested by Project Category; Exhibit "D-2", Summary of

Expense Reimbursement Requested by Category; and Exhibit "E", Summary Cover Sheet of Fee

Application.

### PSZ&J's APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

#### Compensation Paid and Its Source

5.      By this Application, PSZ&J requests that the Court approve the final

allowance of compensation for professional services rendered and the reimbursement of actual

and necessary expenses incurred by PSZ&J from October 15, 2020 through April 7, 2021.  In

addition, PSZ&J anticipates that it will incur fees and expenses during the time period April 7,

2021 through the date of the hearing on this Application, primarily related to the preparation,

filing and service of this Application and related order, and in appearing on this matter.  PSZ&J

presently estimates that such fees and costs will be approximately $20,000.  PSZ&J does not

intend to file a supplemental statement regarding the amount of such fees unless they exceed

$20,000.

6.      At all relevant times, PSZ&J has not represented any party having an interest adverse to the case.

7.      At all relevant times, PSZ&J has been a disinterested person as that term is defined in §101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interest of the Debtors.

8.      All services for which PSZ&J requests compensation were performed for or on behalf of the Debtors, and not on behalf of any committee, creditor or other person.

9.      PSZ&J has received no payment and no promises for payment from any source other than from the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application, except as disclosed in its Retention Application and herein.  As set forth in the Retention Application it was contemplated that the Firm's fees would be paid by Imperial Finance & Trading, LLC ("Imperial Finance"), a non-Debtor wholly owned subsidiary of Emergent Capital, Inc.  PSZ&J received payment from Imperial Finance during the year prior to the Petition Date in the amount of $598,964.00 in connection with its representation of the Debtors.  Upon final reconciliation of the amount actually expended prepetition, any balance remaining from the prepetition payment to PSZ&J was credited to the Debtors and utilized as PSZ&J's retainer to apply to postpetition fees and expenses pursuant to the compensation procedures approved by this Court in accordance with the Bankruptcy Code.  In addition, PSZ&J is holding $150,000.00 received from Imperial Finance on retainer in the Firm's trust account.  There is no agreement or understanding between PSZ&J

and any other person other than the partners of PSZ&J for the sharing of compensation to be received for services rendered in these cases.

10. The professional services and related expenses for which PSZ&J requests final allowance of compensation and reimbursement of expenses were rendered and incurred in connection with these cases in the discharge of PSZ&J's professional responsibilities as attorneys for the Debtors in these chapter 11 cases. PSZ&J's services have been necessary and beneficial to the Debtors and their estates, creditors and other parties in interest.

**Fee Statements**

11. The fee statement for the Fee Period is attached hereto as Exhibit F. The statement contains daily time logs describing the time spent by each attorney and paraprofessional during the Fee Period. To the best of PSZ&J's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code and the Bankruptcy Rules. PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the described services. The time reports are organized on a daily basis. PSZ&J is particularly sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports. PSZ&J's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code. PSZ&J has reduced its charges related to any non-working "travel time" to fifty percent (50%) of PSZ&J's standard hourly rate. To the extent it is feasible, PSZ&J professionals attempt to work during travel.

**Actual and Necessary Expenses**

12.     A summary of actual and necessary expenses incurred by PSZ&J for the

Fee Period is attached hereto as part of Exhibit F.  PSZ&J customarily charges $0.10 per page

for photocopying expenses related to cases, such as this one, arising in Delaware.  PSZ&J's

photocopying machines automatically record the number of copies made when the person that is

doing the copying enters the client's account number into a device attached to the photocopier.

PSZ&J summarizes each client's photocopying charges on a daily basis.

13.     PSZ&J charges $0.25 per page for out-going facsimile transmissions.

There is no additional charge for long distance telephone calls on faxes.  The charge for outgoing

facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for

the machines, supplies and extra labor expenses associated with sending telecopies and is

reasonable in relation to the amount charged by outside vendors who provide similar services.

PSZ&J does not charge the Debtors for the receipt of faxes in these cases.

14.     With respect to providers of on-line legal research services (e.g., LEXIS

and WESTLAW), PSZ&J charges the standard usage rates these providers charge for

computerized legal research.  PSZ&J bills its clients the actual amounts charged by such

services, with no premium.  Any volume discount received by PSZ&J is passed on to the client.

15.     PSZ&J believes the foregoing rates are the market rates that the majority

of law firms charge clients for such services.  In addition, PSZ&J believes that such charges are

in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the

ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## Summary of Services Rendered

16.    The names of the partners and associates of PSZ&J who have rendered professional services in these cases during the Fee Period, and the paralegals and case management assistants of PSZ&J who provided services to these attorneys during the Fee Period, are set forth in the attached Exhibit F.

17.    PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Debtors on a regular basis with respect to various matters in connection with the Debtors' bankruptcy cases, and performed all necessary professional services which are described and narrated in detail below.  PSZ&J's efforts have been extensive due to the size and complexity of the Debtors' bankruptcy cases.

## Summary of Services by Project

18.    The services rendered by PSZ&J during the Fee Period can be grouped into the categories set forth below.  PSZ&J attempted to place the services provided in the category that best relates to such services.  However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category.  These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit F.  Exhibit F identifies the attorneys and paraprofessionals who rendered services relating to each category,

along with the number of hours for each individual and the total compensation sought for each

category.

### A.    Bankruptcy Litigation

19.    This category relates to work regarding motions or adversary proceedings

in the Bankruptcy Court.  During the Fee Period, the Firm, among other things:  (1) performed

work regarding First Day motions and orders; (2) performed work regarding *pro hac vice*

motions; (3) prepared for and attended a hearing on First Day motions on October 16, 2020;

(4) performed work regarding a joint administration motion and order; (5) performed work

regarding the Pohl estimation motion; (6) reviewed and analyzed issues regarding the FFI

settlement; (7)  reviewed and analyzed Pohl litigation documents; (8) reviewed and analyzed

estimation options; (9) performed work regarding a notice of commencement; (10) performed

work regarding a Bankruptcy Rule 9019 motion approving settlement with Film Finances;

(11) reviewed and analyzed issues regarding the Imperial Premium Finance filing;

(12) performed work regarding filing of the Imperial Premium Finance petition package;

(13) reviewed and responded to comments of the United States Trustee regarding pending

motions; (14) reviewed and analyzed issues regarding the motion to continue hearing on and

extend the objection deadline regarding the Pohl estimation motion; (15) performed work

regarding Hearing Notebooks and Agenda Notices; (16) performed work regarding a response to

the Pohl motion to extend; (17) attended to scheduling issues; (18) prepared for and attended a

hearing on November 16, 2020 regarding the Pohl matter; (19) performed work regarding orders;

(20) performed work regarding a stipulation concerning scheduling in the Pohl matter;

(21) performed research; (22) attended to confidentiality issues; (23) performed work regarding notices of deposition; (24) reviewed and analyzed WARN complaint deadline issues; (25) reviewed and analyzed issues regarding the Consumer Energy matter; (26) performed work regarding draft responses to Pohl discovery; (27) performed work regarding responses to Pohl's first interrogatories and requests for admission; (28) prepared for and attended the deposition of L. Bryan; (29) performed work regarding a memorandum on estimation issues; (30) prepared for and attended the depositions of E. Madera, M. Martinez and K. Pohl Sheris; (31) reviewed and analyzed Pohl exhibit and witness lists; (32) reviewed and analyzed the Pohl objection to estimation motion, and performed work regarding a reply; (33) reviewed and analyzed the final reply brief, witness and exhibit lists and deposition designation in preparation for hearing; (34) performed work regarding witness preparation; (35) prepared for and attended an estimation hearing on December 17 and 18, 2020; (36) reviewed and analyzed estimation settlement options; (37) performed work regarding settlement negotiations; (38) performed work regarding a settlement agreement in the Pohl matter; (39) attended to issues regarding the Pohl policy sale; (40) reviewed and analyzed indemnity issues; (41) performed work regarding a policy bill of sale and indemnity agreement; and (42) corresponded and conferred regarding bankruptcy litigation issues.

Fees: $208,738.00;    Hours: 210.20

### B.    Case Administration

20.    This category relates to work regarding administration of these cases. During the Fee Period, the Firm, among other things: (1) responded to case inquiries;

(2) attended to issues regarding a website; (3) prepared and circulated a daily memorandum narrative; (4) reviewed daily correspondence and pleadings and forwarded them to the appropriate parties; (5) maintained document control; (6) maintained a memorandum of critical dates; (7) corresponded and conferred regarding case administration issues; and (8) maintained service lists.

Fees:  $18,673.00;      Hours:  42.50

### C.      Claims Administration and Objections

21.      This category relates to work regarding claims administration and claims objections.  During the Fee Period, the Firm, among other things:  (1) performed work regarding a notice of bar date motion; (2) reviewed and responded to United States Trustee comments regarding the bar date motion and order; (3) performed work regarding a bar date order; (4) reviewed and analyzed Curry claim issues; (5) reviewed and analyzed the Pohl claim; (6) reviewed and analyzed claims and performed work regarding a claims chart; (7) reviewed and analyzed Jade claim issues; (8) reviewed and analyzed issues regarding potential claim objections; (9) reviewed and analyzed issues regarding the Hellerman claim; and (10) corresponded and conferred regarding claim issues.

Fees:  $20,047.00;      Hours:  22.60

### D.      Compensation of Professionals

22.      This category relates to issues regarding the compensation of professionals, other than the Firm.   During the Fee Period, the Firm, among other things,

reviewed and analyzed issues regarding noteholder fee requests, and corresponded and conferred regarding fee issues.

Fees:  $1,167.50;       Hours:  1.10

**E.      Employee Benefits and Pensions**

23.      This category relates to issues regarding employee benefits and pension plans, and other employee issues.   During the Fee Period, the Firm, among other things, reviewed and analyzed issues regarding an employment agreement.

Fees:  $578.00;        Hours:  0.40

**F.      Executory Contracts**

24.      This category relates to issues regarding executory contracts and unexpired leases of real property.   During the Fee Period, the Firm, among other things: (1) performed work regarding a notice relating to executory contracts and assumption and rejection; (2) reviewed and analyzed cure issues; (3) performed work regarding an indemnity assumption agreement; and (4) corresponded regarding lease and contract issues.

Fees:  $3,732.50;       Hours:  4.20

**G.      Financial Filings**

25.      This category relates to issues regarding compliance with reporting requirements.   During the Fee Period, the Firm, among other things:  (1) performed work regarding Schedules and Statements; (2) performed work regarding Monthly Operating Reports; (3) performed work regarding an amendment to the schedule of executory contracts; and (4) corresponded and conferred regarding financial filings issues.

Fees:  $20,102.00;       Hours:  27.10

**H.     Financing**

26.     This category relates to issues regarding Debtor in Possession financing and use of cash collateral.   During the Fee Period, the Firm, among other things, performed work regarding cash management issues, including a cash management order.

Fees:  $785.00;          Hours:  1.10

**I.     Hearings**

27.     This category relates to the preparation for and attendance at various hearings held during the Fee Period.   During the Fee Period, the Firm, among other things: (1) performed work regarding Agenda Notices and Hearing Binders; (2) performed work regarding hearing notices; (3) prepared for and attended a hearing on October 16, 2020 regarding First Day Motions; (4) attended to scheduling issues; (5) prepared for and attended a hearing on November 16, 2020 on the Pohl matter; (6) prepared for and attended the Pohl estimation hearing on December 17 and 18, 2020; (7) prepared for and attended a Plan confirmation hearing on December 21 and 23, 2020; (8) prepared for and attended a hearing on December 30, 2020; and (9) corresponded and conferred regarding hearing issues.

Fees:  $46,179.50;          Hours:  58.50

**J.     Meeting of Creditors**

28.     This category relates to meeting of creditors issues.   During the Fee Period, the Firm, among other things:  (1) reviewed and analyzed issues regarding an Initial Debtor Interview ("IDI"); (2) performed work regarding a notice of Section 341 Meeting of Creditors; (3) prepared for and attended an IDI on October 28, 2020; (4) prepared for and

attended Section 341 Meetings of Creditors on November 13 and December 1, 2020; and

(5) corresponded regarding meeting of creditors issues.

Fees:  $12,152.50;      Hours:  14.20

### K.    Plan and Disclosure Statement

29.    This category relates to issues regarding a Plan of Reorganization ("Plan") and Disclosure Statement.   During the Fee Period, the Firm, among other things:  (1) performed work regarding a notice of Disclosure Statement hearing; (2) attended to scheduling issues; (3) reviewed and responded to United States Trustee comments regarding Plan and Disclosure Statement issues; (4) reviewed and analyzed valuation issues; (5) reviewed and analyzed issues regarding cash flow projections; (6) attended to issues regarding a Plan supplement; (7) reviewed and analyzed a valuation report; (8) reviewed and analyzed solicitation issues; (9) performed work regarding Disclosure Statement exhibits; (10) performed work regarding ballots; (11) performed work regarding a notice of Plan confirmation hearing; (12) reviewed and analyzed a liquidation analysis; (13) reviewed and analyzed SEC issues; (14) performed work regarding a response to the SEC comments regarding the Plan and Disclosure Statement; (15) attended to issues regarding a restructuring support agreement ("RSA"); (16) performed work regarding a solicitation procedures motion and order; (17) reviewed and revised the Plan notice, ballot, assumption notice, solicitation order, and order approving RSA in response to United States Trustee comments; (18) reviewed and analyzed opt-in, opt-out issues; (19) performed work regarding an indenture and post-closing documents; (20) reviewed and analyzed Section 1145 issues and performed work regarding a response to SEC inquiries;

(21) attended to noteholder issues; (22) performed work regarding a grantor trust agreement; (23) drafted a Plan supplement; (24) drafted a Plan confirmation order; (25) performed work regarding a confirmation brief and declarations in support of Plan confirmation; (26) reviewed and analyzed closing issues; (27) reviewed and analyzed Board issues; (28) reviewed and analyzed Plan-related estimation issues regarding Pohl; (29) performed work regarding closing documents; (30) attended to issues regarding a resolution with the SEC; (31) reviewed and analyzed the Pohl confirmation objection; (32) performed work regarding a Second Amended Plan; (33) reviewed and analyzed feasibility issues; (34) prepared for and attended a confirmation hearing on December 21, 23 and 30, 2020; (35) performed work regarding a bill of sale for the Pohl policy; (36) performed work regarding a revised indemnity agreement; (37) attended to Plan-related form 8-K issues; and (38) conferred and corresponded regarding Plan and Disclosure Statement issues.

Fees:  $211,422.00;    Hours:  198.50

**L.      Plan Implementation**

30.      This category relates to issues regarding implementation of a Plan. During the Fee Period, the Firm, among other things:  (1) reviewed and analyzed Plan effective date issues; (2) performed work regarding an effective date notice; (3) reviewed and analyzed closing documents; and (4) corresponded and conferred regarding Plan implementation issues.

Fees:  $18,239.50;    Hours:  14.40

### M.    Retention of Professionals

31.    This category relates to issues regarding retention of the Firm.   During the Fee Period, the Firm, among other things:  (1) performed work regarding the Firm's retention application and order; (2) reviewed and responded to comments of the United States Trustee regarding the Firm's retention application; (3) performed work regarding a supplemental declaration in support of the Firm's retention application; and (4) corresponded and conferred regarding retention issues.

Fees:  $7,930.00;        Hours:  9.50

### N.    Retention of Professionals--Others

32.    This category relates to issues regarding the retention of professionals, other than the Firm.   During the Fee Period, the Firm, among other things:  (1) performed work regarding the RSM, KCC and Curtis Mallet retention applications; (2) performed work regarding the Kelley Drye and Winston retention matters; and (3) corresponded and conferred regarding retention issues.

Fees:  $28,674.50;      Hours:  35.60

### O.    Stay Litigation

33.    This category relates to work regarding the automatic stay and relief from stay motions.  During the Fee Period, the Firm, among other things, reviewed and analyzed issues regarding a relief from stay motion.

Fees:  $95.00;          Hours:  0.10

**P.    Tax Issues**

34.    This category relates to work regarding tax issues.  During the Fee Period, the Firm, among other things, reviewed and analyzed, and conferred and corresponded regarding tax issues.

Fees:  $2,197.00;        Hours:  2.00

**<u>Valuation of Services</u>**

35.    Attorneys and paraprofessionals of PSZ&J expended a total 642.00 hours in connection with their representation of the Debtors during the Fee Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Richard M. Pachulski | Partner 1983; Member of CA Bar since 1979 | $1,595.00 $1,445.00 | 4.20 126.50 | $    6,699.00 $182,792.50 |
| Ira D. Kharasch | Partner 1987; Member of CA Bar since 1982; Member of NY Bar since 2011 | $1,145.00 | 0.40 | $        458.00 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $1,125.00 $    950.00 | 13.90 218.50 | $  15,637.50 $207,575.00 |
| Colin R. Robinson | Of Counsel 2012; Member of NY Bar since 1997; Member of NJ & PA Bars since 2001; Member of DE Bar since 2010 | $    925.00 $    825.00 | 9.20 161.30 | $    8,510.00 $133,072.50 |
| Cia H. Mackle | Of Counsel 2007; Member of FL Bar since 2006 | $    675.00 | 10.10 | $    6,817.50 |
| Leslie A. Forrester | Law Library Director 2003 | $    450.00 | 5.10 | $    2,295.00 |
| Patricia J. Jeffries | Paralegal 1999 | $    425.00 | 6.80 | $    2,890.00 |
| Karina K. Yee | Paralegal 2000 | $    425.00 | 1.20 | $        510.00 |
| Patricia E. Cuniff | Paralegal 2000 | $    425.00 | 2.10 | $        892.50 |
| Elizabeth C. Thomas | Paralegal 2016 | $    460.00 $    425.00 | 2.80 40.20 | $    1,288.00 $  17,085.00 |
| Cheryl A. Knotts | Paralegal 2000 | $    395.00 | 3.40 | $    1,343.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Sheryle L. Pitman | Case Management Assistant 2001 | $ 375.00 | 5.30 | $    1,987.50 |
| | | $ 350.00 | 14.70 | $    5,145.00 |
| Beatrice M. Koveleski | Case Management Assistant 2009 | $ 375.00 | 0.40 | $       150.00 |
| | | $ 350.00 | 2.80 | $       980.00 |
| Andrea R. Paul | Case Management Assistant 2001 | $ 350.00 | 8.30 | $    2,905.00 |
| Charles J. Bouzoukis | Case Management Assistant 2001 | $ 350.00 | 1.00 | $       350.00 |

**Grand Total:**    **$600,713.00**
**Total Hours:**          **642.00**
**Blended Rate:**      **$935.69**

36.    The nature of work performed by these persons is fully set forth in Exhibit F attached hereto.  These are PSZ&J's normal hourly rates for work of this character.  The reasonable value of the services rendered by PSZ&J for the Debtors during the Fee Period is $600,713.00.

## **Statement from PSZ&J**

37.    Pursuant to the Appendix B Guidelines for Reviewing Application for Compensation and Reimbursement of Expenses Filed Under the United States Code by Attorneys in Larger Chapter 11 Cases, PSZ&J responds to the following questions regarding the Application:

| Question | Yes | No | Additional Explanation or Clarification |
|---|---|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain. | | No. | |
| If the fees sought in this fee application as | | | N/A |

| | | | |
|---|---|---|---|
| compared to the fees budgeted for the time period covered by this fee application higher by 10% or more, did you discuss the reasons for the variation with the client? | | | |
| Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? | | No. | |
| Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? | Yes. | | Time incurred reviewing and preparing PSZ&J first and final fee application. |
| Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees. | | No. | |
| If the fee application includes any rate increases since retention in these Cases:<br>   i.   Did your client review and approve those rate increases in advance?<br>   ii.   Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458? | Yes. | | |

38.     In accordance with the factors enumerated in section 330 of the

Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and

reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent

of the services rendered, (d) the value of such services, and (e) the costs of comparable services

other than in a case under the Bankruptcy Code.  Moreover, PSZ&J has reviewed the

requirements of Del. Bankr. LR 2016-2 and believes that this Application complies with such Rule.

WHEREFORE, PSZ&J respectfully requests that the Court enter an order, substantially in the form attached hereto, providing that, for the period of October 15, 2020 through April 7, 2021, a final allowance be made to PSZ&J in the sum of $600,713.00 as compensation for reasonable and necessary professional services rendered to the Debtors and in the sum of $14,260.58 for reimbursement of actual and necessary costs and expenses incurred, for a total of $614,973.58; that an additional final allowance be made to PSZ&J for fees and costs as may be incurred by PSZ&J after April 7, 2021 and through the date of hearing on this Application in an amount presently estimated to be $20,000; that Debtors be authorized and directed to pay to PSZ&J the outstanding amount of such sums; and for such other and further relief as this Court deems proper.

Dated:  May 6, 2021             PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
Richard M. Pachulski (CA Bar No. 90073)
Maxim B. Litvak (CA Bar No. 215852)
Colin R. Robinson (DE Bar No. 5524)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Tel:  (302) 652-4100
Fax:  (302) 652-4400
E-mail: rpachulski@pszjlaw.com
        mlitvak@pszjlaw.com
        crobinson@pszjlaw.com

Counsel for the Debtors and Debtors in Possession

## **DECLARATION**

STATE OF DELAWARE      :

                                   :

COUNTY OF NEW CASTLE  :

Richard M. Pachulski, after being duly sworn according to law, deposes and says:

a)      I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

b)      I am familiar with the work performed on behalf of the debtors and debtors in possession by the lawyers and paraprofessionals of PSZ&J.

c)      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. LR 2016-2 and submit that the Application substantially complies with such Rule.

                                       _/s/ Richard M. Pachulski_
                                       Richard M. Pachulski