## EXHIBIT A

**Proposed Order**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| RED REEF ALTERNATIVE INVESTMENTS, LLC | ) Case No. 20-12602 (BLS) |
| and | ) |
| EMERGENT CAPITAL, INC.,[1] | ) Jointly Administered |
| | ) |
| Debtors. | ) |

### ORDER SUSTAINING DEBTOR EMERGENT CAPITAL, INC.'S FIRST OMNIBUS (SUBSTANTIVE) OMNIBUS OBJECTION TO CERTAIN NO LIABILITY CLAIMS

Upon the *First (Substantive) Omnibus Objection To Certain No Liability Claims*, dated August 5, 2021 (the "Objection"),[2] of reorganized debtor, Emergent Capital, Inc. in the above-captioned chapter 11 case (the "Debtor"), pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order disallowing and expunging certain Proofs of Claim, all as more fully set forth in the Objection; and upon consideration of the Martinez Declaration; and this Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and consideration of the Objection and the

---

[1] The last four digits of each Debtor's taxpayer identification number are: Red Reef Alternative Investments, LLC (0302) and Emergent Capital, Inc. (3473). The location of the Debtors' service address for purposes of these cases is 1200 North Federal Highway, Suite 200, Boca Raton, FL 33432.

[2] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and this Court having reviewed the Objection; and this Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and it appearing that the relief requested in the Objection is in the best interests of the Debtor, the Debtors' estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Objection is granted as provided herein.

2.      Pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, each No Liability Claim listed on **Schedule 1** annexed hereto is disallowed and expunged in its entirety.

3.      This Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim referenced and/or identified in the Objection that is not listed on **Schedule 1** annexed hereto, and all rights to object to or defend against such claims on any basis are expressly reserved.

4.      Should one or more of the grounds of objection stated in the Objection be dismissed, the Debtor's rights to object on any other grounds that the Debtor discovers during the pendency of this chapter 11 case is preserved.

DOCS_DE:235566.1 23629/002

5.      Each of the No Liability Claims and the objections by the Debtor to such claims, as set forth on **Schedule 1** hereto, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014 and Local Rule 3007-1.  This Order shall be deemed a separate Order with respect to each such No Liability Claim.  Any stay of this Order pending appeal by any claimants whose claims are subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

6.      The Debtor and the Debtors' claims and noticing agent, Kurtzman Carson Consultants LLC, and the Clerk of this Court are authorized to take all steps necessary or appropriate to carry out this Order.

7.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

## SCHEDULE 1

**No Liability Claims**

**EMERGENT CAPITAL, INC.**
**No Liability Claims to be Disallowed and Expunged**
**Schedule 1**

| Name of Claimant | Claim Number | Claim Amount | Reason for Disallowance |
|---|---|---|---|
| HELLERMAN, GERALD 5431 NW 21st Avenue Boca Raton, FL 33496 | 7 | $24,687.74 (General Unsecured) | Claim has no basis in the Debtor's books and records. Supporting documents filed with the proof of claim indicate the claimant is owed compensation as a former director for the Debtor for the third quarter of 2017. The Debtor's books and records reflect that all compensation due and owing to former directors was paid on or about August 24, 2017. Accordingly, the Debtor has no liability for this claim. |
| GOLDSTEIN, PHILLIP 60 Heritage Drive Pleasantville, NY 10570 | 9 | $27,500.00 (General Unsecured) | Claim has no basis in the Debtor's books and records. Supporting documents filed with the proof of claim indicate the claimant is owed compensation as a former director for the Debtor for the third quarter of 2017. The Debtor's books and records reflect that all compensation due and owing to former directors was paid on or about August 24, 2017. Accordingly, the Debtor has no liability for this claim. |
| NATHAN, GILBERT 5431 NW 21st Avenue Boca Raton, FL 33496 | 15 | $28,750.00 (General Unsecured) | Claim has no basis in the Debtor's books and records. Supporting documents filed with the proof of claim indicate the claimant is owed compensation as a former director for the Debtor for the third quarter of 2017. The Debtor's books and records reflect that all compensation due and owing to former directors was paid on or about August 24, 2017. Accordingly, the Debtor has no liability for this claim. |

1