# **Exhibit B to Order**

**Exhibit B to Order**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| RED REEF ALTERNATIVE INVESTMENTS, LLC and EMERGENT CAPITAL, INC.,[1] | Case No. 20-12602 (BLS) |
| | Jointly Administered |
| Debtors. | |

**STIPULATION RESOLVING DEBTOR EMERGENT CAPITAL, INC.'S FIRST (SUBSTANTIVE) OMNIBUS OBJECTION TO CERTAIN NO LIABLITY CLAIMS**

This Stipulation (the "Stipulation") is entered into by and among Emergent Capital, Inc., the above-captioned reorganized debtor in this chapter 11 case ("Emergent" or the "Debtor"), and Gerald Hellerman ("Claimant," and together with the Debtor, the "Parties"), based on the following facts:

RECITALS

1. On October 15, 2020, Emergent and Red Reef Alternative Investment, LLC ("Red Reef") commenced their cases by each debtor filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. On October 26, 2020, Imperial Premium & Finance, LLC ("Imperial") commenced its case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code (together with the cases filed by Emergent and Red Reef, the "Chapter 11 Cases").

---

[1] The last four digits of each Debtor's taxpayer identification number are: Red Reef Alternative Investments, LLC (0302) and Emergent Capital, Inc. (3473). The location of the Debtors' service address for purposes of these cases is 1200 North Federal Highway, Suite 200, Boca Raton, FL 33432. The Red Reef Alternative Investments, LLC case was closed on July 27, 2021. See [Docket No. 223].

DOCS_DE:236204.1

3. In accordance with the *Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 36], the Chapter 11 Cases of Emergent and Red Reef were consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015. The Chapter 11 Case of Imperial Premium was not jointly administered with the Chapter 11 Cases of Emergent and Red Reef. Both the Red Reef and Imperial cases are now closed. *See* [Docket No. 223].

4. On December 30, 2020, the Bankruptcy Court entered the *Order Confirming Debtor Emergent Capital, Inc.'s Second Amended Chapter 11 Plan of Reorganization* [Docket No. 184] (the "Confirmation Order"). Pursuant to the Confirmation Order, the Bankruptcy Court confirmed the *Debtor Emergent Capital, Inc.'s Second Amended Chapter 11 Plan of Reorganization* [Docket No. 167] (the "Plan").

5. The Plan became effective on April 7, 2021, and as a result, the Plan has been substantially consummated, as that term is defined by section 1101(2) of the Bankruptcy Code. *See Notice of Occurrence of Effective Date of Debtor Emergent Capital, Inc.'s Second Amended Chapter 11 Plan of Reorganization and (II) Bar Dates for Filing Certain Claims* [Docket No. 1551] ("Notice of the Effective Date").

6. Pursuant to the Plan, the Debtor was authorized to, among other things, file, withdraw, or litigate to judgment objections to Claims or Equity Interests. (*See* Plan, Art. VIII.A.)

7. On December 8, 2020, Claimant filed Claim No. 7 with the Bankruptcy Court, asserting, among other things, a general unsecured claim in the amount of $24,687.74 (the "Claim").

8. On August 10, 2021, the Debtor filed its *First (Substantive) Omnibus Objection To Certain No Liability Claims* [D.I. 227] (the "Claims Objection").

9. The Claimant provided an informal response to the Claims Objection.

10. The Parties have engaged in settlement discussions and negotiations, and now seek to settle, compromise, and resolve their disputes relating to the Claim.

### STIPULATION

NOW, THEREFORE, the Parties, intending to be legally bound upon the joint execution and Bankruptcy Court approval of this Stipulation, agree as follows:

1. Effective Date. The "Effective Date" of the Stipulation shall be the date the Bankruptcy Court enters an order approving this Stipulation.

2. Allowance of Chapter 11 Claim. Upon the Effective Date, the Claim shall be allowed in the amount of $12,187.74 (the "Allowed Claim").

3. Payment of Allowed Claim. The Allowed Claim shall be paid via wire transfer pursuant to wire instructions provided by the Claimant or in any other instance, by check on or before September 30, 2021. The date that the Allowed Claim is paid in full shall be referred to herein as the "Final Payment Date."

4. Withdrawal of Proof of Claim. Upon the Final Payment Date, the Claim shall be deemed withdrawn with prejudice.

5. Release of Claims by Claimant. Upon the Final Payment Date, the Claimant irrevocably waives, releases, and discharges all claims, obligations, suits, judgments, remedies, damages, demands, debts, rights, causes of action, and liabilities against the Debtor, the Debtor's bankruptcy estate, the Debtor's affiliates and subsidiaries, and their respective present and former employees, agents, attorneys, consultants, financial advisors, and insurers (each in their

capacity as such) (collectively, the "Debtor Released Parties") that Claimant has, may have, or is entitled to assert, whether known or unknown, liquidated or unliquidated, fixed or contingent, foreseen or unforeseen, matured or unmatured, in law, equity, or otherwise, against the Debtor Released Parties based in whole or in part upon any act or omission, transaction, or occurrence taking place on or prior to the Effective Date in connection with the Debtor and/or the above-captioned chapter 11 cases; provided, however, that nothing herein shall affect the Claimant's right under paragraph 2 of this Stipulation; provided further, that nothing herein shall be deemed to be a release of any claims or obligations of any Party arising under or in connection with this Stipulation.

6. Release of Claims by Debtor. Upon the Final Payment Date, the Debtor irrevocably waives, releases, and discharges all claims, obligations, suits, judgments, remedies, damages, demands, debts, rights, causes of action, and liabilities against Claimant that the Debtor has, may have or is entitled to assert, whether known or unknown, liquidated or unliquidated, fixed or contingent, foreseen or unforeseen, matured or unmatured, in law, equity, or otherwise, against the Claimant based in whole or in part upon any act or omission, transaction, or occurrence taking place on or prior to the Effective Date; provided, however, nothing herein shall be deemed to be a release of any claims or obligations of any Party arising under or in connection with this Stipulation.

7. Notwithstanding the foregoing, or any other provision of this Stipulation, the mutual releases granted by the Parties under paragraphs 5 and 6 of this Stipulation shall be effective only upon approval by the Bankruptcy Court and final payment of the Allowed Claim.

8. The person who executes this Stipulation by or on behalf of each respective Party represents that he/she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

9. In executing the Stipulation, each of the Parties represents and warrants, for itself, that: (a) it does so with full knowledge of its available rights, (b) it is not relying and has not relied upon any representations made by any person with regard to the Stipulation, other than any written representations and agreements contained herein, (c) it has had available to it such information as it or its counsel considered necessary to making an informed judgment concerning the Stipulation, and (d) it has conducted such investigation as it or its counsel deemed appropriate regarding the settlement and its rights and asserted rights in connection with the matters that are the subject of the Stipulation.

10. The Claimant represents and warrants that it has not assigned any claims giving rise to the Allowed Claim.

11. Each of the Parties shall each bear their own costs and expenses with respect to this Stipulation.

12. This Stipulation constitutes the entire agreement between the Parties with respect to the subject matter hereof, and all prior agreements, negotiations, and understandings with respect to the subject matter hereof are canceled and superseded by the Stipulation.

13. This Stipulation may not be varied in its terms by an oral agreement or representation and may be varied in its terms only by an instrument in writing of subsequent date hereof executed by all of the Parties.

14. This Stipulation shall be governed by the internal laws of the State of Delaware and shall be construed and interpreted in accordance with its laws, notwithstanding its conflict of

laws, principles or any other rule, regulation or principle that would result in the application of any other state's law.

15. Should any provision of this Stipulation be held by any court of competent jurisdiction to be illegal, invalid, or unenforceable for any reason, then the remaining portions of this Stipulation will nonetheless remain in full force and effect, unless such portion of the Stipulation is so material that its deletion would violate the obvious purpose and intent of the Parties.

16. The Parties agree that no breach of any provision of this Stipulation can be waived except in writing. The waiver of a breach of any provision of this Stipulation shall not be deemed a waiver of any other breach of any provision hereof.

17. This Stipulation may be executed in multiple counterparts, any of which may be transmitted by electronic mail, and each of which shall be deemed an original, but all of which together shall constitute one and the same Stipulation.

*[Remainder of page intentionally left blank]*

Dated: September 28, 2021

PACHULSKI STANG ZIEHL & JONES LLP

/s/ Colin R. Robinson
Richard M. Pachulski (CA Bar No. 62337)
Maxim B. Litvak (CA Bar No. 215852)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box. 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
E-mail:     rpachulski@pszjlaw.com
            mlitvak@pszjlaw.com
            crobinson@pszjlaw.com

*Counsel for the Debtor*

Dated:  September 28, 2021

_____
Gerald Hellerman