IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| RED REEF ALTERNATIVE INVESTMENTS, LLC and EMERGENT CAPITAL, INC.,[1] | Case No. 20-12602 (BLS) |
| | Jointly Administered |
| Debtors. | **Ref. Docket No. 228** |

## ORDER AND FINAL DECREE CLOSING REMAINING CHAPTER 11 CASE

The above-captioned debtor (the "Debtor"), having filed a motion (the "Motion")[2] seeking a final decree closing the remaining chapter 11 case of Emergent Capital, Inc., Case No. 20-12602 (BLS) ("Emergent") pursuant to section 350(a) of chapter 11, title 11 of the United States Code as amended (the "Bankruptcy Code") and Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 3022-1; and it appearing that Emergent's chapter 11 case has been fully administered as required by Bankruptcy Code section 350(a) and Bankruptcy Rule 3022, making no further administration necessary; and after due deliberation and sufficient cause appearing therefore, IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      The remaining chapter 11 case of Emergent Capital, Inc., Case No. 20-12602 (BLS), is hereby closed effective as of the entry of this Final Decree.

3.      Notwithstanding Section 349 of the Bankruptcy Code, all stipulations, settlements, rulings, orders and judgments ("Case Orders") of this Court made during the course

---

[1]  The last four digits of each Debtor's taxpayer identification number are:  Red Reef Alternative Investments, LLC (0302) and Emergent Capital, Inc. (3473).  The location of the Debtors' service address for purposes of these cases is 1200 North Federal Highway, Suite 200, Boca Raton, FL 33432. On July 28, 2021, the Court entered an order dismissing the chapter 11 case of Red Reef Alternative Investments, LLC [Docket No. 223].

[2]  All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

of the chapter 11 case of Emergent shall survive and remain in full force and effect, shall be

unaffected by the dismissal of the Debtor's chapter 11 case, and are specifically preserved for

purposes of finality of judgment and *res judicata*.

4.     The Debtor shall provide to the U.S. Trustee all quarterly reports not

already filed, including reports for any partial quarter, within 21 days after entry of this Order,

and pay any fees due to the U.S. Trustee pursuant to 28 U.S.C. § 1930, including fees for

disbursements up through the date of entry of this Order, even if for a partial quarter ("Quarterly

Fees"), within 28 days after entry of this Order; provided, however, that if the Debtor seeks to

dissolve prior to 21 days after the entry of this Order, such Debtor shall pay all Quarterly Fees to

the U.S. Trustee prior to dissolving

5.     Pursuant to Local Rule 2002-1(f)(ix), within twenty-eight (28) days of

entry of this Final Decree, the Debtor, or Kurtzman Carson Consultants LLC ("KCC"), to the

extent it received any claims in its capacity as administrative advisor to the Debtor, shall (a)

forward to the Clerk of the Court an electronic version of all imaged claims, (b) upload the

creditor mailing list into CM/ECF, and (c) docket a Final Claims Register in this case containing

all claims.  The Debtor shall box and deliver all original claims to the Philadelphia Federal

Records Center, 14470 Townsend Road, Philadelphia, Pennsylvania 19154 and docket a

completed SF-135 Form indicating the accession and location numbers of the archived claims.

6.     No later than three (3) business days following the entry of this Order, the

Debtor shall file a notice of dismissal of the Debtor's chapter 11 case (the "Dismissal Notice")

on the docket of the above-captioned chapter 11 case and serve the Dismissal Notice on:

(a) the U.S. Trustee; (b) any federal, state or local governmental agency to the extent required by

the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and

2

Procedure of the United States Bankruptcy Court for the District of Delaware or order of the Court; (c) any party that has requested notice pursuant to Bankruptcy Rule 2002 at the time of noticing; and (d) all other creditors and indenture trustees in accordance with Bankruptcy Rule 2002(f)(2).

7.     The Debtor is authorized and empowered, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Final Decree.

8.     Notwithstanding anything to the contrary, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

9.     This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation, implementation, and/or enforcement of this Final Decree.

**Dated: September 30th, 2021**
**Wilmington, Delaware**

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

DOCS_DE:235571.3 23629/002